UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | CASE NO. 1:21-cr-491 |
| CHARLES SCOTT, et al. | ) | |
| | ) | |
| Defendants. | ) | |

# DEFENDANT CHARLES SCOTT'S MOTION TO SEVER HIS CASE FROM PAUL SPIVAK'S

Pursuant to the Sixth Amendment of the United States Constitution, Defendant Charles Scott, through undersigned counsel, moves this Court for an order severing his case from Paul Spivak's due to statements Spivak made to undercover FBI agents as described in the accompanying Memorandum.

Dated: January 9, 2024

Respectfully submitted,

*/s/ David M. DeVillers*
David M. DeVillers (0059456)
BARNES & THORNBURG LLP
41 South High Street, Suite 3300
Columbus, Ohio 43215-6104
Telephone: (614) 628-0096
Facsimile: (614) 628-1433
david.devillers@btlaw.com

William R. Martin (Ohio Bar No. 0033955)
BARNES & THORNBURG LLP
555 12th Street N.W., Suite 1200
Washington, D.C. 20004
Telephone: (202) 289-1313
Facsimile: (202) 289-1330
billy.martin@btlaw.com

*Attorneys for Defendant Charles Scott*

1

## **MEMORANDUM**

Between March and June, 2021, undercover FBI agents captured several in-person and telephone conversations with Mr. Scott's co-defendant Paul Spivak, in which Spivak made incriminating statements against Mr. Scott. Specifically, Spivak informed the undercover agents that Mr. Scott was one of Spivak's "trusted friends" who was holding USLG stock with the plan of selling it when the price increased in order to make a profit, and in various ways directly implicates Mr. Scott by name as a participant in Spivak's "pump-and-dump" scheme alleged in the indictment. Significantly, Mr. Scott was not a participant in any of these conversations. A summary of these recordings is attached hereto as Exhibit A, which has been filed under seal pursuant to Local Criminal Rules 16.1 and 49.4.[1] The government has indicated its intent to admit these out-of-court hearsay statements into evidence. Thus, if Spivak and Mr. Scott stand trial joined as co-defendants, there will be a heightened risk of prejudice against Mr. Scott resulting from the admission of Spivak's hearsay statements. Accordingly, Mr. Scott's case must be severed from Spivak's under Federal Rule of Criminal Procedure 14(a).

Federal Rule of Criminal Procedure 14(a) gives this Court broad authority to sever defendants "if joinder of . . . defendants in an indictment . . . appears to prejudice a defendant" and that prejudice outweighs the economy of a joint trial. "A decision to grant or deny a motion to sever under Rule 14(a) is left to the discretion of the trial court." *U.S. v. Mohammad*, 2012 WL 4483544, at *2 (citing *United States v. Lopez*, 309 F.3d 966, 971 (6th Cir. 2002); *United States v. Anderson*, 89 F.3d 1306, 1312 (6th Cir. 1996)). Mr. Scott need not show that prejudice *will* result from a joint trial; he need only show that "joint trial may appear to risk prejudice" to him. *United States v. Lane*, 474 U.S. 438, 449 n.12 (1986).

---

[1] Also pursuant to Local Criminal Rule 16.1, the Defendant respectfully requests that Exhibit A remain under seal until a trial or finding of guilt.

The Sixth Circuit has held that a "strong showing of prejudice is required to justify severance." *United States v. Hessling*, 845 F.2d 617, 619 (6th Cir. 1988) (internal quotations omitted). Accordingly, "a district court should grant severance under Rule 14 . . . only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *U.S. v. Kincaide*, 145 F.3d 771, 780 (internal quotations omitted). "Such a risk *would* occur when evidence that is inadmissible against one defendant if tried alone is admitted against a codefendant," which "would allow the prosecution to circumvent the rules by trying such individuals together." *U.S. v. Pierce*, 62 F.3d 818, 830 (6th Cir. 1995) (citing *Zafiro v. United States*, 506 U.S. 534 (1993) (emphasis added)).

Such are the circumstances of the present case: if the government enters evidence admissible against his codefendant, Mr. Scott will suffer the prejudicial effects of the jury having heard highly prejudicial evidence that would be inadmissible against him were he tried alone. Spivak's out-of-court statements, while admissible as to him, would constitute inadmissible hearsay as to Mr. Scott. The Sixth Circuit has granted severance for this reason. *See U.S. v. Breinig*, 70 F.3d 850, 853 (6th Cir. 1995) (reversing district court's denial of motion for severance and finding prejudice due to admission of evidence which was, as to one co-defendant, "impermissible and highly inflammatory evidence[.]"). Furthermore, even if such evidence were to be admitted against Mr. Scott, joinder of Mr. Scott and Spivak in the same trial would prevent the jury from separating the evidence against Spivak from Mr. Scott, making it impossible for the jury to make a reliable judgment about Mr. Scott's guilt or innocence. Spivak mentions Mr. Scott by name several times and makes specific, purportedly factual statements regarding Mr. Scott's actions with respect to the alleged scheme in a manner highly prejudicial to Mr. Scott. The fact that Spivak may

3

not testify, leaving Mr. Scott without the ability to cross examine Spivak as to these statements, only adds to the prejudice Mr. Scott would suffer in a joint trial. See, e.g., *United States v. Lopez*, 915 F. Supp. 891, 901 (E.D. Mich. 1996) (granting severance where defendant would be unable to cross-examine codefendant regarding prejudicial evidence).

For the reasons explained above, limiting instructions would do little in eliminating the potential for prejudice to Mr. Scott; admission of such highly prejudicial, and likely otherwise inadmissible evidence would prevent the jury from making a reliable judgment as to Mr. Scott's guilt or innocence. *See Lopez*, 915 F. Supp. at 901 (granting severance because "less drastic measures, such as limiting instructions, will not suffice to cure this substantial risk of prejudice" to one defendant from the introduction of admissible evidence against another defendant). The Supreme Court has recognized that

> [a] co-defendant in a conspiracy trial occupies an uneasy seat. There generally will be evidence of wrongdoing by somebody. It is difficult for the individual to make his own case stand on its own merits in the minds of jurors who are ready to believe that birds of a feather are flocked together. If he is silent, he is taken to admit it and if, as often happens, codefendants can be prodded into accusing or contradicting each other, they convict each other.

*Krulewitch v. United States*, 336 U.S. 440, 454 (1949). The very real risk that evidence admissible against only one defendant will be wrongfully used by a jury to convict another defendant is grounds enough to grant severance under this Court's discretion. Accordingly, Mr. Scott respectfully moves this Court for an order severing his trial from Spivak's.

4

        Respectfully submitted,

*/s/ David M. DeVillers*
David M. DeVillers (0059456)
BARNES & THORNBURG LLP
41 South High Street, Suite 3300
Columbus, Ohio  43215-6104
Telephone:     (614) 628-0096
Facsimile:      (614) 628-1433
david.devillers@btlaw.com

William R. Martin (Ohio Bar No. 0033955)
BARNES & THORNBURG LLP
555 12th Street N.W., Suite 1200
Washington, D.C. 20004
Telephone:     (202) 289-1313
Facsimile:      (202) 289-1330
billy.martin@btlaw.com

*Attorneys for Defendant Charles Scott*

## CERTIFICATE OF SERVICE

I certify that on January 9, 2024, a copy of the foregoing Motion will be served on the counsel of record by operation of the Court's ECF filing system.

                                                          */s/ David M. DeVillers*

# EXHIBIT A

**[Filed Under Seal Pursuant to Local Criminal Rules 16.1 and 49.4]**