UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | CASE NO. 1:21-cr-491 |
| CHARLES SCOTT, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**<u>DEFENDANT CHARLES SCOTT'S REPLY IN SUPPORT OF MOTION TO SEVER</u>**

Defendant Charles Scott, through undersigned counsel, hereby submits this Reply to the Government's Omnibus Response in Opposition to Defendants' Multiple Pretrial Motions (ECF No. 303), in support of his Motion to Sever (ECF No. 275).

Dated: March 29, 2024                           Respectfully submitted,

*/s/ David M. DeVillers*
David M. DeVillers (0059456)
BARNES & THORNBURG LLP
41 South High Street, Suite 3300
Columbus, Ohio 43215-6104
Telephone:     (614) 628-0096
Facsimile:     (614) 628-1433
david.devillers@btlaw.com

William R. Martin (Ohio Bar No. 0033955)
BARNES & THORNBURG LLP
555 12th Street N.W., Suite 1200
Washington, D.C. 20004
Telephone:     (202) 289-1313
Facsimile:     (202) 289-1330
billy.martin@btlaw.com

*Attorneys for Defendant Charles Scott*

1

**MEMORANDUM**

On January 9, 2024, Mr. Scott filed a motion to sever his case from co-defendant Paul Spivak's pursuant to Federal Rule of Criminal Procedure 14(a) because of the prejudicial effect of the government's use of incriminating statements made by Spivak to undercover agents implicating Mr. Scott in Spivak's "pump-and-dump" scheme alleged in the indictment. ECF No. 275 ("Motion to Sever"). On March 16, 2024, the government filed an omnibus opposition brief in response to various pretrial motions by the defendants, including Mr. Scott's Motion to Sever. ECF No. 303 ("Response Brief"). While the government admits that the statements at issue are prejudicial to Mr. Scott (Resp. Br. at 15), it nonetheless contends that they are not a sufficient reason for a separate trial because (1) the statements are admissible as coconspirator statements under Federal Rule of Evidence 801(d)(2)(E), and (2) the statements are not confessions and therefore do not implicate the *Bruton* rule. *Id*. Neither of these reasons sufficiently negates the heightened risk of prejudice Mr. Scott will face if he stands trial with Spivak joined as co-defendants; therefore, Mr. Scott's case must be severed from Spivak's under Rule 14(a).

The government's first argument presupposes its ability to make a threshold showing of the existence of a conspiracy, which is required before co-conspirator statements may be admitted under FRE 802(d)(2)(E). *See U.S. v. Wilson*, 606 F.2d 149, 152 (6th Cir. 1979) ("[B]efore the government can take advantage of the co-conspirator exception to the hearsay rule, it must show by a preponderance of the evidence (1) that a conspiracy existed, (2) that the defendant against whom the hearsay is offered was a member of the conspiracy, and (3) that the hearsay statement was made in the course and in furtherance of the conspiracy."). As mentioned in the Motion to Sever, the government has already indicated its intent to use these statements in evidence. *See* Mot. to Sever at 2. However, it is not a foregone conclusion at this time that Spivak's statements will in

fact be admissible against Mr. Scott as co-conspirator statements at trial, and the risk of heightened prejudice to Mr. Scott based on hearsay statements only admissible against Spivak remains. *See* Mot. to Sever at 3-4. Further, even if the government is able to make a threshold showing of the existence of a conspiracy and the statements become admissible against Mr. Scott as co-conspirator statements, the fact that evidence may be admissible does not negate its prejudicial effect resulting from Mr. Scott's inability to cross-examine Spivak regarding his highly prejudicial, inculpatory statements.

Additionally, the government's argument that the statements do not fall under the *Bruton* rule elevates form over substance: Spivak's statements, while not an explicit admission of guilt, are in effect confessions because they directly implicate him in the alleged pump-and-dump scheme. Further, the government intends to rely on those statements to incriminate Spivak as well as Mr. Scott, who is inculpated by name and other identifying information in those very statements. A review of the summary of the recorded statements at issue (attached to Mr. Scott's Motion to Sever as Exhibit A, which was filed under seal pursuant to Local Criminal Rules 16.1 and 49.4) clearly show the prejudice Mr. Scott will face if the statements are admitted in a joint trial: Spivak mentions Mr. Scott by name several times and makes specific, purportedly factual statements regarding Mr. Scott's actions with respect to the alleged scheme in a manner highly prejudicial to Mr. Scott. This is clearly the type of situation contemplated by *Bruton*, "where the powerfully incriminating extrajudicial statements of a codefendant, who stands accused side-by-side with the defendant, are deliberately spread before the jury in a joint trial . . . It was against such threats to a fair trial that the Confrontation Clause was directed." *Bruton, v. U.S.*, 391 U.S. 123, 136 (1968); *see also id.* at 126 ("'[A] major reason underlying the constitutional confrontation rule is to give a defendant charged with crime an opportunity to cross-examine the witnesses against him.'"

3

(quoting *Pointer v. State of Texas*, 380 U.S. 400, 406-07 (1965)); *U.S. v. Alkufi*, 636 Fed.Appx. 323, 334 (6th Cir. 2016) (observing that the principle under the Sixth Amendment that "[w]here defendants are tried jointly, the prosecution may introduce the statement of a nontestifying codefendant only against the defendant who made the statement and only where the statement does not 'facially incriminate[] the other defendant' . . . stems from the Supreme Court's decision in Bruton v. United States[.]") (quoting *Richardson v. Marsh*, 481 U.S. 200, 207-08 (1987)).

Further, the government's reliance on *Richardson v. Marsh* (481 U.S. 200 (1987)) does nothing to invalidate the application of Bruton to this case because it limits the rule to confessions of a non-testifying co-defendant *that are facially incriminating of another defendant*. See *Richardson*, 481 U.S. 200, 201 (1987) ("[I]n Bruton the codefendant's confession expressly implicated the defendant as his accomplice, whereas [in *Richardson*] the confession *was not incriminating on its face*, but became so only when linked with evidence introduced later in trial.") (emphasis added). Spivak's statements are incriminating of Mr. Scott *on their face*. The government has not indicated that it intends to redact Mr. Scott's name or otherwise protect his identity so as to limit Spivak's incriminating statements just to Spivak. In fact, the government intends to do the opposite and use these statements to incriminate Mr. Scott, putting them squarely under the *Bruton* rule.

For these reasons, and for the reasons set forth in his Motion to Sever, Mr. Scott respectfully moves this Court for an order severing his trial from Spivak's under Rule 14(a).

Respectfully submitted,

*/s/ David M. DeVillers*
David M. DeVillers (0059456)
BARNES & THORNBURG LLP
41 South High Street, Suite 3300
Columbus, Ohio  43215-6104
Telephone:	(614) 628-0096
Facsimile:	(614) 628-1433
david.devillers@btlaw.com

William R. Martin (Ohio Bar No. 0033955)
BARNES & THORNBURG LLP
555 12th Street N.W., Suite 1200
Washington, D.C. 20004
Telephone:	(202) 289-1313
Facsimile:	(202) 289-1330
billy.martin@btlaw.com

*Attorneys for Defendant Charles Scott*

5

## **CERTIFICATE OF SERVICE**

I certify that on January March 29, 2024, a copy of the foregoing Motion will be served on the counsel of record by operation of the Court's ECF filing system.

                                                             */s/ David M. DeVillers*