IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:21 CR 491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | MAG. JUDGE THOMAS PARKER |
| vs. | ) | |
| CHRISTOPHER BONGIORNO, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT, CHRISTOPHER BONGIORO'S REPLY TO THE UNITED STATES' RESPONSE TO DEFENDANTS' MOTION FOR RELIEF FROM PREJUDICIAL JOINDER

The Defendant, Christopher Bongiorno, through undersigned counsel, respectfully files this Reply to the Government's Response to Mr. Bongiorno's Motion for Relief from Prejudicial Joinder, and in support states the following:

1.  The Government has chosen in its Omnibus Reply to combine Chris Bongiorno's Motion for Relief from Prejudicial Joinder with Smirnova's Motion to Bifurcate Counts 48 through 50 from Counts One, and Scott's Motion to Sever his case from Paul Spivak. The Government's combined Response addresses three very distinct and different requests for different types of "severance relief" based upon three completely different factual and legal bases.

2.  Initially, Bongiorno points out that neither Rule 8(a) nor *Bruton*[1] are relied upon by Bongiorno, although these are included in the Government's Omnibus Response.

---

[1] *Bruton v. United States,* 391 U.S. 123 (1968).

CASE NO. 1:21 CR 491
Reply to US Response to Motion
for Relief from Prejudicial Joinder

3. The Government cites to a series of Supreme Court and Sixth Circuit cases which discuss the defendant's obligation to establish prejudice behind his request for relief from prejudicial joinder. Bongiorno does not back down from this challenge, noting that the very title of the Rule requires a showing of prejudice.

4. The Government addresses Bongiorno's Motion with the following: "As to Mr. Bongiorno, the incorporation of allegations that include Bongiorno's name from **two paragraphs** into the allegations of Count Two is simply not substantial prejudice requiring severance -- especially where the indictment itself is not evidence and the issue can be easily remedied." [Emphasis added.] (Government Response, at p. 15.)

5. While not particularly relevant, undersigned counts 8 paragraphs in the introductory 36 paragraphs where Bongiorno is specifically mentioned by incorporation. (See Par 42 of the Second Superseding Indictment.) The reason this number counting is relatively unimportant is because both counts one and two are CONSPIRACY counts, where everyone's words and actions are imputed to the other (once certain basic evidentiary parameters are met). Certainly, the Court has to presume that the Government will reach this standard pretty quickly in considering this Motion. This Second Superseding Indictment is how the Government chose to present the charges. It is how the Grand Jury chose to accept that presentation and it is specifically how these allegations will in fact be presented to the jury. And the Government's Response to this is, " the issue can be easily remedied".

6. Bongiorno goes to great lengths in his Motion to establish the spillover prejudice involved, focusing on the allegations as set forth in the charging documents.

CASE NO. 1:21 CR 491<br>Reply to US Response to Motion<br>for Relief from Prejudicial Joinder

Two separate conspiracies where only Bongiorno is not charged in one, but also where the goals and objects of the conspiracy are identical and the first 36 paragraphs, 8 of which specifically reference Bongiorno, are included in both conspiracy counts.

7. Yet, the Government fails to address any of these critical issues because they <u>cannot</u> be "easily remedied".

8. It is for these reasons that the Supreme Court in *Richardson v. Marsh,* 481 U.S. 200 (1987), *Zafiro v. United States,* 506 U.S. 534, 537 (1993) and accompanying Sixth Circuit case law cited in Defendant's initial pleading ALL focus on the prejudicial spillover effect concerning the similarity and differences between the evidence in the two different counts which pose a serious risk at a joint trial of compromising the right of the Defendant to a RELIABLE JUDGMENT about guilt or innocence.

Dated this 5th day of April, 2024.

Respectfully submitted,

   *s/Michael J. Rosen*
Michael J. Rosen, Esq.
Fla. Bar Number 183719
Michael J. Rosen, P.A.
*Counsel for Christopher Bongiorno*
100 SE 2nd Street, Suite 3400
Miami, Florida 33131
Email: MJR@mjrosenlaw.com
Tel: 305.446.6116
Fax: 305.448.1782

CASE NO. 1:21 CR 491<br>Reply to US Response to Motion<br>for Relief from Prejudicial Joinder

## CERTIFICATE OF SERVICE

A copy of the foregoing was filed electronically this 5th day of April, 2024 with the Clerk of Court using the CM/ECF system. Service will be made through the Court's CM/ECF system on all parties and attorneys so registered, and all parties may access this filing through the Court's system.

<i>s/Michael J. Rosen</i><br><i>Attorney for Christopher Bongiorno</i>