IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL SPIVAK, et al. | ) | SECOND NOTICE OF DISCOVERY |
| | ) | STATUS |
| Defendants. | ) | |

The United States of America, by and through undersigned counsel, hereby respectfully submits notice that the Government has continued to substantially comply with and fulfill its discovery obligations, responded to Defendants' discovery requests, and requested reciprocal discovery pursuant to Federal Rule of Criminal Procedure 16(b).

As detailed in its initial Notice of Discovery Status filed on September 8, 2022, the Government has made numerous, organized discovery productions, and included detailed indices where appropriate, to facilitate defense's discovery review. (R. 142: Notice of Discovery Status, PageID 740-41). As the Court is aware, *see United States v. Spivak*, 639 F. Supp. 3d 773 (N.D. Ohio 2022), the Government has worked diligently with both the Court and counsel to discharge its discovery obligations in this case. This includes the Government's duties under *Brady v. Maryland*, 373 U.S. 83 (1963).

To assist defense counsels' ongoing efforts to inform their clients' decisions on whether to proceed to trial, the Government has met and exceeded its legal discovery obligations. On June 13, 2024, the Government presented defense counsel for Defendants Spivak, Smirnova, Scott and Bongiorno an overview of its theory of the case; discussed some of the individuals

involved in the scheme; and provided examples of defendants' statements, potential witness statements, financial transactions, and other probative evidence. In addition, on June 14, 2024, the Government reproduced specific documents and identified the substantive counts to which those documents relate. That voluntary effort is ongoing as the Government continues to identify likely exhibits in advance of trial and evidence from the data extracted from computers seized during the execution of a search warrant at USLG's offices.

The Government remains mindful of its obligations under *Brady*, *Kyles v. Whitley*, 514 U.S. 419 (1995), and *Giglio v. United States*, 405 U.S. 105 (1972) and the requirement to divulge to the defense at or before the time of trial, and in time for effective use at trial, all information subject to disclosure under those authorities. Indeed, the Government believes any *Brady* material would have been produced by the Court's discovery deadline of June 30, 2023, based on our limited understanding of the defense theories without any reciprocal discovery or other disclosures by the defense. As we prepare for trial, of course, any such material—or any material covered by Rule 16 or other discovery obligations—that we discover that has not previously been turned over, will be turned over. Accordingly, the Government confirms compliance with its legal obligations as of the Discovery and Inspection deadline set forth in the Second Amended Pretrial Order and Trial Order. (R. 326, PageID 3196). By submitting this notice, the Government intends to avoid any ambiguity or misunderstanding regarding the types of information provided as of June 14, 2024. The Government understands the Court's Pretrial Order as setting a timetable for the Government to provide information and assistance the undersigned offered to provide throughout the pendency of this case—not as an order requiring the Government to do more than the law requires under Rule 16, *Brady, Kyles, Giglio*, Rule 26.2, or the Jencks Act, 18 U.S.C. §3500 *et seq.*, to which the Government would object.

Specifically, the Government has not interpreted the Court's order to identify known *Brady* material as an order requiring it to identify specific *Brady* material within its broader set of pretrial disclosures. Such an order would impose obligations on the Government in excess of what the law permits. *United States v. Warshak*, 631 F.3d 266, 297-99 (6th Cir. 2010) ("[A]s a general rule, the government is under no duty to direct a defendant to exculpatory evidence within a larger mass of disclosed evidence."). In addition, while the Government has previewed for defense counsel some statements made by potential witnesses as part of its presentation, the Government has the right under the Jencks Act to withhold witness statements until after the witness has testified on direct examination. *United States v. Minsky*, 963 F.2d 870, 876 (6th Cir. 1992); *United States v. Brazil*, 395 F. App'x 205, 215 (6th Cir. 2010); *United States v. Presser*, 844 F.2d 1275, 1283 (6th Cir. 1988) ("The clear and consistent rule of this circuit is that the intent of Congress expressed in the Act must be adhered to and, thus, the government may not be compelled to disclose Jencks Act material before trial.") (citations omitted). If impeachment materials—"even exculpatory impeachment material"—are within the "ambit of the Jencks Act, then the express provisions of the Jencks Act control discovery of that kind of evidence." *Presser*, 844 F.2d at 1283. Courts in this District have reached the same conclusion. *See, e.g.*, *United States v. Mohammad*, No. 1:10CR389 (N.D. Ohio May 8, 2012) (Lioi, J.); *United States v. Hazelwood*, No. 1:10CR150 (N.D. Ohio June 27, 2011) (Oliver, J.). Despite this clear line of cases, the government does not intend, absent unanticipated circumstances, to withhold Jencks material until the close of each witness's direct examination, and expects to turn over Jencks material, at a minimum, on or before the day before each witness testifies. *See, e.g.*, https://www.ohnd.uscourts.gov/sites/ohnd/files/BYP-Criminal-Trial-and-Pretrial-Order.pdf (Pearson, J., Trial Order) ("2. Jencks and Reciprocal Jencks Material: Unless

there is a well-founded concern for the safety of the witness, the parties are strongly encouraged to provide Jencks and reciprocal Jencks material no later than the close of proceedings the day before the witness is expected to testify.").

Finally, the Government previously requested reciprocal discovery. The defendants have not produced any discovery to the Government. Pursuant to Rule 16(b), the Government requested of the defendants all discovery to which the Government is entitled under the Rule, in addition to the expert disclosures required under Rule 16(b)(1)(C), as ordered by the Court. (R. 326, PageID 3197). The Government also requested notification of any intended alibi defense to the crimes alleged in the Second Superseding Indictment, pursuant to Rule 12.1(a)(1).

        Respectfully submitted,

        REBECCA C. LUTZKO
        United States Attorney

By:   /s/ Alejandro A. Abreu
        Alejandro A. Abreu (OH: 0089477)
        Assistant United States Attorney
        United States Court House
        801 West Superior Avenue, Suite 400
        Cleveland, OH 44113
        (216) 622-3620
        (216) 522-2403 (facsimile)
        Alejandro.A.Abreu@usdoj.gov