IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL SPIVAK, ET AL., | ) | MOTION FOR RECONSIDERATION OF |
| | ) | DISMISSAL OF COUNTS 48 AND 50 |
| Defendants. | ) | |

The United States of America, by and through undersigned counsel, respectfully moves the Court to reconsider its Order granting Defendant Paul Spivak's motion to dismiss Counts 48 and 50 of the Second Superseding Indictment in this case for two main reasons. First, the Court's finding that the government did not oppose Spivak's dismissal motion was factually incorrect. Second, "[a]s the Supreme Court has explained, courts have an independent obligation to get the law right in criminal cases." *United States v. Jones*, 53 F.4th 414, 417 (6th Cir. 2022) (citing *Young v. United States*, 315 U.S. 257, 258–59 (1942)). Because Spivak's dismissal motion was without merit, this Court should deny it.

I.  **BACKGROUND**

Defendant Spivak and his co-defendants collectively filed eight substantive pretrial motions, including three motions to dismiss, with prejudice, nearly every count of the Second Superseding Indictment for failure to state a claim. (R. 283, 284, 285). The United States opposed all of the pretrial motions, including Spivak's claims related to Counts 48 and 50, in an omnibus response. (R. 303: Response in Opposition). Defendant Spivak filed a reply to the government's opposition, which argued, in part, that the Court should grant his motion to dismiss

Counts 48 and 50 based on the government's failure to oppose the motion. (R. 308: Omnibus Reply to Response in Opposition). Shortly thereafter, on April 25, 2024, the Court presided over nearly three and a half hours of oral argument on all of the pretrial motions. (R. 319).

Regarding the motions to dismiss that alleged the charged counts failed to state a claim, the Court heard argument on each of the three motions, beginning with the motion to dismiss Count One and its related substantive offenses, and concluding with argument regarding the motion to dismiss Counts 48 and 50. (R. 319: Apr. 25, 2024 Mot. Hr'g Tr., PageID 3018-3103). The United States opposed Spivak's dismissal motions on the record during this proceeding. (*Id.*, PageID 3101-03). On May 31, 2024, the Court issued an Order that, relevant to the instant motion, granted Spivak's motion to dismiss Count 48 and 50, and finding that the United States failed to oppose Spivak's motion to dismiss and waived its opposition. (R. 327: Omnibus Order and Opinion, PageID 3240). The Court's order did not specify whether the Court dismissed the counts with or without prejudice. (*See id.*).

    A.    THE CHARGES

        1.    Count 48: Conspiracy to Obstruct Justice

On July 29, 2023, a federal Grand Jury returned a true bill that charged Spivak with violating 18 U.S.C. §1512(k) after determining there was probable cause that Spivak conspired with others to obstruct the administration of justice. Specifically, the Grand Jury found probable cause that between June 21, 2021, and June 28, 2021, Spivak, who was detained after being charged by criminal complaint[1] and arrested, knowingly and voluntarily conspired, and agreed:

---

[1] The Court's Order mistakenly noted Count 48 "charges that, in *September 2020* while he was detained following the *original indictment*," Spivak conspired to obstruct justice. (R. 327, PageID 3235) (mistaken facts italicized). The distinction between charging by criminal complaint and indictment is important background for Spivak's motion to dismiss Count 50 because an indictment is typically sought and returned at the end of an investigation, while the

a. To knowingly intimidate, threaten and corruptly persuade another person, and to attempt to do so, and to engage in misleading conduct toward another person, with intent to influence, delay and prevent the testimony of a person in an official proceeding, that is, a hearing before a Magistrate Judge of the District Court for the Northern District of Ohio, in violation of Title 18, United States Code, Section 1512(b)(1);

b. To knowingly intimidate, threaten and corruptly persuade another person, and to attempt to do so, and engage in misleading conduct toward another person with intent to hinder, delay and prevent the communication to a law enforcement officer of information relating to the commission and possible commission of a federal offense, in violation of Title 18, United States Code, Section 1512(b)(3);

c. To corruptly obstruct, influence and impede, and to attempt to do so, an official proceeding, that is, a hearing before a Magistrate Judge of the District Court for the Northern District of Ohio, in violation of Title 18, United States Code, Section 1512(c)(2);

d. To intentionally harass another person in an attempt to hinder, delay, prevent and dissuade any person from attending and testifying in an official proceeding; and reporting to a law enforcement officer and judge of the United States the commission and possible commission of a federal offense, all in violation of Title 18, United States Code, Section 1512(d).

(R. 206, ¶ 60(a)-(d), PageID 1448-49).  In short, Count 48 charged Spivak with conspiring to commit four distinct criminal acts enumerated in Title 18 of the United States Code under subsections 1512(b)(1), (b)(3), (c)(2), and (d), while detained after being charged by criminal complaint. (*Id.*).

      2.      Count 50:  Obstruction of a Federal Investigation

A Grand Jury also determined there was probable cause to believe that Spivak obstructed a federal investigation. As alleged in the Second Superseding Indictment, on June 10, 2021, Spivak directed others to remove computers from his home the day before the FBI was scheduled to conduct a consent search on June 11, 2021. (R. 206, ¶ 93-95, PageID 1459-63). The

---

government may seek a criminal complaint to intervene in imminent or on-going criminal activity while law enforcement continues to investigate.

Grand Jury's charge included the allegation that Spivak, "act[ed] in relation to and in contemplation of a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States . . . [and did so] . . . with the intent to impede, obstruct, and influence the investigation and proper administration of that matter." (R. 206, ¶ 95, PageID 1463).

B. PRETRIAL LITIGATION

1. Spivak's Motion to Dismiss

With respect to Count 48, Spivak's core argument was that dismissal was required because Count 48 charged "lawful conduct." (R. 285: Motion to Dismiss, PageID 2325). Spivak correctly noted that the Sixth Amendment affords criminal defendants certain rights to defend themselves, including but not limited to, the right to call witnesses, present evidence and present a defense to the charges against them. (*See id.*, PageID 2319, 2325 (citing collected cases)). Therefore, according to Spivak, he cannot be convicted with obstruction because the Sixth Amendment protected his right to "marshal evidence to defend himself." (*Id.*, PageID 2326)

To reach that conclusion, Spivak argued that "the recorded jail calls do not demonstrate any attempt to intimidate, threaten, or corruptly persuade anyone," (*Id.*, PageID 2327); and that the charge is infirm because Count 48 "does not adequately allege[] that Spivak or anyone else in the alleged conspiracy sought to violate any provision of 18 U.S.C. §1512." (*Id.*). Spivak's argument addressed what it considered fatal flaws in the charged conspiracy that required pretrial dismissal:

i. As to 18 U.S.C. §1512(k): "There is nothing in Count Forty-Eight that suggests Spivak had an agreement with anyone."

ii. As to 18 U.S.C. §1512(b)(1): "There is no suggestion that Spivak reached an agreement with someone else to use intimidation, threats, or corruption."

iii. As to 18 U.S.C. §1512(b)(3): "Count Forty-Eight shows that instead of attempting to 'delay' or 'prevent' the communication of information to law enforcement, Spivak encouraged such communication. . . ."

4

    iv.    As to 18 U.S.C. §1512(c)(2): "[T]here is nothing in Count Forty-Eight that suggests that Spivak 'corruptly' sought to interfere with an official proceeding."[2]

    v.    As to 18 U.S.C. §1512(d): "A 'single meeting' does not constitute harassment under the statute."

(*Id.*, PageID2329-30). To be sure, Spivak reiterated the basis of his motion,

> There is simply nothing in Count Forty-Eight that suggests that Spivak conspired with another person to "harass" the witness. Spivak sought to have someone reach out to the witness to get testimony about the relevant acts. Nothing suggests that Spivak intended to harass this witness. Allowing this count to go forward on the facts alleged would criminalize the act of finding evidence to support one's criminal defense.

(*Id.*, PageID2330).

Regarding Count 50, Spivak's argument is concise. "There was no investigation of Spivak's residence by the FBI to obstruct." (*Id.*, PageID 2332).

    2.    <u>The United States' Opposition</u>

Undersigned counsel, on behalf of the United States, filed one written response opposing all of Defendants' motions. (R. 303: Omnibus Response in Opposition). At the beginning of its response in opposition, the Government argued that "[t]he [pretrial] motions should *all be denied*." (*Id.*, PageID 2821 (emphasis added)). The Government's opposition listed the motions to dismiss made by the various defendants noting the moving defendant, the relief requested, and the basis for the request. (*See id.*). Relevant here, the Government noted that Spivak filed a

---

[2] Spivak raised the argument that Section 1512(c)(2) is limited by its terms to documents and objects. Since the Court's Order and Opinion, the Supreme Court issued its decision in *Fischer v. United States*, holding that Section 1512(c)(2) requires the government to "establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or as we earlier explained, other things used in the proceeding, or attempted to do so." No. 23-5572, 2024 WL 3208034, at *10 (U.S. June 28, 2024). Count 48 does not run afoul of *Fischer* as the charge explicitly alleged the acts Spivak and others took, with corrupt intent, in furtherance of the conspiracy, including seeking a sworn statement for submission to the Court to help secure his release from detention. (R. 206, PageID 1452-54).

Motion to Dismiss, docket number 285, that requested the Court dismiss Counts 48 and 50 pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v), alleging a defect in instituting the prosecution, specifically, the failure to state an offense. (*Id.*). The Government opposed this motion on the merits:

> All of the motions should be denied because they incorrectly apply the law and raise evidentiary questions of fact to be determined by the jury at trial or challenged by an appropriate motion for judgment of acquittal according to Fed. R. Crim. P. 29.
>
> . . . .
>
> Between the three motions, the moving Defendants argue that they have been charged with counts that fail to state a claim, charge legal conduct, and are vague. . . . Their remedy to these alleged issues is for the Court to dismiss the charges (except Counts 13, 23, 43, and 49) with prejudice.

(*Id.*). To support its position, the Government cited *Hamling v. United States*, in which the Supreme Court explained what information was required for an indictment or charge to be sufficient. (*Id.* (citing 418 U.S. 87, 117 (1974))). Also cited in the Government's opposition is the Sixth Circuit's recent application of that standard. (*Id.* (citing *United States v. Howard*, 947 F.3d 936, 942 (6th Cir. 2020))). In opposition to Spivak's motion, the Government contended that "[t]he Second Superseding Indictment against the moving Defendants meets the[] requirements" set forth in *Hamling*. (*Id.*; *cf.* R. 285, PageID 2328 ("Count Forty-Eight cannot state a charge for conspiracy to commit witness tampering because it does not adequately allege[] that Spivak or anyone else in the alleged conspiracy sought to violate any provision of 18 U.S.C. § 1512.")).

       3.    <u>Defendants' Reply</u>

Defendant Spivak filed an omnibus reply to the Government's opposition. With respect to Counts 48 and 50, Spivak's substantive argument was that the Government could not prove the charged conduct. (*See* R. 309: Reply to Opposition (sealed), pg. 18 ([Count 48] "should be

dismissed because the [Second Superseding Indictment] alleges no evidence . . . ."; "Count [50] . . . must be dismissed because there as no pending investigation at the time for Spivak to impede.")). He also argued that the Government failed to respond to the motion, which was grounds for the Court to consider any opposition waived. (*Id.*).

    4.    <u>Oral Argument</u>

On April 25, 2024, the Parties spent multiple hours arguing their respective positions to the Court—first on Count 1 and its substantive counts, then Count 2 and its substantive counts, then on Counts 48 and 50, before moving on to the remainder of the pretrial motions. (R. 319: Apr. 25, 2024 Mot. Hr'g Tr., PageID 3099-3103). Counsel for Defendant Spivak again argued that Count 48 failed to state an offense because it charged legal conduct, and that Count 50 ought to be dismissed because there was no investigation. (*Id.*, PageID 3099-3100). Counsel also argued that the Government did not respond to Defendant Spivak's motion so his motion should be granted because the Court should find the Government to have waived any opposition. (*Id.*, PageID 3100).

In response, undersigned counsel, stated his contention that the United States "did respond to [the] motions" in the omnibus response. (*Id.*, PageID 3101:5-6). Undersigned counsel candidly stated that "the Government's response does not address the factual disputes that the defendant makes." (*Id.*, PageID 3101). Over the next few minutes, counsel explained how its "response la[id] out what is required under the law to allege a crime in Count 1, Count 2, and all the conspiracy counts, Count 1, Count 2, Count 48." (*Id.*, PageID 3101:23-3102:1). Government counsel argued that another way to understand Spivak's argument that Count 48 should be dismissed because Spivak was exercising his right to defend himself, is that the charge should be dismissed because he did not have the specific intent to commit the crime. (*Compare id.*, PageID 3099:18-25 (Defense Counsel: "Essentially what the Government is trying to do is criminalize

7

the right to defend oneself by finding witnesses to go talk to the FBI. If you actually look at the indictment itself, it says 'Find this person and tell them go talk to the FBI,' and that's charged as a conspiracy to witness tamper . . . I don't know how a grand jury returned an indictment on that."), *with id.*, PageID 3102:8-13 (Government Counsel: "[Defense Counsel's argument] that the defendant[] believed that [the charged conduct] is a legal act. The other way to say that is . . . 'my client didn't have the specific intent to commit a crime.' That's a factual issue.")).

With respect to Count 50, obstruction of a federal investigation, Government counsel noted the question of whether there was or was not an investigation then pending (which, as the Court noted in its Order, is not required) was, again, a factual issue for the Government to prove and for the jury to decide. (*Id.*, PageID3102:21-3103:22).

### 5. The Court's Order and Opinion

The Court held that it would not reach the merits of Mr. Spivak's motion regarding Count 48 and 50. Instead, it agreed with the Defendant's position that the Government did not respond to the motion to dismiss, ruling that the Government's brief was "limited to the argument to 'the charging language of Counts One and Two in the Second Superseding Indictment. It does not address Count 48 or its underlying facts. Regarding Count 50, the United States at oral argument contended that there was an ongoing federal investigation that falls within the FBI's jurisdiction, but otherwise did not explain where its brief opposed Mr. Spivak's motion to dismiss Count 50." (R. 327, PageID 3239). On that basis, applying the law the Court found applied to the facts, "the Court read[] the United States' failure to oppose Mr. Spivak's motion to dismiss Count 48 and Count 50 as a decision not to proceed with those charges" and granted Defendant Spivak's motion to dismiss Counts 48 and 50. (*Id.*).

8

## II. ARGUMENT

The United States respectfully requests this Court reconsider the factual and legal findings underpinning its decision to dismiss Counts 48 and 50. On reconsideration, the Court should deny Defendant's motion to dismiss. In the alternative the United States requests that this Court clarify that its ruling amounted to a dismissal without prejudice of Counts 48 and 50.

### A. THE COURT'S DECISION WAS BASED ON A MISTAKE OF FACT.

The Court's decision to grant the motion to dismiss Counts 48 and 50 based on a finding that Government counsel did not oppose the motion and made a choice not to oppose the motion is belied by the plain text of the Government's omnibus response in opposition. The Government's omnibus response shows that it did oppose Defendant Spivak's motion to dismiss Counts 48 and 50. The response contained a clear request that the Court deny all of the pretrial motions. (R. 303: Government Response, PageID 2821). It explicitly listed the motions to dismiss Counts 48 and 50 as one to which it was responding, and again urged the Court that the subject motion, along with the other motions to dismiss based on the same argument—that the charges fail to state an offense—be denied. (R. 303, PageID 2821). Further, the Government's response provided the controlling law that required the motion be denied. (*Id.*, PageID 2822).

Here, the law was clear, the Defendant's argument had no merit, as recognized by the Court, (R. 327: Order, PageID 3237-38), and the Government's legal argument was the same as the one it already advanced regarding the other motions to dismiss. Each of Spivak's three motions to dismiss—arguing the conspiracy and substantive counts should be dismissed because they failed to state an offense—had no merit because they "dispute the prosecution's version of the facts." (*Id.*, PageID 3227). As this Court recognized, "[s]uch disputes belong to the jury." (*Id.*).

9

At oral argument counsel explained that the subject motions should be denied for the same reason the Court should deny the other two motions to dismiss: Disputed facts are for the jury to decide. (R. 319: Apr. 25, 2024 Mot. Hr'g Tr., PageID 3099-3103). *See* Background, *infra*, Section I(A)(4). For Count 48, Spivak argued the charge failed to properly allege Spivak had the necessary intent to commit the crimes that are the object of the conspiracy. (*See* R. 285, Page ID 2327; R. 308, PageID 2959 (". . . should be dismissed because the SSI alleges no evidence that Spivak conspired to, or intended to, threaten, intimidate, harass or corrupt anyone")). For Count 50, Spivak did not even try to disguise his argument as a legal one. He simply contests a factual allegation. (*See* R. 285, PageID 2331-32; *see also* R. 308, PageID 2959 ("Count [50] . . . must be dismissed because there was no pending investigation at the time for Spivak to impede")). The majority of the Government's response in opposition is dedicated to the standards of pleading in criminal cases and emphasizing what the Court correctly noted in its Order with respect to the other two motions: "The facts alleged sufficiently make out violations of [] federal [] law[]. Of course, the jury might or might not find that the prosecution proves its case beyond a reasonable doubt. But that decision ultimately rests with the jury." (R. 327: Order, PageID 3233-34). The Government may not have made the point as eloquently as the Court did, but Government made that argument, and that argument disposes of the motion.

The Court should reconsider its Order granting Spivak's motion to dismiss because it is based on a mistake of fact. The Government opposed the motion, and there was no waiver.

  B.  THE COURT ERRED AS A MATTER OF LAW

    1. Courts have a duty in criminal cases to get the law right.

Notwithstanding the Government's response, and the general rule regarding the proper role of the court in civil and criminal cases as described in the Court's Order (R. 327, PageID 3240), the Court cannot ignore the law and grant a motion that should be denied. This is

10

especially true in criminal cases. "As the Supreme Court has explained, courts have an independent obligation to get the law right in criminal cases." *United States v. Jones*, 53 F.4th 414, 417 (6th Cir. 2022) (citing *Young v. United States*, 315 U.S. 257, 258–59 (1942)).

In *Jones*, the defendant appealed his conviction to the Sixth Circuit and submitted a brief that "clearly and cogently explained why he believed he was entitled to [his requested] remedy." *Id.* The Government responded with a single sentence asserting the defendant was not entitled to the relief he requested without any citation or explanation for its position. *Id.* The Sixth Circuit held the United States forfeited its argument for failing to develop any argument against the proposed remedy but held that "the government's error doesn't automatically entitle the defendant to whatever *remedy* he seeks." *Id.* (emphasis in original). Looking to the Supreme Court's opinion in *Young*, the Sixth Circuit noted that "the proper administration of the criminal law cannot be left merely to the stipulations of the parties." *Id*. (quoting *Young* at 259.). As explained by the *Jones* court,

> *Young* is about a stipulation, but it applies just as forcefully to forfeiture. For example, a court could not sentence a defendant to less than the statutory minimum just because the government failed to object. In short, the government's forfeiture does not allow the court to order a remedy that is contrary to law.

*Id.* In recognition of the general rule outlined in the Court's Order, the *Jones* court explained that there are circumstances where the Government can be held to its forfeiture—in cases where the law is not clear. *Id*. at fn. 1. "Courts facing difficult legal questions with uncertain answers need not attempt to figure it all out themselves without the parties' assistance." *Id.* (citing *Brenay v. Schartow*, 709 F. App'x 331, 337 (6th Cir. 2017) ("[I]t is not for the court to search the record and construct arguments. Parties must do that for themselves.")).

Here, however, the law is clear. Even if the Court were correct that the Government failed to oppose the motion, and if it were proper to find it waived its opposition, the Court's

11

decision results in a plain miscarriage of justice because it is contrary to law. Accepting the allegations of the second superseding indictment as true, Spivak's arguments in support of his motion to dismiss have "little merit." (R. 327, PageID 3237). While the Government disputes that Spivak actually raises a valid constitutional challenge to Count 48, the Court correctly notes that exercising one's constitutional rights to defend themselves does not excuse or justify efforts to threaten or intimidate witnesses. (*Id*.). Defendant Spivak's attempt to cloak his true contention that he lacked the intent to intimidate, corrupt or threaten, as a constitutional issue is creative, but ultimately a red herring. Just like the merits of Count 48, "the merits of Count 50 come down to whether the United States can prove the charge at trial, and Mr. Spivak's argument appears to have little merit at first glance." (*Id.*, PageID 3238). Courts have held that such factual challenges to indictments do not give rise to meritorious motions to dismiss. *See., e.g., United States v. Powell*, 823 F.2d 996, 1000 (6th Cir. 1987) ("An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits."); *United States v. Kaley*, 677 F.3d 1316, 1325 (11th Cir. 2012) ("In light of the important historical role of the grand jury as an independent accusatory body, *Costello* [*v. United States*, 350 U.S. 359 (1956)] and its progeny evince a powerful reluctance to allow pretrial challenges to the *evidentiary* support for an indictment.") (emphasis in *Kaley*); *United States v. Moore*, 563 F.3d 583, 586 (7th Cir. 2009) ("Challenging an indictment is not a means of testing the strength or weakness of the government's case, or the sufficiency of the government's evidence.") (citing *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006)). Granting a meritless motion to dismiss based on the government's failure to object was error and should be corrected upon reconsideration of the controlling law.

2. <u>The civil cases cited by the Court do not support its decision to grant Defendant's motion</u>.

Even if it were proper to apply the doctrine of waiver in this situation, the cases cited by Court do not support the Court's decision. The Sixth Circuit explained that its rule that "an argument raised for the first time in a motion for reconsideration is untimely and forfeited on appeal . . . is prudential, not jurisdictional, and can be overlooked 'in exceptional cases' or when the rule would produce a 'plain miscarriage of justice.'" *Allstate Ins. Co. v. Glob. Med. Billing, Inc.*, 520 F. App'x 409, 411 (6th Cir. 2013); *accord Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008) ("[T]he present circumstances are not otherwise exceptional so as to compel our review under *Hood*."); *In re Hood*, 319 F.3d 755, 760 (6th Cir. 2003) ("It is well-settled that this court will not consider arguments raised for the first time on appeal unless our failure to consider the issue will result in a plain miscarriage of justice.").

In *Henry v. Gill Industries, Inc.*, the Ninth Circuit examined the District of Arizona's local rule that permitted courts to find that non-compliance with a requirement to file or serve responsive pleadings could be deemed as consent to denial or granting the motion summarily. 983 F.2d 943, 949 (9th Cir. 1993). There, applying the same principles as the Sixth Circuit, the court noted that while the local rule granted the district court discretion to enforce the rule, "[t]hat discretion, however, is necessarily abused when exercised to grant a motion for summary judgment where the movant's papers are insufficient to support that motion or on their face reveal a genuine issue of material fact." *Id.* at 950; *cf Notredan, L.L.C. v. Old Republic Exch. Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013) (dismissal granted after plaintiff failed to respond to defendant's motion to dismiss only after court finding plaintiff's theory of liability had little merit). As explained below, the Court has applied the same law to the other motions

13

and determined the arguments in this motion have little merit. Granting Spivak's motion is an abuse of the Court's discretion to enforce a waiver.

      C.      DISMISSAL WITHOUT PREJUDICE

This Court should reconsider its prior order and deny Spivak's motion to dismiss Counts 48 and 50. In the alternative, the government requests that this Court clarify that its dismissal order was without prejudice to the Government's ability to reindict those counts. Spivak's motion requested the Court dismiss the two counts with prejudice. (*See e.g.,* R. 285, PageID 2332). The Court's Order granted the motion but was silent as to whether the dismissal was with or without prejudice. (R. 327, PageID 3240, 3256).

Because the Court did not dismiss Counts 48 and 50 based on the merits of Spivak's claims, but rather on its belief that the Government had failed to oppose the motion, the Court *did not hold* that the affected counts failed to state an offense or were otherwise defective. Even in instances in which district courts *have* found defects in indictments, the Sixth Circuit has explained that district courts should dismiss the defective counts without prejudice. *See, e.g., United States v. Blair*, 214 F.3d 690, 701 (6th Cir. 2000) ("It is well established that dismissal of an indictment prior to trial . . . does not bar subsequent prosecution for the offenses described in the indictment."); *id*. ("Any irregularity in an original indictment has no effect on a subsequent indictment.") (citing *United States v. Pi*, 174 F.3d 745, 748 (6th Cir. 1999) (citing, in turn, *United States v. Senak*, 477 F.2d 304, 306 (7th Cir.1973) ("[a] federal grand jury may return a second indictment for the same offense when the first indictment has been dismissed or otherwise found defective"))); *Pi*, 174 F.3d at 748-49 ("Dismissal of an indictment prior to trial simply does not raise any double jeopardy issues and does not bar subsequent prosecution for criminal acts described in that indictment under the doctrine of *res judicata*.") (citing cases so holding). While in rare occasions courts may dismiss counts with prejudice for, e.g., flagrant

prosecutorial misconduct or similar reasons, *see, e.g., United States v. Tucker*, 28 F.3d 1420, 1426 (6th Cir. 1994), there was no such governmental misconduct here. Thus, if this Court were to affirm its prior dismissal of Counts 48 and 50, it should do so without prejudice.

### III.    CONCLUSION

The United States moves the Court to reconsider its Order granting Defendant Spivak's motion to dismiss Counts 48 and 50 because its decision was based on a mistake of fact and law and grants Defendant Spivak a remedy that is contrary to law. Spivak's motion should have been denied, and the Court should reconsider its decision.

Respectfully submitted,

REBECCA C. LUTZKO
United States Attorney

By:   /s/ Alejandro A. Abreu
Alejandro A. Abreu (OH: 0089477)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3620
(216) 522-2403 (facsimile)
Alejandro.A.Abreu@usdoj.gov