IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. 1:21-CR-00491-JPC-2 |
| Plaintiff, | ) JUDGE J. PHILIP CALABRESE |
| v. | ) |
| PAUL SPIVAK, et al., | ) **MOTION OF DEFENDANTS OLGA SMIRNOVA, PAUL SPIVAK, AND CHARLES SCOTT FOR AN ORDER *IN LIMINE* TO PROHIBIT THE GOVERNMENT FROM OFFERING EVIDENCE ABOUT ONE CONSPIRACY AT TRIAL OF THE OTHER CONSPIRACY.** |
| Defendants. | ) |

NOW COME, Olga Smirnova, Paul Spivak, and Charles Scott, by and through undersigned counsel, and, pursuant to Rule 404(b) of the Federal Rules of Evidence, move this Court for an order *in limine* that prohibits the government from offering evidence, testimony, or argument about one conspiracy at trial on the other conspiracy, and other bad acts that have little to do with the charges in the Second Superseding Indictment.

Though the government has yet to provide Defendants any notice of the evidence it seeks to admit pursuant to Rule 404(b), as required by that Rule, the government has implied that it intends to use evidence related to the charges in Phase 2 and Phase 3 to establish guilt for the crimes charged in Phase 1. The government has also suggested that it intends to offer evidence of other uncharged crimes and bad acts.

As detailed in the Memorandum that accompanies this Motion, this Court has already acted to prevent the inherent prejudice that would arise if evidence about one conspiracy is admitted at trial about the other. The government apparently seeks to circumvent that well-reasoned decision by relying on Rule 404(b). Because any such evidence would be significantly more prejudicial than probative, however, this Court should exercise its discretion to preclude such evidence and protect the fundamental fairness of each phase of trial in this case.

Respectfully submitted,

/s/ David Axelrod (with consent)
David L. Axelrod
Lauren W. Engelmyer
Ballard Spahr - Philadelphia
1735 Market Street – 51st Floor
Philadelphia, PA 19103
Telephone: 215.864.8314
Email: axelrodd@ballardspahr.com
Email: engelmyerl@ballardspahr.com

*Attorneys for Defendant Paul Spivak*

/s/ John F. McCaffrey
John F. McCaffrey (0039486)
Melissa Z. Kelly (0077441)
Izaak Horstemeier-Zrnich (0101085)
TUCKER ELLIS LLP
950 Main Ave., Suite 1100
Cleveland, OH 44113
Telephone: 216.696.3486
Facsimile: 216.592.5009
Email: john.mccaffrey@tuckerellis.com
melissa.kelly@tuckerellis.com
izaak.horstemeier-zrnich@tuckerellis.com

*Attorneys for Defendant Olga Smirnova*

/s/ David M. DeVillers (with consent)
David M. DeVillers (0059456)
BARNES & THORNBURG LLP
41 South High Street, Suite 3300
Columbus, Ohio 43215
Telephone: (614) 628-1446
Email: ddevillers@btlaw.com

*Attorney for Defendant Charles Scott*

**MEMORANDUM OF LAW**

## I. Introduction and Background

Counts 1 and 2 of the Second Superseding Indictment ("SSI") allege separate conspiracies to commit securities fraud. Count 1 charges Paul Spivak, Olga Smirnova, Charles Scott and Christopher Bongiorno with conspiracy to commit securities fraud from 2016 through 2019. (*See* SSI, Doc. 206, at ¶¶ 37-41, PageID #1419-1436.) Count 2 alleges that Mr. Spivak, Ms. Smirnova, and Mr. Scott engaged in a conspiracy to commit securities fraud for a shorter period of time two years later—*i.e.,* from February 15, 2021 through June 2021. (*Id.* at ¶¶ 42-46, PageID #1437-1442.) Other counts in the SSI allege various offenses against the individual defendants connected to the conspiracies charged in Counts One and Two. (*See id.* at Counts 5-13, 18-22, 23-43, 44-47, PageID #1443-1447.)[1]

Finally, Mr. Spivak is also charged in Count 49 with a crime related to the government's wrongful attempt to detain Mr. Spivak pending trial (*id.* at Count 49, PageID #1456-1459).[2] The Court dismissed Counts 48 and 50, which also related to that effort. (*See* 5/31/24 Omnibus Opinion and Order, Doc. 327.) (*See* SSI at Counts 48 and 50, PageID #1447-1456, 1459-1463.) In support of Count 49, the SSI quotes multiple recorded conversations between Mr. Spivak—who was detained—and Ms. Smirnova, who is not charged in that Count.

---

[1] The Counts in the SSI are numbered 1-50 but, as the SSI notes, Counts 3-4 and 14-17 are "intentionally omitted." (SSI, Doc. 206, at 35, Page ID #1443.)

[2] The Court ultimately rejected the government's arguments to keep Spivak detained pending trial, though he spent two months imprisoned before he could obtain that relief.

3

### A. The Court Has Already Held That Trying All the Counts in the SSI Together Would Unduly Prejudice Defendants.

This Court has already acknowledged the prejudicial effect of trying all the counts in the SSI in a single trial. In its Order granting motions to bifurcate, the Court described that prejudice, particularly with respect to trying Counts 1 and 2 together:

> Based on its familiarity with the facts charged from its pretrial management of the cases, the Court finds that it will be difficult for a jury to separate Count 1 from Count 2. Notwithstanding the different time periods at issue each charge and the related securities and fraud charges, the allegations involve similar conspiracies, as well as conduct and transactions, beyond the ken of a lay jury. Additionally, the conspiracy charges add a layer of complexity. Mr. Bongiorno is charged with only one of the two conspiracies. The obstruction counts threaten to color the actions of all co-Defendants, particularly Ms. Smirnova. At bottom, a fair trial requires that 'a jury consider only relevant and competent evidence bearing on the issue of guilt or innocence' of the accused."

(5/31/24 Omnibus Opinion and Order, Doc. 327 at 42, PageID #3252 (quoting *Bruton v. United States*, 391 U.S. 123, 131 n.6 (1968).) To prevent prejudice to the Defendants, the Court decided that this case "will proceed in three stages—*first*, Count 1 and its related fraud charges; *second*, Count 2 and its related fraud charges; and *third*, Count 49. *Id.*

Recently, the government sought reconsideration of the Court's commonsense decision to avoid prejudice to the Defendants by trifurcating the trial, asking instead that the Court sever Mr. Bongiorno from the other Defendants for trial. (*See* Gov't Mot. for Recons., Doc. 339; Gov't Suppl. Mot. for Recons., Doc. 356.) That briefing makes it apparent that the government intends to circumvent this Court's ruling by introducing

4

evidence related to one conspiracy at a separate trial of the other conspiracy, an attempt to buoy a glaring lack of evidence:

> The other Defendants [other than Bongiorno] are not similarly situated; the events of the first conspiracy are relevant, probative, and admissible against Spivak, Smirnova, and Scott to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, and lack of accident for all of the charged counts. *See* Federal Rule of Evidence [*sic*] 404(b). That is particularly true where the Defendants made statements about their conduct in the first conspiracy while committing the second. And it goes the other way too. Evidence from the second conspiracy is relevant to the first conspiracy to prove, among other things, knowledge and intent under Rule 404(b). **The Government intends, consistent with the Rules of Evidence, to seek the admission of evidence from the second conspiracy, including statements made by the Defendants, to prove state of mind and for other permissible purposes in its presentation of the case-in-chief of the first conspiracy.**

(Gov't Mot. for Recons., Doc. 339, at 3, PageID #3311 (emphasis added); *see also* Gov't Suppl. Mot. for Recons., Doc. 356, at 4, PageID #3489 ("[T]here is a lot of probative evidence for Count 1 arising out of the events alleged as part of Count 2 . . . that is admissible under Rule 404(b).").)

### B. The Government's New Exhibit List Suggests the Government Seeks to Convict Defendants Based on Uncharged Conduct

On July 27, 2024, the government provided Defendants with a new exhibit list. This exhibit list included approximately 600 new exhibits, including evidence apparently related to other crimes and bad acts that appears to bear no relation to the counts actually charged in the SSI.

5

### C. The Government Has Not Provided A 404(b) Notice As Required by Law.

Despite its apparent intention to rely upon Rule 404(b) evidence—and with trial set to commence in two weeks on August 19th — the government has not yet provided the notice required by Rule 404(b)(3), despite the fact that Ms. Smirnova requested such evidence in her Rule 16 request on November 18, 2021. The recently-produced exhibit list does not address Rule 404(b)(3). Absent that notice, the Defendants are not able to address whether specific items of evidence will survive scrutiny under Rule 404(b). To preserve their objections to the admission of inadmissible other acts evidence, however, they seek the Court's order *in limine* that: (1) expressly prohibits the government from offering evidence, testimony, and/or argument about one conspiracy at trial on the other conspiracy; and (2) prohibits the government from offering evidence, testimony, and/or argument about uncharged crimes and other alleged bad acts.

## II. Law and Argument

Federal Rule of Evidence 404(b)(1) prohibits the government from offering "[e]vidence of any other crime, wrong or act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Rule 404(b) plays an important role in our justice system—particularly in criminal cases—by restricting the admission of evidence that suggests that a party has a propensity to commit a crime or wrongful act. *See, e.g., United States v. Hazelwood*, 979 F.3d 398, 410 (6th Cir. 2020). The danger in such evidence is patent. "The rules exclude evidence of character because 'the risk that a jury will convict for crimes other than those charged—or that, uncertain of guilt, it will convict anyway because a bad

6

person deserves punishment—creates a prejudicial effect that outweighs ordinary relevance.'" *Id.* (quoting *Old Chief v. United States*, 519 U.S. 172, 180-81 (1997)).

### A. The Court Should Exclude the Admission of Evidence Related to Phases 2 and 3 in Phase 1.

The government's recent briefing and exhibit list make it clear that it intends to offer other acts evidence in this case—*i.e.,* that it will rely upon evidence related to the conspiracy alleged in Count 2 during the separate trial on Count 1, and vice versa. And it is also clear that the government assumes that such evidence will be admissible under the exceptions set forth in Rule 404(b)(2). *See* Fed. R. Evid. 404(b)(2) ("This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.").)

Because the government has not provided any notice under Rule 404(b)(3), despite Ms. Smirnova's written request for such evidence on November 18, 2021, it is impossible to assess whether its other acts evidence will satisfy any of the exceptions set forth in Rule 404(b)(2).[3] But even if the government's proposed evidence does fall within one of the uses set forth in the Rule, its admission is not automatic. Even where other acts evidence is probative of those subjects, a district court must still consider whether to exclude it under Rule 403 because its probative value is substantially outweighed by the danger of unfair prejudice, confusion, or misleading the jury. *See, e.g., United States v. Asher*, 910 F.3d 854, 860 (6th Cir. 2018).

The Court has significant discretion to exclude evidence under Rule 403. *United States v. Newsom*, 452 F.3d 593, 603 (6th Cir. 2006). Here, the danger of prejudice is

---

[3] Defendants are not waiving their right to respond to the government's Rule 404(b) Notice. They reserve their right to challenge whatever evidence the government identifies in that notice, within a timeframe determined by this Court.

7

significant, as this Court has already recognized in trifurcating the trial on charges set forth in the SSI. The standard for exclusion under Rule 403 bear this out. Evidence is "unfairly prejudicial" and subject to exclusion when it "tends to suggest a decision on an improper basis." *United States v. Schrock*, 855 F.2d 327, 335 (6th Cir. 1988). This "risk is heightened when the prior act is much like the charged conduct." *United States v. Asher*, 910 F.3d 854, 862 (6th Cir. 2018). "When jurors hear that a defendant has on [other] occasions committed essentially the same crime for which he is on trial, the information unquestionably has a powerful and prejudicial impact." *United States v. Jenkins*, 593 F.3d 480, 486 (6th Cir. 2010).

Here, the danger posed by the admission of evidence from one conspiracy at trial on the other is patent because Counts 1 and 2 both involved alleged conspiracies to commit securities fraud related to the sale of stock of USLG. As this Court noted, because of these charges, a jury could easily be confused and conflate or combine the two conspiracies. That same prejudice arises if the government is allowed to offer evidence about Count 49, which is to be tried in Phase 3, into evidence in Phases 1 and 2. For example, the recorded phone calls transcribed in Count 49 include Ms. Smirnova, who is not charged in that Count. This Court has already noted that evidence about Count 49 "particularly" threatens "to color" the jury's perception of her actions. (5/31/24 Omnibus Opinion and Order at 42, PageID #3252.).

In sum, evidence about one conspiracy poses substantial risk of prejudice if admitted in trial on the other conspiracy. Indeed, this Court recognized as much in its ruling on the motions to bifurcate. (*See* 5/31/24 Order, Doc. 327 at 42, PageID #3252 ("[T]he allegations involve similar conspiracies, as well as conduct and transactions, beyond the ken of a lay jury. Additionally, the conspiracy charges add a layer of

8

complexity.").) Because evidence about Count 1 will involve acts that are "much like the charged conduct" in Count 2 (and vice versa), the risk of prejudice "is heightened." *Asher*, 910 F.3d at 862. If jurors hear that the Defendants committed other acts that essentially constitute the same crime as alleged in Count 1, that information will "powerful[ly] and prejudicial[lly] impact" the jury's decision making, *Jenkins*, 593 F.3d at 486, and invite a verdict on an improper basis, *Schrock*, 855 F.2d at 335.

### B. The Court Should Exclude Evidence of Alleged Uncharged Crimes and Other Bad Acts.

As described above, the government's exhibit list suggests that the government will attempt to portray Paul Spivak as a bad person by introducing evidence related to alleged uncharged crimes and other bad acts. For instance, the government's exhibit list includes a reference to financial accounts held by a "Carol Reith." Ms. Reith is Paul Spivak's mother and the government has never alleged, suggested, or charged Mr. Spivak with using his position within USLG to benefit Ms. Reith or anyone else. However, it now appears that the government intends to show that Ms. Reith received USLG funds and stock. The government's motive is clear. It intends to introduce this evidence to suggest that Mr. Spivak is a bad person. There can be no other explanation for why the government would include this purported evidence on its exhibit list.

Rule 404(b) explicitly precludes the government from introducing evidence of bad character. For this reason, the Court should prohibit the government from introducing other bad act evidence.

### III. Conclusion

This Court has already determined that evidence about one conspiracy is inherently prejudicial at trial about the other. The government apparently seeks to

9

circumvent that well-reasoned decision by relying on Rule 404(b). This Court must not undo the important safeguards set in place by its decision on the motions to bifurcate by allowing the government to offer evidence about one conspiracy at trial of the other. Accordingly, Ms. Smirnova and Mr. Spivak respectfully request that the Court issue order *in limine* that prohibits the government from offering evidence, testimony, or argument about one conspiracy at trial on the other conspiracy.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| /s/  David Axelrod (with consent)<br>David L. Axelrod<br>Lauren W. Engelmyer<br>Ballard Spahr -  Philadelphia<br>1735 Market Street – 51st Floor<br>Philadelphia, PA  19103<br>Telephone:   215.864.8314<br>Email: axelrodd@ballardspahr.com<br>Email: engelmyerl@ballardspahr.com<br><br>*Attorneys for Defendant Paul Spivak* | /s/  John F. McCaffrey<br>John F. McCaffrey (0039486)<br>Melissa Z. Kelly (0077441)<br>Izaak Horstemeier-Zrnich (0101085)<br>TUCKER ELLIS LLP<br>950 Main Ave., Suite 1100<br>Cleveland, OH 44113<br>Telephone:    216.696.3486<br>Facsimile:     216.592.5009<br>Email:          john.mccaffrey@tuckerellis.com<br>                     melissa.kelly@tuckerellis.com<br>                     izaak.horstemeier-zrnich@tuckerellis.com<br><br>*Attorneys for Defendant Olga Smirnova* |

/s/ David M. DeVillers (with consent)
David M. DeVillers (0059456)
BARNES & THORNBURG LLP
41 South High Street, Suite 3300
Columbus, Ohio 43215
Telephone:  (614) 628-1446
Email: ddevillers@btlaw.com

*Attorney for Defendant Charles Scott*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2024 a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ John McCaffrey*
John F. McCaffrey (0039486)

*One of the Attorneys for Defendant Olga Smirnova*
