IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL SPIVAK, ET AL., | ) | <u>JOINT AND SEPARATE PROPOSED</u> |
| | ) | <u>JURY INSTRUCTIONS AND VERDICT</u> |
| Defendants. | ) | <u>FORMS</u> |

The United States of America, by and through its counsel, Rebecca C. Lutzko, United

States Attorney, and Elliot Morrison, Megan R. Miller, and Stephanie A. Wojtasik, Assistant

U.S. Attorneys, and David Axelrod and Lauren Engelmyer, Attorneys for Defendant Paul

Spivak, John McCaffrey, and Izaak Horstemeier-Zrnich, Attorneys for Defendant Olga

Smirnova, and David DeVillers and David Slovick, Attorneys for Defendant Charles Scott,

respectfully request that the Court charge the jury with the following instructions. Each

instruction is designated as either jointly proposed, proposed by the government, or proposed by

defense. The parties present these in one document, in what is expected to be the order of

reading, so that the Court can review the instructions in context, both where there is agreement

and where there are disputes. Similarly, the charges for all counts are presented in one set of

instructions to avoid repetition in the review process, recognizing that a trifurcated trial requires

narrowing the instructions for each phase.

The parties have also submitted verdict forms.

Respectfully submitted,

REBECCA C. LUTZKO
United States Attorney

By:  /s/ Megan R. Miller
Elliot Morrison (OH: 0091740)
Megan R. Miller (OH: 0085522)
Stephanie A. Wojtasik (OH: 0097858)
Assistant United States Attorneys
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3919/3855/3856
(216) 522-2403 (facsimile)
Elliot.Morrison@usdoj.gov
Megan.R.Miller@usdoj.gov
Stephanie.Wojtasik@usdoj.gov
*Counsel for government*

/s/ David L. Axelrod
David L. Axelrod (Admitted Pro Hac
Vice) Lauren W. Engelmyer (Admitted
Pro Hac Vice) BALLARD SPAHR LLP
1735 Market Street
Philadelphia, PA 19103
Telephone: 215.864.8639
Facsimile: 215.864.8999
axelrodd@ballardspahr.com
engelmyerl@ballardspahr.com
*Counsel for Defendant Paul Spivak*

/s/ David M. DeVillers
David M. DeVillers (0059456)
David Slovick (Admitted Pro Hac Vice)
BARNES & THORNBURG LLP
41 South High Street, Suite 3300
Columbus, Ohio 43215-6104
Telephone: (614) 628-0096
Facsimile: (614) 628-1433
david.devillers@btlaw.com
dslovick@btlaw.com
*Counsel for Defendant Charles Scott*

/s/ John F. McCaffrey
John F. McCaffrey (0039486)
Izaak Horstemeier-Zrnich (0101085)
TUCKER ELLIS LLP
950 Main Ave., Suite 1100
Cleveland, OH 44113
Telephone: 216.696.3486
Facsimile: 216.592.5009
john.mccaffrey@tuckerellis.com
izaak.horstemeierzrnich@tuckerellis.com
*Counsel for Defendant Olga Smirnova*

## <u>INDEX OF PROPOSED JURY INSTRUCTIONS</u>

JOINTLY PROPOSED INSTRUCTIONS ........................................................................ 6

General Principles-Introduction (Jointly Proposed) ........................................................ 6

Jurors' Duties (Jointly Proposed)................................................................................... 7

Presumption of Innocence, Burden of Proof, Reasonable Doubt (Jointly Proposed)..................... 8

Evidence Defined (Jointly Proposed) ............................................................................ 10

Consideration of Evidence (Jointly Proposed) ............................................................... 11

Direct and Circumstantial Evidence (Jointly Proposed)................................................... 12

Credibility of Witnesses (Jointly Proposed) .................................................................. 13

Number of Witnesses (Jointly Proposed) ...................................................................... 15

Defining the Crime and Related Matters-Introduction (Jointly Proposed)................................ 17

Separate Consideration – Multiple Defendants Charged with Different Crimes (Jointly Proposed) ............................................................................................................................. 18

On or About (Jointly Proposed)................................................................................... 19

Inferring Required Mental State (Jointly Proposed)........................................................ 20

Use Of The Word "And" In The Indictment (Jointly Proposed) ....................................... 21

Charges Set Forth in Second Superseding Indictment (Jointly Proposed) ......................... 22

Introduction to Elements Instructions:.......................................................................... 23

Statute Defining the Offense (Jointly Proposed) ............................................................ 25

Elements of Conspiracy to Commit Securities Fraud – 18 U.S.C. § 371 (Jointly Proposed) ...... 26

Agreement (Jointly Proposed) ..................................................................................... 27

Defendants' Connection to the Conspiracy (Jointly Proposed)......................................... 28

Overt Acts (Jointly Proposed)..................................................................................... 29

Unindicted, Unnamed, or Separately Tried Co-Conspirators (Jointly Proposed) ...................... 30

Multiple Conspiracies – Material Variance from the Indictment (Defense Proposed) .............. 31

Statute Defining the Offense (Jointly Proposed) ............................................................ 32

Elements of Securities Fraud – 15 U.S.C. § 78j(b) (Government Proposed) ............................. 34

Securities Fraud Generally (Defense Proposed) ............................................................. 35

First Element – Fraudulent Act (Jointly Proposed) ........................................................ 37

Device, Scheme, or Artifice to Defraud (Government Proposed) ...................................... 38

False Statements and Omissions (Government Proposed) ................................................ 39

"In Connection With" (Government Proposed)................................................................ 40

Material Fact (Government Proposed)........................................................................... 42

Second Element – Knowingly, Willfully, and With Intent to Defraud (Government Proposed). 44

Third Element – Instrumentality of Interstate Commerce (Jointly Proposed)............................. 48

Aiding and Abetting Securities Fraud (Government Proposed) ................................................. 50

Statute Defining the Offense (Jointly Proposed) ................................................................... 51

Elements of Wire Fraud (Government Proposed) ................................................................... 52

Additional Definitions for Wire Fraud (Jointly Proposed) ...................................................... 53

Aiding and Abetting Wire Fraud (Government Proposed)......................................................... 55

Fraud – Good Faith Defense (Government Proposed) ............................................................. 56

Entrapment (Defense Proposed) ......................................................................................... 57

Statute Defining the Offense (Jointly Proposed) ................................................................... 59

Elements of False Declarations Before the Court (Jointly Proposed) ........................................ 60

First Element – Oath (Jointly Proposed)............................................................................... 61

Second Element – Falsity (Jointly Proposed) ....................................................................... 62

Need for Unanimity (Jointly Proposed)............................................................................... 63

Ambiguous Questions and Answers (Jointly Proposed).......................................................... 64

Unresponsiveness or Literal Truth Is Not Falsity (Jointly Proposed).......................................... 65

Third Element – Materiality (Jointly Proposed) .................................................................... 66

Fourth Element – Knowingly (Jointly Proposed) ................................................................... 67

Proof of Intent (Government Proposed) ............................................................................... 68

Defendant's Election Not to Testify or Present Evidence (If applicable) (Jointly Proposed)...... 69

Defendant's Testimony (If applicable) (Jointly Proposed)......................................................... 70

Opinion Testimony (If Applicable) (Jointly Proposed) ............................................................. 71

Witness Testifying to Both Facts and Opinions (If Applicable) (Jointly Proposed) .................. 72

Impeachment by Prior Inconsistent Statement Not Under Oath (If applicable) (Jointly Proposed) ................................................................................................................................. 73

Impeachment of Defendant by Prior Conviction (If applicable) (Jointly Proposed).................... 74

Impeachment of a Witness Other Than Defendant by Prior Conviction (Jointly Proposed)........ 75

Testimony of a Witness Under Grant of Reduced Criminal Liability (Jointly Proposed) ........... 76

Testimony of an Accomplice (Jointly Proposed).................................................................... 77

Character and Reputation of Defendant (If applicable) (Jointly Proposed) ............................... 78

Summaries and Other Materials Not Admitted in Evidence (If applicable) (Jointly Proposed).. 79

Secondary – Evidence Summaries Admitted in Evidence (Jointly Proposed) ............................ 80

iv

Other Acts of Defendants (Government Proposed) ...................................................... 81

Deliberate Ignorance (Government Proposed) .......................................................... 82

Concealment of Evidence (Government Proposed) ..................................................... 83

Transcriptions Of Recordings (Jointly Proposed) ...................................................... 84

Separate Consideration - Evidence Admitted Against Certain Defendants Only ...................... 85

Judicial Notice (If applicable) (Jointly Proposed) ...................................................... 86

Stipulations (If applicable) (Jointly Proposed) .......................................................... 87

Deliberation and Verdict – Introduction (Jointly Proposed) ........................................... 88

Experiments, Research, Investigation and Outside Communications (Jointly Proposed) ........... 89

Unanimous Verdict (Jointly Proposed) ................................................................... 91

Unanimity Not Required – Means (If Applicable) (Jointly Proposed) ................................ 92

Duty to Deliberate (Jointly Proposed) ................................................................... 93

Punishment (Jointly Proposed) ........................................................................... 94

Verdict Form (Jointly Proposed) ......................................................................... 95

Verdict Limited to Charges Against These Defendants (Jointly Proposed) ........................... 96

Court Has No Opinion (Jointly Proposed) ............................................................... 97

Juror Notes (Jointly Proposed) ........................................................................... 98

Addendum: Proposed Jury Verdict Forms ............................................................... 99

## JOINTLY PROPOSED INSTRUCTIONS

### General Principles-Introduction (Jointly Proposed)

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain the elements, or parts, of the crimes that defendants, PAUL SPIVAK, OLGA SMIRNOVA, and CHARLES SCOTT are accused of committing.

Then I will explain the defendants' position(s).

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

Authority:

Pattern Crim. Jury Inst. 6th Cir. 1.01 (Mar. 2023).

- 6 -

**Jurors' Duties (Jointly Proposed)**

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved each defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

Authority:

Pattern Crim. Jury Inst. 6th Cir. 1.02 (Mar. 2023).

**Presumption of Innocence, Burden of Proof, Reasonable Doubt (Jointly Proposed)**

As you know, each defendant has pleaded not guilty to the crimes charged in the Second Superseding Indictment. The Second Superseding Indictment is not any evidence at all of guilt. It is just the formal way that the government tells each defendant what crimes he or she is accused of committing. It does not even raise any suspicion of guilt.

Instead, each defendant starts the trial with a clean slate, with no evidence at all against him or her, and the law presumes that he or she is innocent. This presumption of innocence stays with him or her unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he or she is guilty.

This means that each defendant has no obligation to present any evidence at all, or to prove to you in any way that he or she is innocent. It is up to the government to prove that he or she is guilty, and this burden stays on the government from start to finish. You must find each defendant not guilty unless the government convinces you beyond a reasonable doubt that he or she is guilty.

The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved each defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

<u>Authority:</u>

Pattern Crim. Jury Inst. 6th Cir. 1.03 (Mar. 2023).

**Evidence Defined (Jointly Proposed)**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; and the stipulations that the lawyers agreed to.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

Authority:

Pattern Crim. Jury Inst. 6th Cir. 1.04 (Mar. 2023).

**Consideration of Evidence (Jointly Proposed)**

You are to consider only the evidence in the case. You should use your common sense in weighing the evidence. Consider the evidence in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, unless otherwise instructed. Any inferences you make must be reasonable and must be based on the evidence in the case.

The existence of an inference does not change or shift the burden of proof from the government to the defendants.

Authority:

Pattern Crim. Jury Inst. 6th Cir. 1.05 (Mar. 2023).

**Direct and Circumstantial Evidence (Jointly Proposed)**

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

<u>Authority:</u>

Pattern Crim. Jury Inst. 6th Cir. 1.06 (Mar. 2023).

**Credibility of Witnesses (Jointly Proposed)**

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was

inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

<u>Authority:</u>

Pattern Crim. Jury Inst. 6th Cir. 1.07 (Mar. 2023).

**Number of Witnesses (Jointly Proposed)**

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

Authority:

Pattern Crim. Jury Inst. 6th Cir. 1.08 (Mar. 2023).

**Lawyers' Objections**

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crimes charged.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

Authority:

Pattern Crim. Jury Inst. 6th Cir. 1.09 (Mar. 2023).

**Defining the Crime and Related Matters-Introduction (Jointly Proposed)**

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.  In a moment, I will explain the elements of the crimes that the defendants are accused of committing.

But before I do that, I want to emphasize that the defendants are on trial for only the particular crimes charged in the Second Superseding Indictment.  Your job is limited to deciding whether the government has proved each crime charged.

Also keep in mind that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider.  The possible guilt of others is no defense to a criminal charge.  Your job is to decide if the government has proved each defendant guilty.  Do not let the possible guilt of others influence your decision in any way.

<u>Authority</u>:

Pattern Crim. Jury Instr. 6th Cir. 2.01 (Mar. 2023).

**Separate Consideration – Multiple Defendants Charged with Different Crimes (Jointly Proposed)**

The defendants have been charged with different crimes.  I will explain to you in more detail shortly which defendants have been charged with which crimes.  But before I do that, I want to emphasize several things.

The number of charges is no evidence of guilt, and this should not influence your decision in any way.  And in our system of justice, guilt or innocence is personal and individual. It is your duty to separately consider the evidence against each defendant on each charge, and to return a separate verdict for each one of them.  For each one, you must decide whether the government has presented proof beyond a reasonable doubt that a particular defendant is guilty of a particular charge.

Your decision on any one defendant or one charge, whether it is guilty or not guilty, should not influence your decision on the other defendants or charges.

<u>Authority</u>:

Pattern Crim. Jury Instr. 6th Cir. 2.01D (Mar. 2023).

**On or About (Jointly Proposed)**

Next, I want to say a word about the dates mentioned in the Second Superseding Indictment. The Second Superseding Indictment charges that the crimes happened "on or about" or "in or around" dates stated for the various counts.  The government does not have to prove that the crimes happened on those exact dates.  But the government must prove that the crimes happened reasonably close to those dates.

<u>Authority</u>:

Pattern Crim. Jury Instr. 6th Cir. 2.04 (Mar. 2023).

## Inferring Required Mental State (Jointly Proposed)

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

Authority:

Pattern Crim. Jury Instr. 6th Cir. 2.08 (Mar. 2023).

**Use Of The Word "And" In The Indictment (Jointly Proposed)**

Although the Second Superseding Indictment charges that the statute was violated by acts that are connected by the word "and," it is sufficient if the evidence establishes a violation of the statute by any one of the acts charged. Of course, this must be proved beyond a reasonable doubt.

<u>Authority</u>:

Pattern Crim. Jury Instr. 6th Cir. 2.12 (Mar. 2023).

**Charges Set Forth in Second Superseding Indictment (Jointly Proposed)**

Defendant PAUL SPIVAK is charged as follows:

- two counts of Conspiracy to Commit Securities Fraud, in violation of Title 18, United States Code, Section 371;
- twelve counts of Securities Fraud, in violation of Title 18, United States Code, Section 78j(b) and Title 17, Code of Federal Regulations, Section 240.10b-5;
- twenty-five counts of Wire Fraud, in violation of Title 18, United States Code, Section 1343; and
- one count of False Declarations Before the Court, in violation of Title 18, United States Code, Section 1623(a).

Defendant OLGA SMIRNOVA is charged as follows:

- two counts of Conspiracy to Commit Securities Fraud, in violation of Title 18, United States Code, Section 371.

Defendant CHARLES SCOTT is charged as follows:

- two counts of Conspiracy to Commit Securities Fraud, in violation of Title 18, United States Code, Section 371;
- two counts of Securities Fraud, in violation of Title 18, United States Code, Section 78j(b) and Title 17, Code of Federal Regulations, Section 240.10b-5; and
- two counts of Wire Fraud in violation of Title 18, United States Code, Section 1343.

Each defendant has pleaded not guilty to the charges set forth against him or her in the

Second Superseding Indictment.

Authority:

Second Superseding Indictment, filed 6/29/2023, Case No. 1:21-CR-491 (U.S. District Court, ND Ohio).

**Introduction to Elements Instructions:**
**Relationship Between Conspiracy and Substantive Offenses**
**(Government Proposed)**

Each defendant has been charged with Conspiracy to commit Securities Fraud.  In some instances, one or more of the defendants are also charged with actually committing Securities Fraud.

Specifically, in Counts 1 and 2, Defendants PAUL SPIVAK, OLGA SMIRNOVA, and CHARLES SCOTT are charged with Conspiracy to commit Securities Fraud in violation of 18 U.S.C. § 371. And in Counts 5-13, 18-20, and 22, Defendants PAUL SPIVAK and CHARLES SCOTT are charged with Securities Fraud in violation of 15 U.S.C. § 78j(b).

In the law an underlying offense is called a "substantive offense." Participating in a conspiracy to commit a substantive offense is an entirely separate and distinct charge from commission of the substantive offense itself.

It is a crime for two or more people to conspire to commit a criminal act even if they never actually achieve their goal. Therefore, to find that there was a conspiracy to commit an offense, all the elements of the underlying substantive offense need not be satisfied. It is enough that the defendant in question entered into a conspiracy which, if successful, would satisfy all of the elements of the substantive offense.

Authority:

*United States v. Bayer*, 331 U.S. 532, 542 (1947) (the agreement to commit a crime, if any overt act is taken in pursuit of it, is punishable whether or not the contemplated crime is consummated); *United States v. Fruehauf Corp.*, 577 F.2d 1038, 1071 (6th Cir. 1978) ("The gist of the crime of conspiracy is the agreement to commit an illegal act, not the accomplishment of the illegal act."); *United States v. Sykes*, 305 F.2d 172, 176 (6th Cir. 1962) (disagreement with defendants' contention that there was no conspiracy to rob a federally insured bank because bank had not been robbed), *rev'd on other grounds*, *Preston v. United States*, 376 U.S. 364 (1964)); *Freeman v. United States*, 146 F.2d 978, 979 (6th Cir. 1945) (conspiracy to commit a crime is different offense from the crime which is the object of the conspiracy); *Moss v. United States*, 132 F.2d 875 (6th Cir. 1943) (same); *United States v. Rosa*, 17 F.3d 1531, 1544 (2d Cir. 1994)

(conspiracy is separate and distinct from substantive offense that is the object of the conspiracy; "what matters in a conspiracy is whether the defendants agreed to commit the underlying offense, not whether their conduct would actually have constituted that offense."); *United States v. Hills*, Case No.: 1:16CR329, (N.D. Ohio) (Lioi, J.).

**Statute Defining the Offense (Jointly Proposed)**

Counts 1-2: Conspiracy to Commit Securities Fraud
18 U.S.C. § 371

Counts 1 and 2 of the Second Superseding Indictment charge defendants PAUL

SPIVAK, OLGA SMIRNOVA, and CHARLES SCOTT with the crime of Conspiracy to commit

Securities Fraud, in violation of Title 18, United States Code, 371.

The relevant statute charged in Counts 1 and 2 of the Second Superseding Indictment is

Title 18, United States Code, Section 371 which provides, in pertinent part:

> If two or more persons conspire either to commit any offense against the United
> States, or to defraud the United States, or any agency thereof in any manner or for
> any purpose, and one or more of such persons do any act to effect the object of the
> conspiracy, each shall be [guilty of a crime].

Authority:

18 U.S.C. § 371; Second Superseding Indictment, filed 6/29/2023, Case No. 1:21-CR-491 (U.S.
District Court, ND Ohio).

**Elements of Conspiracy to Commit Securities Fraud – 18 U.S.C. § 371 (Jointly Proposed)**

Counts 1 and 2 of the Second Superseding Indictment charge defendants PAUL SPIVAK, OLGA SMIRNOVA, and CHARLES SCOTT with conspiring to commit the crime of Securities Fraud in violation of federal law. It is a crime for two or more persons to conspire, or agree, to commit a criminal act, even if they never actually achieve their goal.

A conspiracy is a kind of criminal partnership.  For you to find any one of the defendants guilty of a conspiracy charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

First, that two or more persons conspired, or agreed, to commit the crime of Securities Fraud.

Second, that the defendant knowingly and voluntarily joined the conspiracy.

Third, that a member of the conspiracy did one of the overt acts described in the Second Superseding Indictment for the purpose of advancing or helping the conspiracy.

You must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find any one of the defendants guilty of the conspiracy charge.

Authority:

Pattern Crim. Jury Instr. 6th Cir. 3.01A (Mar. 2023); 18 U.S.C. § 371.

**Agreement (Jointly Proposed)**

With regard to the first element—a criminal agreement—the government must prove that two or more persons conspired, or agreed, to cooperate with each other to commit the crime of Securities Fraud.

This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crime Securities Fraud.  This is essential.

An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

Authority:

Pattern Crim. Jury Instr. 6th Cir. 3.02 (Mar. 2023).

**Defendants' Connection to the Conspiracy (Jointly Proposed)**

If you are convinced that there was a criminal agreement, then you must decide whether the government has proved that the defendant in question knowingly and voluntarily joined that agreement. You must consider each defendant separately in this regard. To convict any defendant, the government must prove that he or she knew the conspiracy's main purpose, and that he or she voluntarily joined it intending to help advance or achieve its goals.

This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he or she was a member of it from the very beginning. Nor does it require proof that a defendant played a major role in the conspiracy, or that his or her connection to it was substantial. A slight role or connection may be enough.

But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he or she approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him or her a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more they are not enough.

A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he or she knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

<u>Authority:</u>

Pattern Crim. Jury Instr. 6th Cir. 3.03 (Mar. 2023).

**Overt Acts (Jointly Proposed)**

The third element that the government must prove is that a member of the conspiracy did one of the overt acts described in the Second Superseding Indictment for the purpose of advancing or helping the conspiracy.

The Second Superseding Indictment lists overt acts. The government does not have to prove that all these acts were committed, or that any of these acts were themselves illegal.

But the government must prove that at least one of these acts was committed by a member of the conspiracy, and that it was committed for the purpose of advancing or helping the conspiracy. This is essential.

Authority:

Pattern Crim. Jury Instr. 6th Cir. 3.04 (Mar. 2023).

**Unindicted, Unnamed, or Separately Tried Co-Conspirators (Jointly Proposed)**

Now, some of the people who may have been involved in these events are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

Nor is there any requirement that the names of the other conspirators be known. An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the government can prove that the defendant conspired with one or more of them. Whether they are named or not does not matter.

<u>Authority:</u>

Pattern Crim. Jury Instr. 6th Cir. 3.06 (Mar. 2023).

**Multiple Conspiracies – Material Variance from the Indictment (Defense Proposed)**

The indictment charges that the defendants were all members of one single conspiracy to commit the crime of _____.

Some of the defendants have argued that there were really two separate conspiracies--one between _____ to commit the crime of _____; and another one between _____ to commit the crime of _____.

To convict any one of the defendants of the conspiracy charge, the government must convince you beyond a reasonable doubt that the defendant was a member of the conspiracy charged in the indictment. If the government fails to prove this, then you must find that defendant not guilty of the conspiracy charge, even if you find that he was a member of some other conspiracy. Proof that a defendant was a member of some other conspiracy is not enough to convict.

But proof that a defendant was a member of some other conspiracy would not prevent you from returning a guilty verdict, if the government also proved that he was a member of the conspiracy charged in the indictment.

Authority:

Pattern Crim. Jury Instr. 6th Cir. 3.08 (Mar. 2023).

**Statute Defining the Offense (Jointly Proposed)**

Counts 5-13, 18-20, and 22: Securities Fraud
15 U.S.C. § 78j(b), 18 U.S.C. § 2, and 17 C.F.R. § 240.10b-5

Counts 5-13, 18-20, and 22 of the Second Superseding Indictment charge defendants

PAUL SPIVAK and CHARLES SCOTT with the crime of Securities Fraud in violation of Title

15, United States Code, Section 78j(b) and Title 17, Code of Federal Regulations, Section

240.10b-5.

The relevant statute charged in Counts 5-13, 18-20, and 22 of the Second Superseding

Indictment is Title 15, United States Code, Section 78j(b).  Title 15, United States Code, Section

78j(b) provides, in pertinent part:

> It shall be unlawful for any person, directly or indirectly, by the use of any means
> or instrumentality of interstate commerce or of the mails, or of any facility of any
> national securities exchange—
>
> To use or employ, in connection with the purchase or sale of any security
> registered on a national securities exchange or any security not so registered, or
> any securities-based swap agreement any manipulative or deceptive device or
> contrivance in contravention of such rules and regulations as the Commission
> may prescribe as necessary or appropriate in the public interest or for the
> protection of investors.

Based on its authority under this statute, the Securities and Exchange Commission enacted Title

17, Code of Federal Regulations, Section 240.10b-5, also known as Rule 10b-5, which provides,

in relevant part, that:

> It shall be unlawful for any person, directly or indirectly, by the use of any means
> or instrumentality of interstate commerce, or of the mails or of any facility of any
> national securities exchange,
>
> (a) To employ any device, scheme, or artifice to defraud,
>
> (b) To make any untrue statement of a material fact or to omit to state a material
> fact necessary in order to make the statements made, in the light of the
> circumstances under which they were made, not misleading, or

- 32 -

(c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

in connection with the purchase or sale of any security.

Title 18, United States Code, Section 2 provides as follows:

Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

<u>Authority:</u>

15 U.S.C. § 78j(b); 18 U.S.C. § 2; 17 C.F.R. § 240.10b-5; Second Superseding Indictment, filed 6/29/2023, Case No. 1:21-CR-491 (U.S. District Court, ND Ohio).

**Elements of Securities Fraud – 15 U.S.C. § 78j(b) (Government Proposed)**

Counts 5-13, 18-20, and 22 of the Second Superseding Indictment charge defendants PAUL SPIVAK and CHARLES SCOTT with the crime of Securities Fraud. To prove either of the defendants guilty of this crime, the government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>, that in connection with the sale of USLG stock, the defendant did any one of the following:

(a)  employed any device, scheme, or artifice to defraud, or

(b)  made any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

(c)  engaged in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of USLG stock.

<u>Second</u>, that the defendant acted willfully, knowingly, and with the intent to defraud; and

<u>Third</u>, that the defendant knowingly used, or caused to be used, any means or instrumentalities of interstate commerce in furtherance of the fraudulent conduct.

<u>Authority</u>:

15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5; *United States v. Petit*, No. 21-543, 2022 WL 3581648, at *3 (2d Cir. Aug. 22, 2022); *United States v. Khalupsky*, 5 F.4th 279, 290 (2d Cir. 2021); 3 Modern Federal Jury Instructions—Criminal, Instruction 57-20 (2024).

**Securities Fraud Generally (Defense Proposed)**
(15 U.S.C. §§ 78j(b), 78ff; 17 C.F.R. § 240.10b-5)

The defendant is charged in [Count _____ of] the indictment with securities fraud in violation of federal securities law. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant willfully [used a device or scheme to defraud someone] [made an untrue statement of a material fact] [failed to disclose a material fact that resulted in making the defendant's statements misleading] [engaged in any act, practice, or course of business that operates or would operate as a fraud or deceit upon any person];

Second, the defendant's [acts were undertaken] [statement was made] [failure to disclose was done] in connection with the [purchase] [sale] of [specify security];

Third, the defendant directly or indirectly used the [specify instrument or facility] in connection with [these acts] [making this statement][this failure to disclose]; and

Fourth, the defendant acted knowingly.

Doing something "willfully" in this context means "a realization on the defendant's part that he was doing a wrongful act under the securities laws, in a situation where the knowingly wrongful act involved a significant risk of effecting the violation that has occurred."

"Knowingly" means [[to make a statement or representation that is untrue and known to the defendant to be untrue] [to fail to state something that the defendant knows is necessary to make other statements true] [to make a statement with reckless disregard as to its truth or falsity] [to fail to make a statement with reckless disregard that the statement is necessary to make other statements true] in respect to a material fact] [intentional conduct that is undertaken to control or affect the price of securities]. [An act is done] [A statement is made] [A failure to disclose is done] knowingly if the defendant is aware of [the act] [making the statement] [the failure to

- 35 -

disclose] and did not [act or fail to act] [make the statement] [fail to disclose] through ignorance, mistake or accident. The government is not required to prove that the defendant knew that [[his] [her] [acts were unlawful] [it was unlawful to make the statement] [[his] [her] failure to disclose was unlawful]. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

["Reckless" means highly unreasonable conduct that is an extreme departure from ordinary care, presenting a danger of misleading investors, which is either known to the defendant or so obvious that the defendant must have been aware of it.]

[A fact is material if there is a substantial likelihood that a reasonable investor would consider it important in making the decision to [purchase] [sell] securities.]

It is not necessary that an untrue statement passed [through] [over] the [specify instrument or facility] so long as the [specify instrument or facility] was used as a part of the [purchase] [sale] transaction.

It is not necessary that the defendant made a profit or that anyone actually suffered a loss.

Authority:

9th Cir. Model Instructions § 9.9 (avail. at https://www.ce9.uscourts.gov/jury-instructions/node/415); *United States v. McGinn*, 787 F.3d 116, 124 (2d Cir. 2015) (defining willfulness in the context of securities fraud)

**First Element – Fraudulent Act (Jointly Proposed)**

The first element that the government must prove is that, in connection with the sale of USLG stock, the defendant did one or more of the following:

(a)     employed any device, scheme, or artifice to defraud, or

(b)     made any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

(c)     engaged in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of USLG stock.

To prove this element, it is not necessary for the government to establish all three types of unlawful conduct in connection with the purchase or sale of USLG stock.  Any one will suffice for a conviction, if you so find, but you must be unanimous as to which type of unlawful conduct you find to have been proven.

Authority:

3 Modern Federal Jury Instructions—Criminal, Instruction 57-21 (2024); *see also United States v. Jean-Pierre*, 1 F.4th 836, 847 (10th Cir. 2021) (explaining that the first element of Securities Fraud can be satisfied by any of the enumerated means); *cf Mathis v. United States*, 579 U.S. 500, 503-06 (2016) (discussing the distinction between elements of a crime and factual means of committing an element of a crime).

**Device, Scheme, or Artifice to Defraud (Government Proposed)**

A device, scheme, or artifice to defraud is merely a plan for the accomplishment of any objective. "Fraud" is a general term that embraces all efforts and means that individuals devise to take advantage of others. The law that the defendant is alleged to have violated prohibits all kinds of manipulative and deceptive acts. The fraudulent or deceitful conduct alleged need not relate to the investment value of the securities involved in this case.

<u>Authority</u>:

3 Modern Federal Jury Instructions—Criminal, Instruction 57.21 (2024).

**False Statements and Omissions (Government Proposed)**

A statement, representation, claim, or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made. A representation or statement is fraudulent if it was falsely made with the intention to deceive. Deceitful statements of half-truths or the concealment of material facts, and the expression of an opinion not honestly entertained may also constitute false or fraudulent statements under the statute.

The deception need not be premised upon spoken or written words alone. The arrangement of the words, or the circumstances in which they are used may convey the false and deceptive appearance. If there is deception, the manner in which it is accomplished is immaterial.

<u>Authority</u>:

2 Modern Federal Jury Instructions—Criminal, Instruction 44-4 (2024).

**"In Connection With" (Government Proposed)**

The "in connection with" aspect of this element is satisfied if there is some nexus or relationship between the allegedly fraudulent conduct and the sale or purchase of securities. Fraudulent conduct may be "in connection with" the purchase or sale of securities if the alleged fraudulent conduct "touched upon" a securities transaction. I instruct you that, as a matter of law, stock or shares in a company constitute securities for purposes of this statute.

It is no defense to an overall scheme to defraud that the defendant was not involved in the scheme from its inception or played only a minor role with no contact with the investors and purchasers of the securities in question. Nor is it necessary for you to find that the defendant was the actual seller or offeror of the securities. It is sufficient if the defendant participated in the scheme or fraudulent conduct that involved the purchase or sale of stock. By the same token, the government need not prove that the defendant personally made the misrepresentation or that he omitted the material fact. It is sufficient if the government establishes that the defendant caused the statement to be made or the fact to be omitted. With regard to the alleged misrepresentations and omissions, you must determine whether the statement was true or false when it was made, and, in the case of alleged omissions, whether the omission was misleading.

<u>Authority</u>:

3 Modern Federal Jury Instructions—Criminal, Instruction 57-21 (2024); 15 USC § 78c(a)(10) (defining a security); *United States v. Shkreli*, Case No. 1:15-CR-637, Draft Jury Instructions, ECF #286 (E.D.N.Y.); *United States v. Petrossi*, Case No. 1:16-CR-234, The Court's Proposed Jury Charge, ECF #252 (E.D.N.Y.); *S.E.C. v. Zandford*, 535 U.S. 813, 822 (2002) ("It is enough that the scheme to defraud and the sale of securities coincide."); *Superintendent of Life Insurance v. Bankers Life & Casualty Co.*, 404 U.S. 6, 12-13 (1971) ("The crux of the present case is that [plaintiff] suffered an injury as a result of deceptive practices touching its sale of securities as an investor."); *United States v. Gruenberg*, 989 F.2d 971, 976 (8th Cir. 1993) (approving a jury instruction stating: "[i]t is not necessary for the Government to prove that a defendant actually participated in any securities transaction if that defendant was engaged in fraudulent conduct that was in connection with a purchase or sale of a security. The "in connection with" aspect of this

element is satisfied if you find that there was some nexus or relation between the allegedly fraudulent conduct and the sale or purchase of securities"); 2B Fed. Jury Prac. & Instr. § 62:11 (6th ed.).

**Material Fact (Government Proposed)**

If you find that the government has established that a statement was false or omitted, you must next determine whether the fact misstated was material under the circumstances.

A material fact is one that would have been significant to a reasonable investor's investment decision.  This is not to say that the government must prove that the misrepresentation would have decided a person of ordinary intelligence.  If you find that there was a material misrepresentation or omission of a fact, it does not matter whether the intended victims were gullible buyers or sophisticated investors, because the securities laws protect the gullible and unsophisticated as well as the experienced investor.

Nor does it matter whether the alleged unlawful conduct was successful or not, or that the defendant profited or received any benefits as a result of the alleged scheme. Success is not an element of the crime charged. However, if you find that the defendant did profit from the alleged scheme, you may consider that in relation to the second element of intent, which I will discuss in a moment.

If you find that the government has not proven this element beyond a reasonable doubt as to a defendant, you must find that defendant not guilty.  On the other hand, if you do find that the government has proven that a fraudulent act was committed by a defendant, then you must consider the second element.

You need not find that the government has proven each of the charged fraudulent acts, but I remind you that you must reach a unanimous decision as to at least one fraudulent act.

<u>Authority</u>:

3 Modern Federal Jury Instructions—Criminal, Instruction 57-21 (2024); *Benzon v. Morgan Stanley Distributors, Inc.*, 420 F.3d 598, 609 (6th Cir. 2005) ((explaining materiality "depends on the significance the reasonable investor would place on the withheld information" and

whether the withheld information "significantly altered the 'total mix' of information made available") (alteration omitted))

**Second Element – Knowingly, Willfully, and With Intent to Defraud (Government Proposed)**

The second element the government must prove beyond a reasonable doubt is that the defendants participated in the scheme to defraud knowingly, willfully, and with intent to defraud.

To act "knowingly" means to act voluntarily and not because of mistake or some other innocent reason.

An act is done "willfully" if it is done knowingly and purposely, with an intent to do something the law forbids, that is to say, with bad purpose either to disobey or to disregard the law.

"Intent to defraud" in the context of the securities laws means to act knowingly and with the intent to deceive.

The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves a person's state of mind. Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past, he committed an act with fraudulent intent. Such direct proof is not required. The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations—his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence—and the rational or logical inferences that may be drawn from that.

I already have instructed you as to what circumstantial evidence is and the inferences that may be drawn from it.  Those instructions also apply here.  What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense."  Using your common sense means that, in deciding whether

the defendant possessed or lacked an intent to defraud, you do not limit yourself to what the defendant said, but you also look at what he did and what others did in relation to the defendant and, in general, everything that occurred.

Circumstantial evidence, if believed, is of no less value than direct evidence.  In either case, the essential elements of the crime charged must be established by the government beyond a reasonable doubt.

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of a defendant is a complete defense to a charge of securities fraud. Under the anti-fraud statutes, an honest belief in the truth of the representations made by a defendant is a complete defense however inaccurate the statements may turn out to be.  A defendant, however, has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and consequent lack of good faith beyond a reasonable doubt.

A belief by the defendant that ultimately everything would work out so that no one would lose any money does not require a finding by you that he acted in good faith. No amount of honest belief on the part of a defendant that the scheme will ultimately make a profit for the investors will excuse fraudulent actions or false representations by him to obtain money.

As a practical matter, then, in order to sustain the charges against the defendants, the government must establish beyond a reasonable doubt that he knew that his conduct as a participant in the scheme was calculated to deceive and nonetheless, he associated himself with the alleged fraudulent scheme.

The government may prove that the defendant acted knowingly in either of two ways. First, it is sufficient, of course, if the evidence satisfies you beyond a reasonable doubt that the defendant was actually aware he was making or causing a false statement to be made.

Alternatively, the defendant's knowledge may be established by proof that the defendant was aware of a high probability that the statement was false, unless, despite this high probability, the facts show that the defendant actually believed the statement to be true.

Knowledge may be found from circumstances that would convince an average, ordinary person. Thus, you may find that the defendant knew that the statement was false if you conclude beyond a reasonable doubt that he made it with deliberate disregard of whether it was true or false and with a conscious purpose to avoid learning the truth. If you find beyond a reasonable doubt that the defendant acted with deliberate disregard for the truth, the knowledge requirement would be satisfied unless the defendant actually believed the statement to be true. This guilty knowledge, however, cannot be established by demonstrating merely negligence or foolishness on the part of the defendant.

If you find that the defendant did not act knowingly and with intent to deceive, then you must find him not guilty.  On the other hand, if you find that the government has established beyond a reasonable doubt this element and the first element, a fraudulent act, then you must consider the third element.  I remind you that you must reach a unanimous decision as to each element.

<u>Authority:</u>

3 Modern Federal Jury Instructions—Criminal, Instruction 57.24 (2024); Model Crim. Jury Instr. 9th Cir. 15.47 (2024); *United States v. Kaiser*, 609 F.3d 556, 569 (2d Cir. 2010) (holding that that "willfulness" in a criminal securities fraud case requires proof that a defendant "had an awareness of the general wrongfulness of his conduct," not that he knew that he was committing a specific legal violation); *United States v. Kosinski*, 976 F.3d 135, 154 (2d Cir. 2020) ("[S]o long as a defendant "act[s] with the intent to do something that the law forbids," he need not be aware "of the specific law or rule that his conduct may be violating."); *United States v. McGahee*, 257 F.3d 520 (6th Cir. 2001) (government must prove defendant acted knowingly and willfully); *United States v. Delaine*, 517 F. App'x 466, 469 (6th Cir. 2013) ("The general rule in criminal cases is that 'intent may be inferred from the totality of circumstances surrounding the commission of the prohibited act.'") (internal quotation omitted); *United States v. Parrish*, 238 F.3d 425 (6th Cir. 2000) (quoting with approval the district court's definition of "knowingly" as

- 46 -

an "act . . . done voluntarily and willfully and not because of mistake or accident or other innocent reason" and "willfully" as "[a]n act . . . done voluntarily and intentionally and with the specific intent to do something the law forbids"); *United States v. Leonard*, 529 F.3d 83, 91 (2d Cir. 2008) (finding that instruction in a securities fraud trial was appropriate where the defendants, who had defrauded investors in a movie by misleading those investors about how investment monies would be spent, had argued at trial that they had a good faith belief that the movie would be completed); *United States v. Shkreli*, 779 F. App'x 38, 40 (2d Cir. 2019) (holding that instruction in securities fraud and wire fraud trial was appropriate where defendant argued that "that despite his many misrepresentations and omissions to" investors, "he did not have the requisite intent to defraud those investors because he believed that the investors would ultimately make money from their investments"); *United States v. Levis*, Cr. No. 10-4819, 2012 WL 2914118, at *3 (2d Cir. Jul. 18, 2012) (finding that instruction was appropriate where the defendant, who had made misrepresentations regarding the independent valuation of his company to investors, had argued at trial that he did not believe any harm would befall investors); *United States v. Gole*, 21 F. Supp. 2d 161, 166 (E.D.N.Y. 1997) ("The definition of good faith addresses the defendant's belief in the truth of the representations, and not the defendant's belief as to the ultimate success of the plan."); *United States v. Berger*, 188 F. Supp. 2d 307, 329 (S.D.N.Y. 2002) (finding that a guilty verdict on securities fraud charges based on the fact that the defendant intentionally caused others to issue false or misleading statements to investors would be proper regardless of evidence of the defendant's belief that his investment strategy would be successful financially); Pattern Crim. Jury Instr. 6th Cir. 2.09 (Mar. 2023).

**Third Element – Instrumentality of Interstate Commerce (Jointly Proposed)**

The third and final element the government must prove as to Counts 5-13, 18-20, and 22 is that the defendants knowingly used, or caused to be used, the mails or any means or instrumentalities of transportation or communication in interstate commerce in furtherance of the scheme to defraud.  You are instructed that interstate or international travel, the use of the internet, bank wire transfers, telephone, or emails that traveled across state lines are all "instrumentalities of interstate commerce."

It is not necessary that the defendants be directly or personally involved in any mailing, wire, or use of an instrumentality of interstate commerce.  If the defendants were active participants in the scheme and took steps or engaged in conduct which knew or reasonably could foresee would naturally and probably result in the use of interstate means of communication, then you may find that he caused the mails or an instrumentality of interstate commerce to be used.

When one does an act with the knowledge that the use of interstate means of communication will follow in the ordinary course of business, or where such use reasonably can be foreseen, even though not actually intended, then he causes such means to be used.

It is not necessary that the items sent through interstate means of communication contain the fraudulent material, or anything criminal or objectionable.  The interstate means of communication may be entirely innocent.

The use of interstate communications need not be central to the execution of the scheme and may even be incidental to it.  All that is required is that the use of the interstate communications bear some relation to the object of the scheme or fraudulent conduct.  In fact, the actual offer or sale need not be accomplished by the use of interstate communications, so

long as the defendants are still engaged in actions that are a part of the fraudulent scheme when interstate communications are used.

Each specific use of interstate means of communication in furtherance of a scheme to defraud constitutes a separate and distinct criminal offense.

Authority:

3 Modern Federal Jury Instructions—Criminal, Instruction 57-25 (2024).

**Aiding and Abetting Securities Fraud (Government Proposed)**

For you to find SPIVAK or SCOTT guilty of Securities Fraud, it is not necessary for you to find that each defendant personally committed the crime. You may also find him guilty if he intentionally helped or encouraged someone else to commit the crime. A person who does this is called an aider and abettor.

But for you to find SPIVAK or SCOTT guilty of Securities Fraud as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

First, that the crime of Securities Fraud was committed.

Second, that the defendant helped to commit the crime or encouraged someone else to commit the crime.

Third, that the defendant intended to help commit or encourage the crime.

Proof that the defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty. You can consider this in deciding whether the government has proved that he was an aider and abettor, but without more it is not enough.

What the government must prove is that the defendant did something to help or encourage the crime with the intent that the crime be committed.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you cannot find the defendant guilty of Securities Fraud as an aider and abettor.

Authority:

Pattern Crim. Jury Instr. 6th Cir. 4.01 (Mar. 2023).

- 50 -

**Statute Defining the Offense (Jointly Proposed)**

Counts 23-47: Wire Fraud
18 U.S.C. §§ 1343 and 2

Counts 23-47 of the Second Superseding Indictment charge defendants PAUL SPIVAK

and CHARLES SCOTT with Wire Fraud in violation of Title 18, United States Code, Sections

1343 and 2.

The relevant statute charged in these Counts is Title 18, United States Code, Section

1343.  Title 18, United States Code, Section 1343 provides, in pertinent part:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice

shall be guilty of Wire Fraud.

Title 18, United States Code, Section 2 provides as follows:

> Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

> Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

Authority:

18 U.S.C. §§ 1343 and 2; Second Superseding Indictment, filed 6/29/2023, Case No.
1:21-CR-491 (U.S. District Court, ND Ohio).

**Elements of Wire Fraud (Jointly Proposed)**

For you to find either PAUL SPIVAK or CHARLES SCOTT guilty of wire fraud, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

<u>First</u>, that the defendant knowingly participated in, devised, or intended to devise a scheme to defraud in order to deprive another of money or property in connection with the purchase or sale of USLG stock;

<u>Second</u>, that the scheme included a material misrepresentation or concealment of a material fact;

<u>Third</u>, that the defendant had the intent to defraud; and

<u>Fourth</u>, that the defendant used wires, or caused another to use wires, in interstate commerce in furtherance of the scheme.

<u>Authority</u>:

Pattern Crim. Jury Instr. 6th Cir. 10.02 (Mar. 2023).

### Additional Definitions for Wire Fraud (Jointly Proposed)

Now, I will give you more detailed instructions on some of these.

A "scheme to defraud" includes any plan or course of action by which someone intends to deprive another of money or property by means of false or fraudulent pretenses, representations, or promises.

The term "false or fraudulent pretenses, representations or promises" means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth. They include actual, direct false statements as well as half-truths and the knowing concealment of material facts.

An act is "knowingly" done if done voluntarily and not because of mistake or some other innocent reason.

To act with "intent to defraud" means to act with an intent to deceive or cheat for the purpose of depriving another of money or property.

A misrepresentation or concealment is "material" if it has a natural tendency to influence or is capable of influencing the decision of a person of ordinary prudence and comprehension.

To "cause" wires to be used is to do an act with knowledge that the use of the communications will follow in the ordinary course of business or where such use can reasonably be foreseen.

The term "interstate commerce" includes wires that crossed a state line.

It is not necessary that the government prove all of the details alleged concerning the precise nature and purpose of the scheme, that the material transmitted by wire, radio or television communications was itself false or fraudulent, that the alleged scheme actually

- 53 -

succeeded in defrauding anyone, that the use of the wire, radio or television communications was intended as the specific or exclusive means of accomplishing the alleged fraud, that someone relied on the misrepresentation or false statement, or that the defendant obtained money or property for his own benefit.

If you are convinced that the government has proved all of the elements as to either or both of the defendants, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of the elements as to either or both of the defendants, then you must find the defendant not guilty of this charge.

<u>Authority</u>:

Pattern Crim. Jury Instr. 6th Cir. 10.02 (Mar. 2023); 3 Modern Federal Jury Instructions—Criminal, Instruction 57.21 (2024); 2 Modern Federal Jury Instructions—Criminal, Instruction 44-4 (2024); 3 Modern Federal Jury Instructions—Criminal, Instruction 57-21 (2024); 3 Modern Federal Jury Instructions—Criminal, Instruction 57.24 (2024).

**Aiding and Abetting Wire Fraud (Government Proposed)**

For you to find SPIVAK or SCOTT guilty of Wire Fraud, it is not necessary for you to find that each defendant personally committed the crime. You may also find him guilty if he intentionally helped or encouraged someone else to commit the crime. A person who does this is called an aider and abettor.

But for you to find SPIVAK or SCOTT guilty of Wire Fraud as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

<u>First</u>, that the crime of Wire Fraud was committed.

<u>Second</u>, that the defendant helped to commit the crime or encouraged someone else to commit the crime.

<u>Third</u>, that the defendant intended to help commit or encourage the crime.

Proof that the defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty. You can consider this in deciding whether the government has proved that he was an aider and abettor, but without more it is not enough.

What the government must prove is that the defendant did something to help or encourage the crime with the intent that the crime be committed.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you cannot find the defendant guilty of Wire Fraud as an aider and abettor.

<u>Authority</u>:

Pattern Crim. Jury Instr. 6th Cir. 4.01 (Mar. 2023).

**Fraud – Good Faith Defense (Government Proposed)**

The good faith of the defendant is a complete defense to the charge of Wire Fraud contained in Counts 23-47 of the Second Superseding Indictment because good faith on the part of the defendant is, simply, inconsistent with an intent to defraud.

A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under this statute merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an honest error in management does not rise to the level of criminal conduct.

A defendant does not act in good faith if, even though he honestly holds a certain opinion or belief, that defendant also knowingly makes false or fraudulent pretenses, representations, or promises to others.

While the term "good faith" has no precise definition, it encompasses, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another.

The burden of proving good faith does not rest with the defendant because the defendant does not have any obligation to prove anything in this case. It is the government's burden to prove to you, beyond a reasonable doubt, that the defendant acted with an intent to defraud.

If the evidence in this case leaves you with a reasonable doubt as to whether the defendant acted with an intent to defraud or in good faith, you must acquit the defendant.

<u>Authority</u>:

Pattern Crim. Jury Instr. 6th Cir. 10.04 (Mar. 2023).

**Entrapment (Defense Proposed)**

One of the questions in this case is whether any of the defendants were entrapped.

Entrapment has two related elements. One is that the defendant was not already willing to commit the crime. The other is that the government, or someone acting for the government, induced or persuaded the defendant to commit it.

If the defendant was not already willing to commit the crime prior to first being approached by government agents or other persons acting for the government, and the government persuaded him to commit it, that would be entrapment. But if the defendant was already willing to commit the crime prior to first being approached by government agents or other persons acting for the government, it would not be entrapment, even if the government provided him with a favorable opportunity to commit the crime, or made the crime easier, or participated in the crime in some way.

It is sometimes necessary during an investigation for a government agent to pretend to be a criminal, and to offer to take part in a crime. This may be done directly, or the agent may have to work through an informant or a decoy. This is permissible, and without more is not entrapment. The crucial question in entrapment cases is whether the government persuaded a defendant who was not already willing to commit a crime to go ahead and commit it.

The government has the burden of proving beyond a reasonable doubt that the defendant was already willing to commit the crime prior to first being approached by government agents or other persons acting for the government. Let me suggest some things that you may consider in deciding whether the government has proved this:

Ask yourself what the evidence shows about the defendant's character and reputation.

Ask yourself if the idea for committing the crime originated with or came from the government.

Ask yourself if the defendant took part in the crime for profit.

Ask yourself if the defendant took part in any similar criminal activity with anyone else before or afterwards.

Ask yourself if the defendant showed any reluctance to commit the crime and, if he did, whether he was overcome by government persuasion.

And ask yourself what kind of persuasion and how much persuasion the government used.

Consider all the evidence, and decide if the government has proved that the defendant was already willing to commit the crime. Unless the government proves this beyond a reasonable doubt, you must find the defendant not guilty.

<u>Authority</u>:

Pattern Crim. Jury Instr. 6th Cir. 6.03 (Mar. 2023).

**Statute Defining the Offense (Jointly Proposed)**

Count 49: False Declarations Before the Court
18 U.S.C. § 1623(a)

Count 49 of the Second Superseding Indictment charges defendant PAUL SPIVAK with

the crime of False Declarations Before the Court, in violation of Title 18, United States Code,

Section 1623(a).  Simply stated, perjury is the willful giving of false testimony, before a

competent tribunal while under oath, knowing the testimony is false as to a material matter.

The relevant statute charged in Count 49 of the Second Superseding Indictment is Title

18, United States Code, Section 1623(a).  Title 18, United States Code, Section 1623(a) provides,

in pertinent part:

> Whoever under oath (or in any declaration, certificate, verification, or statement
> under penalty of perjury as permitted under section 1746 of title 28, United States
> Code) in any proceeding before or ancillary to any court or grand jury of the
> United States knowingly makes any false material declaration or makes or uses
> any other information, including any book, paper, document, record, recording, or
> other material, knowing the same to contain any false material declaration,

shall be guilty of False Declarations Before the Court.

Authority:

18 U.S.C. § 1623(a); Second Superseding Indictment, filed 6/29/2023, Case No. 1:21-CR-491
(U.S. District Court, ND Ohio); 2 Modern Federal Jury Instructions—Criminal, Instruction 48.17
(2024).

**Elements of False Declarations Before the Court (Jointly Proposed)**

Count 49 of the Second Superseding Indictment charges defendant PAUL SPIVAK with the crime of False Declarations Before the Court. To prove the defendant guilty of this crime, the government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>, that the testimony before the court was given while the defendant was under oath.

<u>Second</u>, that such testimony was false as set forth in the Second Superseding Indictment.

<u>Third</u>, that the matters as to which it is charged that defendant gave false testimony were material to the issues under inquiry by the court.

<u>Fourth</u>, that such false testimony was given knowingly.

<u>Authority:</u>

2 Modern Federal Jury Instructions—Criminal, Instruction 48.18 (2024).

## First Element – Oath (Jointly Proposed)

The first element of the offense that the government must prove is that the testimony before the court was given while the defendant was under oath.

Authority:

2 Modern Federal Jury Instructions—Criminal, Instruction 48.19 (2024).

**Second Element – Falsity (Jointly Proposed)**

The second element which the government must prove is that the defendant testified falsely. In order to satisfy this element, the government must prove that a part of the testimony given by the defendant, as set forth in the Second Superseding Indictment, was false. An answer to a question is false when it is contrary to the facts; that is, when it is not true. The truth or falsity of an answer must be determined by the facts existing at the time the answer was made.

In reviewing the testimony which is alleged to have been false, you should consider such testimony in the context of the sequence of questions asked and answers given. The words used should be given their common and ordinary meaning unless the context clearly shows that a different meaning was understood by both the questioner and the witness.

<u>Authority</u>:

2 Modern Federal Jury Instructions—Criminal, Instruction 48.20 (2024).

**Need for Unanimity (Jointly Proposed)**

Count 49 contains answers given by the defendant where he is reciting more than one fact. It is not necessary that the Government prove that each of these factual statements is false. The Government satisfies its burden of proving falsity if it proves beyond a reasonable doubt that any of the factual statements recited in Count 49 is false.

However, and this is important, you may not find the defendant guilty unless you all agree, unanimously, that one particular answer is false. It is not enough that you all believe that some answer given by the defendant is false. That is, you cannot find the defendant guilty if some of you think that only answer A is false and the rest of you think that only answer B is false. There must be at least one specific answer that all of you believe is false in order to convict the defendant.

<u>Authority</u>:

2 Modern Federal Jury Instructions—Criminal, Instruction 48.21 (2024).

**Ambiguous Questions and Answers (Jointly Proposed)**

If you should find that a particular question was ambiguous—that is, subject to more than

one interpretation—and that the defendant truthfully answered one reasonable interpretation of

the question under the circumstances presented, then such answer would not be false. Similarly,

if you should find that the question was clear but the answer was ambiguous, and one reasonable

interpretation of such answer would be truthful, then such answer would not be false.

<u>Authority</u>:

2 Modern Federal Jury Instructions—Criminal, Instruction 48.22 (2024); Fifth Circuit Pattern
Criminal Jury Instruction 2.69; Tenth Circuit Criminal Pattern Jury Instruction 2.66; Eleventh
Circuit Pattern Criminal Jury Instructions, Offense Instruction 60.

**Unresponsiveness or Literal Truth Is Not Falsity (Jointly Proposed)**

In deciding whether the defendant's answers are false, the answers must be given their natural meaning in the context in which the words were used. If you find that an answer given by the defendant was literally true, but unresponsive to the question asked, you may not find that answer false or convict the defendant because of it. As long as a statement, or a reasonable interpretation of a statement, is narrowly or literally true, there can be no conviction for perjury. This is so even if you find that the answer was intentionally misleading.

<u>Authority</u>:

2 Modern Federal Jury Instructions—Criminal, Instruction 48.23 (2024); *Bronston v. United States*, 409 U.S. 352 (1973); *United States v. Frost*, 125 F.3d 346 (6th Cir. 1997).

**Third Element – Materiality (Jointly Proposed)**

The third element that the government must establish is that the matters as to which it is charged that the defendant made false statements were material to the issues under inquiry by the court.

A false statement is material if it has a natural tendency to influence or is capable of influencing the decision of the court.

To find that the testimony was material you need not find that it did in fact influence the decision of the court. You need only find that it was capable of influencing that decision.

<u>Authority</u>:

2 Modern Federal Jury Instructions—Criminal, Instruction 48.24 (2024); *United States v. Lee*, 359 F.3d 412 (6th Cir. 2004); *United States v. Adams*, 870 F.2d 1140 (6th Cir. 1989).

**Fourth Element – Knowingly (Jointly Proposed)**

The final element that the government must prove is that the defendant gave those false answers knowingly. That is, the government must prove that at the time the answers were given, the defendant knew and believed that his answers were false and that he purposely or intentionally gave the false answers and not because of confusion, mistake, or faulty memory.

The requirement that you find that the defendant acted knowingly means that you may not find the defendant guilty of perjury simply because the defendant gave testimony which is factually incorrect. The defendant may have given incorrect testimony because of an honest mistake of facts, confusion, haste, oversight, or carelessness. If the defendant made an erroneous and incorrect statement due to a slip of the tongue or bad memory or through misunderstanding, the defendant would not be guilty of making the false statement knowingly.

Authority:

2 Modern Federal Jury Instructions—Criminal, Instruction 48.25 (2024).

**Proof of Intent (Government Proposed)**

In considering this element, you should consider the instructions I previously gave you regarding proving a defendant's state of mind.  Additionally, proof of the circumstances surrounding the defendant's actions can supply an adequate basis for a finding that the defendant acted knowingly. The actions of an individual must be set in their time and place. The meaning of a particular act may depend on the circumstances surrounding it. Thus you may consider evidence which you recall and believe about the defendant's actual knowledge of certain facts and occurrences, as compared to the testimony he gave about these facts and occurrences; the extent to which statements were made to conceal facts or events; and, in general, the manner in which certain actions were undertaken by the defendant, and by others with his knowledge.

You may consider whether the defendant had a motive to lie or to conceal the facts. The government is not required to prove the existence of such a motive, let alone exactly what the motive was. The government's failure to prove a motive does not establish innocence. But if you do find evidence of a motive, that may help you decide what the defendant's state of mind was. Therefore, you should ask yourselves whether the defendant stood to gain any personal benefit from concealing the truth, or whether he stood to avoid any personal liability.

Authority:

2 Modern Federal Jury Instructions—Criminal, Instruction 48.26 (2024) (first two paragraphs removed because subsumed in Sixth Circuit pattern instruction 2.08 above); *Pointer v. United States*, 151 U.S. 396 (1894).

- 68 -

**Defendant's Election Not to Testify or Present Evidence (If applicable) (Jointly Proposed)**

A defendant has an absolute right not to testify [or present evidence].  The fact that he or she did not testify [or present any evidence] cannot be considered by you in any way.  Do not even discuss it in your deliberations. Remember that it is up to the government to prove that the defendant is guilty beyond a reasonable doubt.  It is not up to the defendant to prove that he or she is innocent.

Authority:

Pattern Crim. Jury Instr. 6th Cir. 7.02A (Mar. 2023).

**Defendant's Testimony (If applicable) (Jointly Proposed)**

You have heard [the defendant] testify.  Earlier, I talked to you about the "credibility" or the "believability" of the witnesses.  And I suggested some things for you to consider in evaluating each witness's testimony. You should consider those same things in evaluating the defendant's testimony.

<u>Authority</u>:

Pattern Crim. Jury Instr. 6th Cir. 7.02B (Mar. 2023).

**Opinion Testimony (If Applicable) (Jointly Proposed)**

You have heard the testimony of _____, who testified as an opinion witness. You do not

have to accept _____'s opinions. In deciding how much weight to give them, you should

consider the witness' qualifications and how they reached their conclusions. Also consider the

other factors discussed in these instructions for weighing the credibility of witnesses. Remember

that you alone decide how much of a witness's testimony to believe, and how much weight it

deserves.

<u>Authority</u>:

Pattern Crim. Jury Instr. 6th Cir. 7.03 (Mar. 2023).

**Witness Testifying to Both Facts and Opinions (If Applicable) (Jointly Proposed)**

You have heard the testimony of _____, who testified to both facts and opinions. Each of these types of testimony should be given the proper weight. As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses. As to the testimony on opinions, you do not have to accept _____'s opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses. Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

<u>Authority</u>:

Pattern Crim. Jury Instr. 6th Cir. 7.03A (Mar. 2023).

**Impeachment by Prior Inconsistent Statement Not Under Oath (If applicable) (Jointly Proposed)**

You have heard the testimony of _____.  You have also heard that before this trial he/she made a statement that may be different from his/her testimony here in court. This earlier statement was brought to your attention only to help you decide how believable his/her testimony was.  You cannot use it as proof of anything else.  You can only use it as one way of evaluating his/her testimony here in court.

Authority:

Pattern Crim. Jury Instr. 6th Cir. 7.04 (Mar. 2023).

**Impeachment of Defendant by Prior Conviction (If applicable) (Jointly Proposed)**

You have heard that before this trial the defendant was convicted of a crime. This earlier conviction was brought to your attention only as one way of helping you decide how believable his testimony was.  You cannot use it for any other purpose.  It is not evidence that he is guilty of the crime that he is on trial for now.

Authority:

Pattern Crim. Jury Instr. 6th Cir. 7.05A (Mar. 2023).

**Impeachment of a Witness Other Than Defendant by Prior Conviction (Jointly Proposed)**

You have heard the testimony of _____. You have also heard that before this trial

_____ was convicted of other crimes. These earlier convictions were brought to your attention

only as one way of helping you decide how believable their testimony was. Do not use them for

any other purpose. They are not evidence of anything else.

<u>Authority</u>:

Pattern Crim. Jury Instr. 6th Cir. 7.05B (Mar. 2023).

**Testimony of a Witness Under Grant of Reduced Criminal Liability (Jointly Proposed)**

You have heard the testimony of _____. You have also heard that the government has promised him that [he will not be prosecuted for _____ ] [ he will _____] in exchange for his cooperation. It is permissible for the government to make such a promise. But you should consider _____'s testimony with more caution than the testimony of other witnesses. Consider whether his testimony may have been influenced by the government's promise. Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

<u>Authority</u>:

Pattern Crim. Jury Instr. 6th Cir. 7.07A (Mar. 2023).

## Testimony of an Accomplice (Jointly Proposed)

You have heard the testimony of _____. You have also heard that he was involved in the same crime that the defendant is charged with committing. You should consider _____'s testimony with more caution than the testimony of other witnesses. Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt. The fact that _____ has pleaded guilty to a crime is not evidence that the defendant is guilty, and you cannot consider this against the defendant in any way.

<u>Authority</u>:

Pattern Crim. Jury Instr. 6th Cir. 7.08 (Mar. 2023).

**Character and Reputation of Defendant (If applicable) (Jointly Proposed)**

You have heard testimony about the defendant's good character.  You should consider this testimony, along with all the other evidence, in deciding if the government has proved beyond a reasonable doubt that he committed the crime charged.

Authority:

Pattern Crim. Jury Instr. 6th Cir. 7.09 (Mar. 2023).

**Summaries and Other Materials Not Admitted in Evidence (If applicable) (Jointly Proposed)**

During the trial, you have seen counsel use [summaries, charts, drawings, calculations, or similar material] which were offered to assist in the presentation and understanding of the evidence.  This material is not itself evidence and must not be considered as proof of any facts.

Authority:

Pattern Crim. Jury Instr. 6th Cir. 7.12 (Mar. 2023).

**Secondary – Evidence Summaries Admitted in Evidence (Jointly Proposed)**

During the trial, you have seen or heard summary evidence in the form of a chart, drawing, calculation, testimony, or similar material.   This summary was admitted in evidence, in addition to the material it summarizes, because it may assist you in understanding the evidence that has been presented. But the summary itself is not evidence of the material it summarizes, and is only as valid and reliable as the underlying material it summarizes.

<u>Authority</u>:

Pattern Crim. Jury Instr. 6th Cir. 7.12A (Mar. 2023).

**Other Acts of Defendants (Government Proposed)**

You have heard testimony that the defendant committed [crimes, acts, wrongs; details to be furnished after the Court's decision on admission of Rule 404(b) evidence] other than the ones charged in the indictment. If you find the defendant did those [crimes, acts, wrongs; details to be furnished after the Court's decision on admission of Rule 404(b) evidence], you can consider the evidence only as it relates to the government's claim on the defendant's [intent] [motive] [opportunity] [preparation] [plan] [knowledge] [identity] [absence of mistake] [absence of accident]. You must not consider it for any other purpose.

Remember that the defendants are on trial here only for the crimes charged in the Second Superseding Indictment, not for the other acts. Do not return a guilty verdict unless the government proves the crimes charged in the Second Superseding Indictment beyond a reasonable doubt.

<u>Authority</u>:

Pattern Crim. Jury Instr. 6th Cir. 7.13 (Mar. 2023).

**Deliberate Ignorance (Government Proposed)**

Next, I want to explain something about proving a defendant's knowledge.

No one can avoid responsibility for a crime by deliberately ignoring the obvious. If you are convinced that any of the defendants deliberately ignored a high probability that _____, then you may find that that defendant knew _____.

But to find this, you must be convinced beyond a reasonable doubt that the defendant was aware of a high probability that _____, and that the defendant deliberately closed his or her eyes to what was obvious. Carelessness, or negligence, or foolishness on his part is not the same as knowledge, and is not enough to convict. This, of course, is all for you to decide.

<u>Authority</u>:

Pattern Crim. Jury Instr. 6th Cir. 2.09 (Mar. 2023).

**Concealment of Evidence (Government Proposed)**

You have heard testimony that after the crime was supposed to have been committed, SPIVAK destroyed, concealed, and attempted to destroy and conceal relevant evidence.  You have also heard testimony that after the crime was supposed to have been committed, SPIVAK attempted to influence one or more witness's potential testimony.  If you believe that the defendant destroyed or concealed relevant evidence or attempted to do so, or if you believe that the defendant attempted to influence a witness's testimony, then you may consider this conduct, along with all the other evidence, in deciding whether the government has proved beyond a reasonable doubt that he committed the crime charged. This conduct may indicate that he thought he was guilty and was trying to avoid punishment. On the other hand, sometimes an innocent person may destroy, conceal or attempt to destroy and conceal relevant evidence or attempt to influence a witness's testimony. The defendant has no obligation to prove that he had an innocent reason for his conduct.

Authority:

Pattern Crim. Jury Instr. 6th Cir. 7.14 (Mar. 2023).

**Transcriptions Of Recordings (Jointly Proposed)**

You have heard some recorded conversations that were received in evidence, and you were given some written transcripts of the recordings. Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said.  The recordings themselves are the evidence.  If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the recordings, you must ignore the transcripts as far as those parts are concerned.

<u>Authority</u>:

Pattern Crim. Jury Instr. 6th Cir. 7.17 (Mar. 2023).

**Separate Consideration - Evidence Admitted Against Certain Defendants Only**
**(If applicable) (Jointly Proposed)**

You have heard testimony from _____ that _____. You can only

consider this testimony against _____ in deciding whether the government has proved him

or her guilty. You cannot consider it in any way against any of the other defendants.

<u>Authority</u>:

Pattern Crim. Jury Instr. 6th Cir. 7.18 (Mar. 2023).

**Judicial Notice (If applicable) (Jointly Proposed)**

I have decided to accept as proved the fact that _____, even though no evidence was presented on this point. You may accept this fact as true, but you are not required to do so.

<u>Authority</u>:

Pattern Crim. Jury Instr. 6th Cir. 7.19 (Mar. 2023).

**Stipulations (If applicable) (Jointly Proposed)**

The government and the defendants have agreed, or stipulated, to certain facts. Therefore, you must accept the following stipulated facts as proved: [insert facts stipulated].

<u>Authority:</u>

Pattern Crim. Jury Instr. 6th Cir. 7.21 (Mar. 2023); *see also id.* Committee Comment ("The law in the Sixth Circuit on the effect of a stipulation of fact is clear: 'Stipulations voluntarily entered by the parties are binding, both on the district court and on [the appeals court].'") (internal quotation omitted).

**Deliberation and Verdict – Introduction (Jointly Proposed)**

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

Authority:

Pattern Crim. Jury Instr. 6th Cir. 8.01 (Mar. 2023).

**Experiments, Research, Investigation and Outside Communications (Jointly Proposed)**

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, Twitter, Instagram, WhatsApp, Snapchat or other similar electronic service, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. Even using your smartphones, tablets, and computers—and the news and social media apps on those devices—may inadvertently expose you to certain notices, such as pop-ups or advertisements, that could influence your consideration of the matters you've heard about in this courtroom. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this

courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

<u>Authority:</u>

Pattern Crim. Jury Instr. 6th Cir. 8.02 (Mar. 2023).

**Unanimous Verdict (Jointly Proposed)**

Your verdict, whether it is guilty or not guilty, must be unanimous as to each count.

To find any of the defendants guilty of a particular count, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his or her guilt beyond a reasonable doubt.

To find any of the defendants not guilty of a particular count, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous as to each count.

Authority:

Pattern Crim. Jury Instr. 6th Cir. 8.03 (Mar. 2023).

**Unanimity Not Required – Means (If Applicable) (Jointly Proposed)**

One more point about the requirement that your verdict must be unanimous. Count ___ of the Second Superseding Indictment accuses the defendant(s) of committing the crime of _____ in more than one possible way.  The first is that he or she _____. The second is that he or she _____.

The government does not have to prove all of these for you to return a guilty verdict on this charge. Proof beyond a reasonable doubt of any one of these ways is enough. In order to return a guilty verdict, all twelve of you must agree that at least one of these has been proved; however, all of you need not agree that the same one has been proved.

<u>Authority</u>:

Pattern Crim. Jury Instr. 6th Cir. 8.03B (Mar. 2023).

**Duty to Deliberate (Jointly Proposed)**

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that—your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendants guilty beyond a reasonable doubt.

<u>Authority:</u>

Pattern Crim. Jury Instr. 6th Cir. 8.04 (Mar. 2023).

**Punishment (Jointly Proposed)**

If you decide that the government has proved any or all of the defendants guilty, then it will be my job to decide what the appropriate punishment should be. Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict. Your job is to look at the evidence and decide if the government has proved the defendants guilty beyond a reasonable doubt.

<u>Authority:</u>

Pattern Crim. Jury Instr. 6th Cir. 8.05 (Mar. 2023).

**Verdict Form (Jointly Proposed)**

I have prepared a verdict form that you should use to record your verdict. The form reads as follows: [read verdict forms]

If you decide that the government has proved the charge against a particular defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proved the charge against a particular defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Each of you should then sign the form, put the date on it, and return it to me.

Authority:

Pattern Crim. Jury Instr. 6th Cir. 8.06 (Mar. 2023).

**Verdict Limited to Charges Against These Defendants (Jointly Proposed)**

Remember that each defendant is only on trial for the particular crimes charged against him or her in the Second Superseding Indictment. Your job is limited to deciding whether the government has proved the crimes charged.

Also remember that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved each defendant guilty. Do not let the possible guilt of others influence you in any way.

<u>Authority</u>:

Pattern Crim. Jury Instr. 6th Cir. 8.08 (Mar. 2023).

**Court Has No Opinion (Jointly Proposed)**

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved each of the defendants guilty beyond a reasonable doubt.

<u>Authority:</u>

Pattern Crim. Jury Instr. 6th Cir. 8.09 (Mar. 2023).

**Juror Notes (Jointly Proposed)**

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror. Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

<u>Authority:</u>

Pattern Crim. Jury Instr. 6th Cir. 8.10 (Mar. 2023).

**Addendum: Proposed Jury Verdict Forms (Jointly Proposed)**
Attached are examples of verdict forms for each defendant.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL SPIVAK, | ) | <u>COUNT 1 / VERDICT FORM</u> |
| | ) | |
| Defendant. | ) | |

    We, the Jury in this case, having been duly impaneled and sworn, find the defendant,

PAUL SPIVAK, _____ (enter in ink "guilty" or "not guilty") of Conspiracy

to Commit Securities Fraud, in violation of Title 18, United States Code, Section 371, as charged

in Count 1 of the Second Superseding Indictment.

    Each of us jurors concurring in said verdict signs his/her name hereto on this _____

day of _____, 2024.

Proceed to signature line for Count 1.

_____

FOREPERSON

_____      _____

_____      _____

_____      _____

_____      _____

_____      _____

Date: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| OLGA SMIRNOVA, | ) | <u>COUNT 1 / VERDICT FORM</u> |
| | ) | |
| Defendant. | ) | |

We, the Jury in this case, having been duly impaneled and sworn, find the defendant,

OLGA SMIRNOVA, _____ (enter in ink "guilty" or "not guilty") of

Conspiracy to Commit Securities Fraud, in violation of Title 18, United States Code, Section

371, as charged in Count 1 of the Second Superseding Indictment.

Each of us jurors concurring in said verdict signs his/her name hereto on this _____

day of _____, 2024.

Proceed to signature line for Count 1.


_____          _____

FOREPERSON
_____          _____


_____          _____


_____          _____


_____          _____


_____          _____

Date: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| CHARLES SCOTT, | ) | <u>COUNT 1 / VERDICT FORM</u> |
| | ) | |
| Defendant. | ) | |

We, the Jury in this case, having been duly impaneled and sworn, find the defendant,

CHARLES SCOTT, _____ (enter in ink "guilty" or "not guilty") of

Conspiracy to Commit Securities Fraud, in violation of Title 18, United States Code, Section

371, as charged in Count 1 of the Second Superseding Indictment.

Each of us jurors concurring in said verdict signs his/her name hereto on this _____

day of _____, 2024.

Proceed to signature line for Count 1.

_____

FOREPERSON

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

Date: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL SPIVAK, | ) | COUNT 2 / VERDICT FORM |
| | ) | |
| Defendant. | ) | |

We, the Jury in this case, having been duly impaneled and sworn, find the defendant,

PAUL SPIVAK, _____ (enter in ink "guilty" or "not guilty") of Conspiracy

to Commit Securities Fraud, in violation of Title 18, United States Code, Section 371, as charged

in Count 2 of the Second Superseding Indictment.

Each of us jurors concurring in said verdict signs his/her name hereto on this _____

day of _____, 2024.

Proceed to signature line for Count 2.

_____
FOREPERSON

_____

_____

_____

_____

_____

Date: _____

_____

_____

_____

_____

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| OLGA SMIRNOVA, | ) | <u>COUNT 2 / VERDICT FORM</u> |
| | ) | |
| Defendant. | ) | |

We, the Jury in this case, having been duly impaneled and sworn, find the defendant,

OLGA SMIRNOVA, _____ (enter in ink "guilty" or "not guilty") of

Conspiracy to Commit Securities Fraud, in violation of Title 18, United States Code, Section

371, as charged in Count 2 of the Second Superseding Indictment.

Each of us jurors concurring in said verdict signs his/her name hereto on this _____

day of _____, 2024.

Proceed to signature line for Count 2.

_____          _____
FOREPERSON

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

Date: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| CHARLES SCOTT, | ) | <u>COUNT 2 / VERDICT FORM</u> |
| | ) | |
| Defendant. | ) | |

We, the Jury in this case, having been duly impaneled and sworn, find the defendant,

CHARLES SCOTT, _____ (enter in ink "guilty" or "not guilty") of

Conspiracy to Commit Securities Fraud, in violation of Title 18, United States Code, Section

371, as charged in Count 2 of the Second Superseding Indictment.

Each of us jurors concurring in said verdict signs his/her name hereto on this _____

day of _____, 2024.

Proceed to signature line for Count 2.

_____          _____
FOREPERSON

_____          _____


_____          _____


_____          _____


_____          _____


_____          _____

Date: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL SPIVAK, | ) | <u>COUNT 5 / VERDICT FORM</u> |
| | ) | |
| Defendant. | ) | |

We, the Jury in this case, having been duly impaneled and sworn, find the defendant,

PAUL SPIVAK, _____ (enter in ink "guilty" or "not guilty") of Securities

Fraud, in violation of Title 15, United States Code, Section 78j(b), Title 17, Code of Federal

Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2, as charged in Count

5 of the Second Superseding Indictment.

Each of us jurors concurring in said verdict signs his/her name hereto on this _____

day of _____, 2024.

Proceed to signature line for Count 5.

_____          _____
FOREPERSON

_____          _____


_____          _____


_____          _____


_____          _____


_____          _____

Date: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL SPIVAK, | ) | COUNT 6 / VERDICT FORM |
| | ) | |
| Defendant. | ) | |

We, the Jury in this case, having been duly impaneled and sworn, find the defendant,

PAUL SPIVAK, _____ (enter in ink "guilty" or "not guilty") of Securities

Fraud, in violation of Title 15, United States Code, Section 78j(b), Title 17, Code of Federal

Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2, as charged in Count

6 of the Second Superseding Indictment.

Each of us jurors concurring in said verdict signs his/her name hereto on this _____

day of _____, 2024.

Proceed to signature line for Count 6.

_____          _____
FOREPERSON

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

Date: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL SPIVAK, | ) | COUNT 7 / VERDICT FORM |
| | ) | |
| Defendant. | ) | |

We, the Jury in this case, having been duly impaneled and sworn, find the defendant,

PAUL SPIVAK, _____ (enter in ink "guilty" or "not guilty") of Securities

Fraud, in violation of Title 15, United States Code, Section 78j(b), Title 17, Code of Federal

Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2, as charged in Count

7 of the Second Superseding Indictment.

Each of us jurors concurring in said verdict signs his/her name hereto on this _____

day of _____, 2024.

Proceed to signature line for Count 7.

_____          _____
FOREPERSON

_____          _____


_____          _____


_____          _____


_____          _____

Date: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL SPIVAK, | ) | COUNT 8 / VERDICT FORM |
| | ) | |
| Defendant. | ) | |

We, the Jury in this case, having been duly impaneled and sworn, find the defendant,

PAUL SPIVAK, _____ (enter in ink "guilty" or "not guilty") of Securities

Fraud, in violation of Title 15, United States Code, Section 78j(b), Title 17, Code of Federal

Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2, as charged in Count

8 of the Second Superseding Indictment.

Each of us jurors concurring in said verdict signs his/her name hereto on this _____

day of _____, 2024.

Proceed to signature line for Count 8.

_____

FOREPERSON

_____

_____

_____

_____

Date: _____

_____

_____

_____

_____

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL SPIVAK, | ) | COUNT 9 / VERDICT FORM |
| | ) | |
| Defendant. | ) | |

We, the Jury in this case, having been duly impaneled and sworn, find the defendant,

PAUL SPIVAK, _____ (enter in ink "guilty" or "not guilty") of Securities

Fraud, in violation of Title 15, United States Code, Section 78j(b), Title 17, Code of Federal

Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2, as charged in Count

9 of the Second Superseding Indictment.

Each of us jurors concurring in said verdict signs his/her name hereto on this _____

day of _____, 2024.

Proceed to signature line for Count 9.

_____          _____
FOREPERSON

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

Date: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL SPIVAK, | ) | COUNT 10 / VERDICT FORM |
| | ) | |
| Defendant. | ) | |

We, the Jury in this case, having been duly impaneled and sworn, find the defendant,

PAUL SPIVAK, _____ (enter in ink "guilty" or "not guilty") of Securities

Fraud, in violation of Title 15, United States Code, Section 78j(b), Title 17, Code of Federal

Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2, as charged in Count

10 of the Second Superseding Indictment.

Each of us jurors concurring in said verdict signs his/her name hereto on this _____

day of _____, 2024.

Proceed to signature line for Count 10.

_____          _____
FOREPERSON

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

Date: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL SPIVAK, | ) | <u>COUNT 11 / VERDICT FORM</u> |
| | ) | |
| Defendant. | ) | |

We, the Jury in this case, having been duly impaneled and sworn, find the defendant,

PAUL SPIVAK, _____ (enter in ink "guilty" or "not guilty") of Securities

Fraud, in violation of Title 15, United States Code, Section 78j(b), Title 17, Code of Federal

Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2, as charged in Count

11 of the Second Superseding Indictment.

Each of us jurors concurring in said verdict signs his/her name hereto on this _____

day of _____, 2024.

Proceed to signature line for Count 11.


_____          _____
FOREPERSON

_____          _____


_____          _____


_____          _____


_____          _____


_____          _____

Date: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL SPIVAK, | ) | COUNT 12 / VERDICT FORM |
| | ) | |
| Defendant. | ) | |

We, the Jury in this case, having been duly impaneled and sworn, find the defendant,

PAUL SPIVAK, _____ (enter in ink "guilty" or "not guilty") of Securities

Fraud, in violation of Title 15, United States Code, Section 78j(b), Title 17, Code of Federal

Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2, as charged in Count

12 of the Second Superseding Indictment.

Each of us jurors concurring in said verdict signs his/her name hereto on this _____

day of _____, 2024.

Proceed to signature line for Count 12.

_____
FOREPERSON

_____

_____

_____

_____

_____                    _____

_____                    _____

_____                    _____

_____                    _____

_____                    _____

Date: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| CHARLES SCOTT, | ) | COUNT 13 / VERDICT FORM |
| | ) | |
| Defendant. | ) | |

We, the Jury in this case, having been duly impaneled and sworn, find the defendant,

CHARLES SCOTT, _____ (enter in ink "guilty" or "not guilty") of

Securities Fraud, in violation of Title 15, United States Code, Section 78j(b), Title 17, Code of

Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2, as charged

in Count 13 of the Second Superseding Indictment.

Each of us jurors concurring in said verdict signs his/her name hereto on this _____

day of _____, 2024.

Proceed to signature line for Count 13.

_____

FOREPERSON

_____                    _____

_____                    _____

_____                    _____

_____                    _____

_____                    _____

Date: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL SPIVAK, | ) | <u>COUNT 18 / VERDICT FORM</u> |
| | ) | |
| Defendant. | ) | |

We, the Jury in this case, having been duly impaneled and sworn, find the defendant,

PAUL SPIVAK, _____ (enter in ink "guilty" or "not guilty") of Securities

Fraud, in violation of Title 15, United States Code, Section 78j(b), Title 17, Code of Federal

Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2, as charged in Count

18 of the Second Superseding Indictment.

Each of us jurors concurring in said verdict signs his/her name hereto on this _____

day of _____, 2024.

Proceed to signature line for Count 18.

_____
FOREPERSON

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

Date: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL SPIVAK, | ) | COUNT 19 / VERDICT FORM |
| | ) | |
| Defendant. | ) | |

We, the Jury in this case, having been duly impaneled and sworn, find the defendant,

PAUL SPIVAK, _____ (enter in ink "guilty" or "not guilty") of Securities

Fraud, in violation of Title 15, United States Code, Section 78j(b), Title 17, Code of Federal

Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2, as charged in Count

19 of the Second Superseding Indictment.

Each of us jurors concurring in said verdict signs his/her name hereto on this _____

day of _____, 2024.

Proceed to signature line for Count 19.

_____          _____
FOREPERSON

_____          _____


_____          _____


_____          _____


_____          _____


_____          _____

Date: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL SPIVAK, | ) | COUNT 20 / VERDICT FORM |
| | ) | |
| Defendant. | ) | |

We, the Jury in this case, having been duly impaneled and sworn, find the defendant,

PAUL SPIVAK, _____ (enter in ink "guilty" or "not guilty") of Securities

Fraud, in violation of Title 15, United States Code, Section 78j(b), Title 17, Code of Federal

Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2, as charged in Count

20 of the Second Superseding Indictment.

Each of us jurors concurring in said verdict signs his/her name hereto on this _____

day of _____, 2024.

Proceed to signature line for Count 20.

_____          _____
FOREPERSON

_____          _____


_____          _____


_____          _____


_____          _____


_____          _____

Date: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| CHARLES SCOTT, | ) | COUNT 20 / VERDICT FORM |
| | ) | |
| Defendant. | ) | |

We, the Jury in this case, having been duly impaneled and sworn, find the defendant,

CHARLES SCOTT, _____ (enter in ink "guilty" or "not guilty") of

Securities Fraud, in violation of Title 15, United States Code, Section 78j(b), Title 17, Code of

Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2, as charged

in Count 20 of the Second Superseding Indictment.

Each of us jurors concurring in said verdict signs his/her name hereto on this _____

day of _____, 2024.

Proceed to signature line for Count 20.

_____          _____
FOREPERSON

_____          _____


_____          _____


_____          _____


_____          _____


_____          _____

Date: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL SPIVAK, | ) | COUNT 22 / VERDICT FORM |
| | ) | |
| Defendant. | ) | |

We, the Jury in this case, having been duly impaneled and sworn, find the defendant,

PAUL SPIVAK, _____ (enter in ink "guilty" or "not guilty") of Securities

Fraud, in violation of Title 15, United States Code, Section 78j(b), Title 17, Code of Federal

Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2, as charged in Count

22 of the Second Superseding Indictment.

Each of us jurors concurring in said verdict signs his/her name hereto on this _____

day of _____, 2024.

Proceed to signature line for Count 22.

_____          _____
FOREPERSON

_____          _____


_____          _____


_____          _____


_____          _____


_____          _____

Date: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL SPIVAK, | ) | <u>COUNT 23 / VERDICT FORM</u> |
| | ) | |
| Defendant. | ) | |

We, the Jury in this case, having been duly impaneled and sworn, find the defendant,

PAUL SPIVAK, _____ (enter in ink "guilty" or "not guilty") of Wire Fraud,

in violation of Title 18, United States Code, Sections 1343, and 2, as charged in Count 23 of the

Second Superseding Indictment.

Each of us jurors concurring in said verdict signs his/her name hereto on this _____

day of _____, 2024.

Proceed to signature line for Count 23.

_____
FOREPERSON

_____

_____

_____

_____

_____

_____

_____

_____

_____

Date: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL SPIVAK, | ) | <u>COUNT 24 / VERDICT FORM</u> |
| | ) | |
| Defendant. | ) | |

We, the Jury in this case, having been duly impaneled and sworn, find the defendant,

PAUL SPIVAK, _____ (enter in ink "guilty" or "not guilty") of Wire Fraud,

in violation of Title 18, United States Code, Sections 1343, and 2, as charged in Count 24 of the

Second Superseding Indictment.

Each of us jurors concurring in said verdict signs his/her name hereto on this _____

day of _____, 2024.

Proceed to signature line for Count 24.

_____          _____
FOREPERSON

_____          _____


_____          _____


_____          _____


_____          _____


_____          _____

Date: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL SPIVAK, | ) | <u>COUNT 25 / VERDICT FORM</u> |
| | ) | |
| Defendant. | ) | |

We, the Jury in this case, having been duly impaneled and sworn, find the defendant,

PAUL SPIVAK, _____ (enter in ink "guilty" or "not guilty") of Wire Fraud,

in violation of Title 18, United States Code, Sections 1343, and 2, as charged in Count 25 of the

Second Superseding Indictment.

Each of us jurors concurring in said verdict signs his/her name hereto on this _____

day of _____, 2024.

Proceed to signature line for Count 25.

_____        _____
FOREPERSON

_____        _____


_____        _____


_____        _____


_____        _____


_____        _____

Date: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL SPIVAK, | ) | <u>COUNT 26 / VERDICT FORM</u> |
| | ) | |
| Defendant. | ) | |

We, the Jury in this case, having been duly impaneled and sworn, find the defendant,

PAUL SPIVAK, _____ (enter in ink "guilty" or "not guilty") of Wire Fraud,

in violation of Title 18, United States Code, Sections 1343, and 2, as charged in Count 26 of the

Second Superseding Indictment.

Each of us jurors concurring in said verdict signs his/her name hereto on this _____

day of _____, 2024.

Proceed to signature line for Count 26.

_____

FOREPERSON

_____      _____

_____      _____

_____      _____

_____      _____

_____      _____

_____      _____

Date: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL SPIVAK, | ) | <u>COUNT 27 / VERDICT FORM</u> |
| | ) | |
| Defendant. | ) | |

We, the Jury in this case, having been duly impaneled and sworn, find the defendant,

PAUL SPIVAK, _____ (enter in ink "guilty" or "not guilty") of Wire Fraud,

in violation of Title 18, United States Code, Sections 1343, and 2, as charged in Count 27 of the

Second Superseding Indictment.

Each of us jurors concurring in said verdict signs his/her name hereto on this _____

day of _____, 2024.

Proceed to signature line for Count 27.

_____
FOREPERSON

_____

_____

_____

_____

_____

_____

_____

_____

_____

Date: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL SPIVAK, | ) | COUNT 28 / VERDICT FORM |
| | ) | |
| Defendant. | ) | |

We, the Jury in this case, having been duly impaneled and sworn, find the defendant,

PAUL SPIVAK, _____ (enter in ink "guilty" or "not guilty") of Wire Fraud,

in violation of Title 18, United States Code, Sections 1343, and 2, as charged in Count 28 of the

Second Superseding Indictment.

Each of us jurors concurring in said verdict signs his/her name hereto on this _____

day of _____, 2024.

Proceed to signature line for Count 28.

_____
FOREPERSON

_____

_____

_____

_____

_____

Date: _____

_____

_____

_____

_____

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL SPIVAK, | ) | COUNT 29 / VERDICT FORM |
| | ) | |
| Defendant. | ) | |

We, the Jury in this case, having been duly impaneled and sworn, find the defendant,

PAUL SPIVAK, _____ (enter in ink "guilty" or "not guilty") of Wire Fraud,

in violation of Title 18, United States Code, Sections 1343, and 2, as charged in Count 29 of the

Second Superseding Indictment.

Each of us jurors concurring in said verdict signs his/her name hereto on this _____

day of _____, 2024.

Proceed to signature line for Count 29.

_____          _____
FOREPERSON

_____          _____


_____          _____


_____          _____


_____          _____


_____          _____

Date: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL SPIVAK, | ) | <u>COUNT 30 / VERDICT FORM</u> |
| | ) | |
| Defendant. | ) | |

We, the Jury in this case, having been duly impaneled and sworn, find the defendant,

PAUL SPIVAK, _____ (enter in ink "guilty" or "not guilty") of Wire Fraud,

in violation of Title 18, United States Code, Sections 1343, and 2, as charged in Count 30 of the

Second Superseding Indictment.

Each of us jurors concurring in said verdict signs his/her name hereto on this _____

day of _____, 2024.

Proceed to signature line for Count 30.

_____
FOREPERSON

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Date: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL SPIVAK, | ) | COUNT 31 / VERDICT FORM |
| | ) | |
| Defendant. | ) | |

We, the Jury in this case, having been duly impaneled and sworn, find the defendant,

PAUL SPIVAK, _____ (enter in ink "guilty" or "not guilty") of Wire Fraud,

in violation of Title 18, United States Code, Sections 1343, and 2, as charged in Count 31 of the

Second Superseding Indictment.

Each of us jurors concurring in said verdict signs his/her name hereto on this _____

day of _____, 2024.

Proceed to signature line for Count 31.

_____

FOREPERSON

_____              _____

_____              _____

_____              _____

_____              _____

_____              _____

Date: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL SPIVAK, | ) | <u>COUNT 32 / VERDICT FORM</u> |
| | ) | |
| Defendant. | ) | |

We, the Jury in this case, having been duly impaneled and sworn, find the defendant,

PAUL SPIVAK, _____ (enter in ink "guilty" or "not guilty") of Wire Fraud,

in violation of Title 18, United States Code, Sections 1343, and 2, as charged in Count 32 of the

Second Superseding Indictment.

Each of us jurors concurring in said verdict signs his/her name hereto on this _____

day of _____, 2024.

Proceed to signature line for Count 32.

_____        _____
FOREPERSON

_____        _____


_____        _____


_____        _____


_____        _____


_____        _____

Date: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL SPIVAK, | ) | <u>COUNT 33 / VERDICT FORM</u> |
| | ) | |
| Defendant. | ) | |

We, the Jury in this case, having been duly impaneled and sworn, find the defendant,

PAUL SPIVAK, _____ (enter in ink "guilty" or "not guilty") of Wire Fraud,

in violation of Title 18, United States Code, Sections 1343, and 2, as charged in Count 33 of the

Second Superseding Indictment.

Each of us jurors concurring in said verdict signs his/her name hereto on this _____

day of _____, 2024.

Proceed to signature line for Count 33.

_____          _____
FOREPERSON

_____          _____


_____          _____


_____          _____


_____          _____


_____          _____

Date: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL SPIVAK, | ) | COUNT 34 / VERDICT FORM |
| | ) | |
| Defendant. | ) | |

We, the Jury in this case, having been duly impaneled and sworn, find the defendant,

PAUL SPIVAK, _____ (enter in ink "guilty" or "not guilty") of Wire Fraud,

in violation of Title 18, United States Code, Sections 1343, and 2, as charged in Count 34 of the

Second Superseding Indictment.

Each of us jurors concurring in said verdict signs his/her name hereto on this _____

day of _____, 2024.

Proceed to signature line for Count 34.

_____
FOREPERSON

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Date: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL SPIVAK, | ) | COUNT 35 / VERDICT FORM |
| | ) | |
| Defendant. | ) | |

We, the Jury in this case, having been duly impaneled and sworn, find the defendant,

PAUL SPIVAK, _____ (enter in ink "guilty" or "not guilty") of Wire Fraud,

in violation of Title 18, United States Code, Sections 1343, and 2, as charged in Count 35 of the

Second Superseding Indictment.

Each of us jurors concurring in said verdict signs his/her name hereto on this _____

day of _____, 2024.

Proceed to signature line for Count 35.

_____          _____
FOREPERSON

_____          _____


_____          _____


_____          _____


_____          _____


_____          _____

Date: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL SPIVAK, | ) | COUNT 36 / VERDICT FORM |
| | ) | |
| Defendant. | ) | |

We, the Jury in this case, having been duly impaneled and sworn, find the defendant,

PAUL SPIVAK, _____ (enter in ink "guilty" or "not guilty") of Wire Fraud,

in violation of Title 18, United States Code, Sections 1343, and 2, as charged in Count 36 of the

Second Superseding Indictment.

Each of us jurors concurring in said verdict signs his/her name hereto on this _____

day of _____, 2024.

Proceed to signature line for Count 36.

_____

FOREPERSON

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

Date: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL SPIVAK, | ) | <u>COUNT 37 / VERDICT FORM</u> |
| | ) | |
| Defendant. | ) | |

We, the Jury in this case, having been duly impaneled and sworn, find the defendant,

PAUL SPIVAK, _____ (enter in ink "guilty" or "not guilty") of Wire Fraud,

in violation of Title 18, United States Code, Sections 1343, and 2, as charged in Count 37 of the

Second Superseding Indictment.

Each of us jurors concurring in said verdict signs his/her name hereto on this _____

day of _____, 2024.

Proceed to signature line for Count 37.

_____

FOREPERSON

_____                    _____

_____                    _____

_____                    _____

_____                    _____

_____                    _____

Date: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL SPIVAK, | ) | <u>COUNT 38 / VERDICT FORM</u> |
| | ) | |
| Defendant. | ) | |

We, the Jury in this case, having been duly impaneled and sworn, find the defendant,

PAUL SPIVAK, _____ (enter in ink "guilty" or "not guilty") of Wire Fraud,

in violation of Title 18, United States Code, Sections 1343, and 2, as charged in Count 38 of the

Second Superseding Indictment.

Each of us jurors concurring in said verdict signs his/her name hereto on this _____

day of _____, 2024.

Proceed to signature line for Count 38.


_____          _____
FOREPERSON

_____          _____


_____          _____


_____          _____


_____          _____


_____          _____

Date: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL SPIVAK, | ) | <u>COUNT 39 / VERDICT FORM</u> |
| | ) | |
| Defendant. | ) | |

We, the Jury in this case, having been duly impaneled and sworn, find the defendant,

PAUL SPIVAK, _____ (enter in ink "guilty" or "not guilty") of Wire Fraud,

in violation of Title 18, United States Code, Sections 1343, and 2, as charged in Count 39 of the

Second Superseding Indictment.

Each of us jurors concurring in said verdict signs his/her name hereto on this _____

day of _____, 2024.

Proceed to signature line for Count 39.

_____        _____
FOREPERSON

_____        _____


_____        _____


_____        _____


_____        _____


_____        _____

Date: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL SPIVAK, | ) | <u>COUNT 40 / VERDICT FORM</u> |
| | ) | |
| Defendant. | ) | |

We, the Jury in this case, having been duly impaneled and sworn, find the defendant,

PAUL SPIVAK, _____ (enter in ink "guilty" or "not guilty") of Wire Fraud,

in violation of Title 18, United States Code, Sections 1343, and 2, as charged in Count 40 of the

Second Superseding Indictment.

Each of us jurors concurring in said verdict signs his/her name hereto on this _____

day of _____, 2024.

Proceed to signature line for Count 40.

_____
FOREPERSON

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

Date: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL SPIVAK, | ) | <u>COUNT 41 / VERDICT FORM</u> |
| | ) | |
| Defendant. | ) | |

We, the Jury in this case, having been duly impaneled and sworn, find the defendant,

PAUL SPIVAK, _____ (enter in ink "guilty" or "not guilty") of Wire Fraud,

in violation of Title 18, United States Code, Sections 1343, and 2, as charged in Count 41 of the

Second Superseding Indictment.

Each of us jurors concurring in said verdict signs his/her name hereto on this _____

day of _____, 2024.

Proceed to signature line for Count 41.

_____        _____
FOREPERSON

_____        _____


_____        _____


_____        _____


_____        _____


_____        _____

Date: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL SPIVAK, | ) | <u>COUNT 42 / VERDICT FORM</u> |
| | ) | |
| Defendant. | ) | |

We, the Jury in this case, having been duly impaneled and sworn, find the defendant,

PAUL SPIVAK, _____ (enter in ink "guilty" or "not guilty") of Wire Fraud,

in violation of Title 18, United States Code, Sections 1343, and 2, as charged in Count 42 of the

Second Superseding Indictment.

Each of us jurors concurring in said verdict signs his/her name hereto on this _____

day of _____, 2024.

Proceed to signature line for Count 42.

_____
FOREPERSON

_____

_____

_____

_____

_____

Date: _____

_____

_____

_____

_____

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL SPIVAK, | ) | <u>COUNT 43 / VERDICT FORM</u> |
| | ) | |
| Defendant. | ) | |

We, the Jury in this case, having been duly impaneled and sworn, find the defendant,

PAUL SPIVAK, _____ (enter in ink "guilty" or "not guilty") of Wire Fraud,

in violation of Title 18, United States Code, Sections 1343, and 2, as charged in Count 43 of the

Second Superseding Indictment.

Each of us jurors concurring in said verdict signs his/her name hereto on this _____

day of _____, 2024.

Proceed to signature line for Count 43.

_____
FOREPERSON

_____

_____

_____

_____

_____

Date: _____

_____

_____

_____

_____

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL SPIVAK, | ) | COUNT 44 / VERDICT FORM |
| | ) | |
| Defendant. | ) | |

We, the Jury in this case, having been duly impaneled and sworn, find the defendant,

PAUL SPIVAK, _____ (enter in ink "guilty" or "not guilty") of Wire Fraud,

in violation of Title 18, United States Code, Sections 1343, and 2, as charged in Count 44 of the

Second Superseding Indictment.

Each of us jurors concurring in said verdict signs his/her name hereto on this _____

day of _____, 2024.

Proceed to signature line for Count 44.

_____        _____
FOREPERSON

_____        _____


_____        _____


_____        _____


_____        _____


_____        _____

Date: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL SPIVAK, | ) | <u>COUNT 45 / VERDICT FORM</u> |
| | ) | |
| Defendant. | ) | |

We, the Jury in this case, having been duly impaneled and sworn, find the defendant,

PAUL SPIVAK, _____ (enter in ink "guilty" or "not guilty") of Wire Fraud,

in violation of Title 18, United States Code, Sections 1343, and 2, as charged in Count 45 of the

Second Superseding Indictment.

Each of us jurors concurring in said verdict signs his/her name hereto on this _____

day of _____, 2024.

Proceed to signature line for Count 45.

_____

FOREPERSON

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

Date: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| CHARLES SCOTT, | ) | <u>COUNT 45 / VERDICT FORM</u> |
| | ) | |
| Defendant. | ) | |

We, the Jury in this case, having been duly impaneled and sworn, find the defendant,

CHARLES SCOTT, _____ (enter in ink "guilty" or "not guilty") of Wire

Fraud, in violation of Title 18, United States Code, Sections 1343, and 2, as charged in Count 45

of the Second Superseding Indictment.

Each of us jurors concurring in said verdict signs his/her name hereto on this _____

day of _____, 2024.

Proceed to signature line for Count 45.

_____

FOREPERSON

_____                    _____

_____                    _____

_____                    _____

_____                    _____

_____                    _____

Date: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL SPIVAK, | ) | COUNT 46 / VERDICT FORM |
| | ) | |
| Defendant. | ) | |

We, the Jury in this case, having been duly impaneled and sworn, find the defendant,

PAUL SPIVAK, _____ (enter in ink "guilty" or "not guilty") of Wire Fraud,

in violation of Title 18, United States Code, Sections 1343, and 2, as charged in Count 46 of the

Second Superseding Indictment.

Each of us jurors concurring in said verdict signs his/her name hereto on this _____

day of _____, 2024.

Proceed to signature line for Count 46.

_____
FOREPERSON

_____               _____

_____               _____

_____               _____

_____               _____

_____               _____

_____               _____

Date: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL SPIVAK, | ) | <u>COUNT 47 / VERDICT FORM</u> |
| | ) | |
| Defendant. | ) | |

We, the Jury in this case, having been duly impaneled and sworn, find the defendant,

PAUL SPIVAK, _____ (enter in ink "guilty" or "not guilty") of Wire Fraud,

in violation of Title 18, United States Code, Sections 1343, and 2, as charged in Count 47 of the

Second Superseding Indictment.

Each of us jurors concurring in said verdict signs his/her name hereto on this _____

day of _____, 2024.

Proceed to signature line for Count 47.

_____          _____
FOREPERSON

_____          _____


_____          _____


_____          _____


_____          _____


_____          _____

Date: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| CHARLES SCOTT, | ) | <u>COUNT 47 / VERDICT FORM</u> |
| | ) | |
| Defendant. | ) | |

We, the Jury in this case, having been duly impaneled and sworn, find the defendant,

CHARLES SCOTT, _____ (enter in ink "guilty" or "not guilty") of Wire

Fraud, in violation of Title 18, United States Code, Sections 1343, and 2, as charged in Count 47

of the Second Superseding Indictment.

Each of us jurors concurring in said verdict signs his/her name hereto on this _____

day of _____, 2024.

Proceed to signature line for Count 47.

_____

FOREPERSON

_____

_____

_____

_____

_____

Date: _____

_____

_____

_____

_____

_____

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL SPIVAK, | ) | COUNT 49 / VERDICT FORM |
| | ) | |
| Defendant. | ) | |

We, the Jury in this case, having been duly impaneled and sworn, find the defendant,

PAUL SPIVAK, _____ (enter in ink "guilty" or "not guilty") of False

Declarations Before the Court, in violation of Title 18, United States Code, Section 1623(a), as

charged in Count 49 of the Second Superseding Indictment.

Each of us jurors concurring in said verdict signs his/her name hereto on this _____

day of _____, 2024.

Proceed to signature line for Count 49.

_____          _____
FOREPERSON

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

Date: _____