## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:21-cr-00491 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL SPIVAK, | ) | |
| | ) | |
| OLGA SMIRNOVA, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CHARLES SCOTT, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION AND ORDER

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Defendants Paul Spivak and Olga Smirnova move to exclude the testimony of Peter Melley, an expert the United States proffered.  (ECF No. 354.)

## BACKGROUND

On June 30, 2023, the United States provided an expert disclosure for Mr. Melley, the Director of the Criminal Prosecution Assistance Group the Financial Industry Regulatory Authority (also known as FINRA).  Page two of the disclosure (ECF No. 354-1, PageID #3477), lists, in 17 bullet points, what the United States calls "the sum and substance" of Melley's anticipated testimony (*id.*, PageID #3479).  That list continues onto page 5 of the disclosure.  (*Id.*)  Following the bullet-point list of anticipated testimony, the disclosure contains a paragraph stating that the United

1

States "anticipates that Mr. Melley will provide summary testimony regarding trading in U.S. Lighting Group, Inc. . . . , including USLG's publicly reported trading prices and volumes, USLG blue sheet data, USLG press releases, online promotional campaign materials, and transfer share records that have been produced in discovery." (*Id.*, PageID #3479.)

Defendants argue that the government's expert disclosure fails to disclose the actual opinions that Melley will offer at trial. (ECF No. 354, PageID #3468.)

## PROCEDURAL HISTORY

Before turning to the substance of the motion, the Court addresses two procedural matters that the parties dispute.

First, the parties spar about characterization of the motion as one under Rule 702. However any party might have characterized the motion, any party who referenced Rule 702 in connection with Defendants' motion simply followed the lead of the Court. Shortly after the motion was filed, based only limited review, the Court inaccurately described the motion at a status conference. That is not the fault of any lawyer.

Second, the United States argues that Defendants' motion is untimely. (ECF No. 378, PageID #3700–01.) Defendants bring their motion under Rule 16, and Pretrial Order 3 stated: "If at any time during the course of these proceedings any party fails to comply with Rule 16, such failure shall be brought to the Court's attention by a motion to compel discovery." (ECF No. 184.) However, that order was later suspended (incidentally, shortly after the Melley disclosure at issue) and a new

schedule was set.  (ECF No. 220.)  In short, the procedural history is involved and complicated.  There are many reasons for that, and where fault, if any, lies is not relevant or material to resolution of this dispute.  For several reasons, the timeliness argument is unavailing:

1.     The language on which the United States relies for this argument was intended to bring discovery issues to a close sufficiently in advance of trial to allow for effective preparation.  At the time, the Court and the parties were targeting a trial date in the spring of 2024.  The language of Pretrial Order 3 is consistent with this understanding, and the motion to compel language on which the United States relies does not specifically reference expert disclosures.  (*See* ECF No. 184, PageID #1184.)

2.     The Melley disclosure reserved the right to supplement his anticipated testimony.  (ECF No. 354-1, PageID #3479.)  In the face of that reservation—which, though all lawyers make, the civil and criminal disclosure rules do not really authorize or permit—Defendants could reasonably decide to forestall a motion, particularly since Pretrial Order 3 was suspended.  The United States, rightly, points out that Defendants' motion comes more than a year after the disclosure.  (ECF No. 378, PageID #3700.)  Defendants can make a strategic or tactical decision to delay a motion:  they can seek a more robust disclosure to aid in trial preparation or the greater remedy of exclusion.  It is a risky strategy.  But one available to a defendant.

3.     Pursuant to Rule 16(a)(1)(G)(ii), the Court ultimately set July 12, 2024 as the deadline for expert disclosures in Second Amended Pretrial Order 5.  (ECF

No. 326, PageID #3197.)  That deadline cut off amendment or supplementation of the Melley disclosure, and Defendants filed their motion that same day.

4.      Finally, the law favors resolution of disputes on the merits, not on technicalities or procedural traps.

For all these reasons, the Court overrules the government's objection to the timeliness of the motion and proceeds to the merits under amended Rule 16.

## ANALYSIS

Effective December 1, 2022, Rule 16(a)(1)(G) mandates that the United States make an expert disclosure that includes as relevant here, first, "a complete statement of all opinions that the government will elicit from the witness," Fed. R. Crim. P. 16(a)(1)(G)(iii) (first bullet), and, second, "the bases and reasons for" the opinions, *id.* (second bullet).  The advisory committee note to the amendment makes clear that the first requirement does not require a verbatim recitation of an expert's anticipated testimony.

This amendment was based on Civil Rule 26(a)(2) and largely, but not entirely, imported from civil practice involving expert disclosures.  One important aspect of expert practice in civil cases not included in the amendment to Rule 16 is the self-executing sanction of exclusion for failure to make the required disclosures.  Fed. R. Civ. P. 37(c).  Instead, Rule 16(d)(2) gives the court discretion to fashion an appropriate remedy under the circumstances.

4

## I.     Background or Informational Opinions

Of the 17 bullet points summarizing Melley's testimony, the first 11 and last 2 are definitions and provide helpful background for the jury.  (*See* ECF No. 354-1, PageID #3477–79.)   These bullets provide sufficient notice of the opinions and testimony the United States intends to elicit from Melley on these subjects.

## II.    Opinions on Pump-and-Dump Schemes

The remaining 4 bullet points focus on pump-and-dump schemes and have greater consequence for this trial.  (*See* ECF No. 354-1, PageID #3478–79.)   The first is akin to the 13 just discussed.  This bullet more or less defines pump-and-dump schemes.  (*See id.*, PageID #3478.)   The next three each opine about typical aspects of pump-and-dump schemes:

- Perpetrators of a pump and dump scheme frequently seek to hide their connection to the issuer, the trading activity, and/or the promotional activity through the use of nominee entities or accounts.  For example, perpetrators often hold shares, prior to "dumping" them, in the name of a nominee or shell entity.

- Perpetrators of pump and dump schemes may use convertible debt as a mechanism to obtain shares from the issuer.  In such cases, the convertible debt is frequently purchased, often in the name of a nominee or shell entity, at a low price so that, after conversion, the shares are effectively issued for only a nominal amount per share.  The debt security utilized to effect this scheme is often called a "convertible note."

- Perpetrators of pump and dump schemes sometimes attempt to centralize their control over the issuer by having the issuer undertake a reverse stock split, which consolidates the number of outstanding shares by converting each outstanding share to a fraction of a share.  This would typically be undertaken before the perpetrators obtained additional shares from the issuer, frequently in the name of a nominee or shell entity.  The reverse stock split

5

> lowers the number of shares perpetrators of pump and dump
> schemes need to obtain to have a control stake of an issuer.

(ECF No. 354-1, PageID #3478–79.)   None includes any opinion regarding the Defendants in this case.

These three bullets do not identify any basis for the opinions stated on these topics.  Nor does the disclosure do so elsewhere.  Rule 16 requires disclosure of the bases for opinions to allow for adequate pretrial preparation and evaluation of whether to file a motion under Rule 104 challenging the reliability or methodology of an expert's opinions under Rule 702.  But the Melley disclosure fails to comply with the Rule 16 requirements with respect to these three bullets.

## III.  Summary Testimony and USLG Trading

That leaves the paragraph mentioned earlier, which discloses that Melley will provide summary testimony regarding USLG trading.  That paragraph states:

> In addition, the Government anticipates that Mr. Melley will provide
> summary testimony regarding trading in U.S. Lighting Group, Inc.
> ("USLG"), including USLG's publicly reported trading prices and
> volumes, USLG blue sheet data, USLG press releases, online
> promotional campaign materials, and transfer share records that have
> been produced in discovery.  Mr. Melley's summary testimony will make
> use of certain summary charts and graphics that have not yet been
> prepared but will be provided in a timely fashion in advance of trial and
> Mr. Melley's testimony.

(*Id.*, PageID #3480.)  The United States recently provided the summary charts and graphics referenced in that paragraph (*see* ECF No. 378-2), which provides notice of the summary testimony regarding which Melley will testify.

But even with these charts and graphics, the disclosure fails to state what opinions Melley has or will offer about the USLG trading data.  It does not contain "a

6

complete statement of" what he may or may not conclude based on his knowledge outlined by the 17 bullet-points when applied to the USLG summaries referenced in this paragraph.  Therefore, the disclosure does not comply with Rule 16.

## REMEDY

That leaves the question of the remedy.  Rule 16(d)(2) allows the Court to fashion an appropriate remedy, which could permit additional discovery or inspection, grant a continuance, exclude the evidence, or "enter any other order that is just under the circumstances."  Under the Rule, the Court has broad discretion. *See United States v. Anderson-Bagshaw*, 509 F. App'x 396, 410–11 (6th Cir. 2012).

Defendants seek exclusion of Melley's testimony, specifically asking that "the Court exclude Mr. Melley's testimony and prohibit the Government from offering him as an expert at trial."  (ECF No. 354, PageID #3472.)  While the United States argues that a less severe sanction is proper "such as requiring the government to amend its disclosure," it acknowledges that at this point in time, on the eve of trial, "the government's ability to cure any alleged defects in its disclosure" is "virtually eliminated."  (ECF No. 378, PageID #3700.)  Maintaining that it "provided the most complete initial disclosure it could at the time," and noting that it "served its disclosure one day after the grand jury returned a second superseding indictment" (*id.*, PageID #3702), the United States blames Defendants for these circumstances since they waited to bring the motion.  But the United States has the burden to comply with Rule 16.  And it had the opportunity to amend or supplement the disclosure up to the July 12, 2024 deadline for expert disclosures.  Further, as noted,

Defendants could only know that the United States would not supplement the report as of that deadline, at which time they filed their motion.

Generally, "[t]he district court should impose the least severe sanction necessary . . . to serve remedial objectives," and the "decision is informed by:  (1) the reason for delay; (2) the degree of prejudice; and (3) whether the prejudice can be cured with a less severe sanction."  *United States v. Kechego*, 91 F.4th 845, 854 (6th Cir. 2024) (cleaned up).  With trial set to begin imminently, the record weighs in favor of barring introduction of the evidence not disclosed, specifically Melley's opinions on pump-and-dump schemes (the three bullets quoted and discussed above) and any testimony that goes beyond presenting summaries of the USLG trading data.  The Court considered a lesser remedy, including further disclosure and discovery.  But there is no time before trial to allow Defendants to prepare to meet such testimony, which might take weeks or longer. Under the circumstances, limiting expert opinion in these few areas balances prejudice to the parties and the requirements of the new Rule 16 expert disclosure regime.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion to exclude the testimony of Peter Melley.  (ECF No. 354.)

**SO ORDERED.**

Dated:  August 12, 2024

_____

           J. Philip Calabrese
           United States District Judge
           Northern District of Ohio