# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:21-cr-491 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL SPIVAK | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CHARLES SCOTT, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

To assist the parties in their pretrial preparations, the Court addresses two issues in the trial brief of the United States. First, it asks to have two case agents serve as party representatives at counsel table during trial. The Court **GRANTS** that request for good cause shown. Second, the United States asks to provide the second superseding indictment to the jury to assist in its deliberations. The Court declines to do so. The jury will be instructed that the indictment is not evidence and may not be considered. Providing the second superseding indictment is inconsistent with that instruction. That said, the Court anticipates that the instructions will provide sufficient guidance to the jury and will provide a copy of those instructions to the jury for use in its deliberations.

At the final pretrial conference, the parties disputed whether the United States may use certain summaries under Rule 1006, which the Court has now had a chance

to review.  Based on that review, and the law of evidence, the United States may use the summaries so long as it establishes a proper foundation for each.

Because the parties were unable to agree on a single preliminary statement for the Court to read to prospective jurors in voir dire, the Court provides notice that it will use the following preliminary statement, which it has crafted after considering the parties' competing versions and based on the record.

> Defendant Paul Spivak was the founder and Chief Executive Officer of U.S. Lighting Group, Inc., also referred to as USLG, which was a technology company located in Eastlake, Ohio.  Mr. Spivak owns a substantial number of outstanding restricted and free-trading shares of USLG stock.  Defendant Charles Scott owned a substantial number of outstanding restricted and free-trading shares of USLG stock.
>
> The United States charges that Mr. Spivak and Mr. Scott committed violations of federal law outlined in an indictment.  In this case, the operative indictment is what we call the second superseding indictment.  But we might use those terms interchangeably.
>
> Count 1 and Count 2 allege that Mr. Spivak and Mr. Scott conspired with one another and others to commit securities fraud in connection with the sale of USLG stock by employing schemes to defraud, making materially false statements and omissions, and employing fraudulent and deceitful practices vis-à-vis the investing public, sellers, and purchasers of USLG stock.  Among other things, the government alleges that Mr. Spivak and others arranged to pay inflated and undisclosed commissions to co-conspirators who helped facilitate the sale of the USLG shares then returned part of those proceeds from the sale of stock to Mr. Spivak and USLG. The government also alleges that Mr. Scott and others arranged with Mr. Spivak to hold and sell shares of USLG and then share proceeds of those stock sales with Mr. Spivak and USLG.
>
> The Indictment charges Mr. Spivak in Counts 5 to 12, 18 to 20, and 22 and Mr. Scott in Counts 13 and 20 with substantive counts of securities fraud for participating in a scheme to defraud USLG investors in connection with the purchase and sale of USLG stock.
>
> The Indictment charges Mr. Spivak in Counts 23 through 47 and Mr. Scott in Counts 45 and 47 with wire fraud for participating in a

scheme to defraud USLG investors by means of false and fraudulent representations and omissions.

Finally, Count 49 and Count 50 charge Mr. Spivak with obstruction of justice.

Mr. Spivak and Mr. Scott deny the allegations against them.

**SO ORDERED.**

Dated: August 14, 2024

J. Philip Calabrese
United States District Judge
Northern District of Ohio