IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CASE NO. 1:21-CR-00491 |
| Plaintiff, | ) JUDGE J. PHILIP CALABRESE |
| v. | ) |
| PAUL SPIVAK, et al., | ) |
| Defendants. | ) |

### DEFENDANT PAUL SPIVAK'S MOTION TO ADMIT EVIDENCE OF PRIOR SECURITIES FRAUD BY RICHARD MALLION

Federal Rule of Evidence 609 permits the admission of a criminal conviction to attack a witness's character for truthfulness by evidence of a criminal conviction. However, convictions that are more than 10 years old can only be admitted if the conviction's "probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect," and the proponent of such evidence provides sufficient notice. Fed. R. Evid. 609. Rule 608 allows a party to cross-examine a witness about "specific instances of conduct" "if they are probative of the character for truthfulness or untruthfulness." Fed. R. Evid. 608.

As the government notes in its Trial Brief, expected witness Richard Mallion, is a "securities fraud recidivist." ECF 392, PageID #: 4027. Indeed, Mallion was convicted of securities fraud in 1999, *see United States v. Mallion*, 1-97-cr-00529 (S.D.N.Y.), and he has been sued by the SEC and resolved civil securities fraud lawsuits in 1991, *SEC v. Mallion, et al.,* 91-6644 (S.D.

Fla.), 1996, *SEC v. Mallion, et al.*, 95-6399 (S.D. Fla.), and 2019, *SEC v. Mallion*, 19-62532 (S.D. Fla.).[1]

Pursuant to Rule 608, Defendant Spivak seeks the Court's permission to cross-examine Mallion about the instances in which the SEC filed suits against Mallion alleging securities fraud. Pursuant to Rule 609, Defendant Spivak seeks the Court's permission to cross-examine Mallion about his prior conviction for securities fraud. Because Mallion was sentenced in 1999 and received a sentence of 18 months imprisonment, this conviction is outside of the 10-year window and subject to Rule 609(b).

Although this conviction is more than 10 years old, given that it is the same criminal charge, and given that Mallion was also charged with contempt of court for violating the 1991 injunction from engaging in fraudulent securities transactions, it has significant probative value. Not only to show that Mallion lacks a character for truthfulness, but also that he has been engaged in securities fraud for a long time, without fear of consequence.

In *United States v. Sims*, the court noted the following factors for determining whether to admit a conviction, including: (1) the impeachment value of the prior crime; (2) the point in time of the conviction and the witness' subsequent history; and (3) the similarity between the past crime and the charged crime. 588 F.2d 1145, 1149 (6th Cir. 1978) (citations omitted). All of these factors support admission. Indeed, given that the government is apparently going to introduce that Mallion is a "securities recidivist," it is hard to imagine any prejudice to any of the parties in this case.

For that reason, Defendant Spivak respectfully requests that the Court permit cross-examination of Mallion regarding his prior cases and conviction for securities fraud. Counsel for

---

[1] The final case in this series involves allegations that Mallion engaged in fraudulent conduct with respect to USLG.

Defendant Spivak asked the government to consent to the requested relief, and the government objected.

Dated: August 16, 2024        Respectfully submitted,

/s/ *David L. Axelrod*
David L. Axelrod (Admitted Pro Hac Vice)
Lauren W. Engelmyer (Admitted Pro Hac Vice)
BALLARD SPAHR LLP
1735 Market Street
Philadelphia, PA 19103
Telephone:    215.864.8639
Facsimile:     215.864.8999
Email:            axelrodd@ballardspahr.com
                     engelmyerl@ballardspahr.com

*Attorneys for Defendant Paul Spivak*

## CERTIFICATE OF SERVICE

I hereby certify that on August 16, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *David L. Axelrod*
David L. Axelrod (Admitted *Pro Hac Vice*)
Lauren Engelmyer (Admitted *Pro Hac Vice)*

*Attorneys for Defendant Paul Spivak*