UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:21-cr-00491 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jonathan D. Greenberg |
| PAUL SPIVAK, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CHARLES SCOTT, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

At the final pretrial conference, counsel for Defendant Paul Spivak raised a potential *Brady* issue regarding a recently disclosed recording of an FBI witness interview in 2020.  Based on the representation of defense counsel during the final pretrial conference, a witness told an FBI agent in an interview that USLG was not a fraud and that the conduct at issue was not a pump-and-dump scheme.  Without the actual statement before it, the Court evaluates the issue based on defense counsel's representation of the statement.  This disclosure raises two different but related issues.

First, defense counsel takes issue with the late disclosure of *Brady* material.  Without question, such a statement constitutes *Brady* material, and the United States should have turned it over sooner.  Still, defense counsel received the material more than a week before trial will begin.  And because the statement is relatively

short, Defendants have sufficient time to prepare for cross-examination and otherwise to use the statement. In short, there is no prejudice from the timing of this disclosure. *See United States v. Wilson*, 501 F. App'x 416, 422 (6th Cir. 2012).

Second, defense counsel contends that, had he been provided the recording of this interview earlier, he would have filed a motion to suppress directed at the search (of USLG's offices) conducted pursuant to a warrant obtained based, in part, on the statement of the witness at issue and requested a *Franks* hearing to challenge that warrant. To analyze this issue, the Court requested and reviewed the affidavit supporting the warrant at issue.

"A defendant challenging the validity of a search warrant's affidavit bears a heavy burden." *United States v. Bateman*, 945 F.3d 997, 1008 (6th Cir. 2019). And to receive a *Franks* hearing, a defendant must: (1) "make[] a substantial preliminary showing that the affiant knowingly and intentionally, or with reckless disregard for the truth, included a false statement or material omission in the affidavit"; and (2) "prove[] that the false statement or material omission is necessary to the probable cause finding in the affidavit." *Id.* (citation omitted).

Assuming that omitting the exculpatory statement at issue from the affidavit is material, review of the warrant removing *all* statements from the witness in the affidavit still leaves ample probable cause to support the warrant. The paragraph regarding the interview at issue—Paragraph 48—is only one of over forty probable cause paragraphs—Paragraphs 39 through 79. While the witness interview provided some support for finding probable cause, the rest of the probable cause paragraphs—

including over twenty separate paragraphs discussing conversations with undercover agents and cooperating witnesses—provide independent support for the probable cause finding. In short, the statements of the witness at issue were not necessary to establish probable cause for the search warrant.

For all these reasons, the Court **DENIES** the oral request at the final pretrial conference for leave to brief the issue or hold a *Franks* hearing.

**SO ORDERED.**

Dated: August 16, 2024

J. Philip Calabrese
United States District Judge
Northern District of Ohio