IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL SPIVAK, ET AL., | ) | UNITED STATES' NOTICE OF INTENT TO SUBMIT PHASE TWO EVIDENCE IN PHASE ONE |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

    The United States of America, by and through undersigned counsel, hereby submits this Notice of Intent to Submit Phase Two Evidence In Phase One. The Government submits this Notice pursuant to the Court's August 19, 2024 Order stating that the Court would consider admitting certain Phase Two evidence subject to proffers of specific evidence during trial.

    There are several reasons to admit Phase Two evidence in Phase One. The Government discussed many of those reasons in its Trial Brief (R. 392) and in its Motion In Limine To Allow Introduction Of Phase Two Evidence To Clear Up Misconceptions That The Defense Has Created About The Investigation (R. 426). While the Government's Motion (R. 426) concerned Spivak, since then, Scott has followed Spivak's lead, questioning the lack of electronic communication records from the pertinent time period. Scott has also specifically questioned whether there was actually an arrangement between Scott and Spivak as Forrest Church described it. Evidence from these recordings corroborates Church's and Richard Mallion's account of that arrangement and shows Spivak's and Scott's knowledge of that arrangement and the intent behind it.

As already noted in the recent motion, in addition to questioning the investigation, Spivak multiple times elicited evidence from after the Phase One conspiracy time frame, seeking to question whether Spivak and his co-conspirators had intent to defraud.  Scott has similarly sought to elicit evidence that he had no intent to defraud.  For that reason, and the reasons stated in the Government's Trial Brief (R. 392), the Government continues to believe that all of the evidence cited in the Government's Trial Brief should be admitted pursuant to Federal Rule of Evidence 404(b).  However, if the Court is inclined to admit only a narrower subset of the Phase Two 404(b) evidence, the Government submits that the following exhibits[1] should be admitted.  Each exhibit is a recording either from the undercover operation or from Spivak's jail calls.

| Ex. # | Date | Time / Time stamp | Reasons for Seeking Admission |
|---|---|---|---|
| 432-A | 3/16/2021 | 1:19-3:12 | • In this recording, Spivak describes the arrangement with Church and Scott effectively in the same way as Church described it, with Spivak noting that Scott and Church were "holding on to" the stock for him.<br>• The recording further verifies Church's concerns about having to pay taxes on the profits.<br><br>The defense impeached Forrest Church on his description of the arrangement between Scott and Spivak. |
| 446-A | 5/18/2021 | 50:50-1:04:30 | • In this recording, Spivak acknowledges the auditors will ask for documentation regarding what certain expenses were for, hence why Spivak tells the Government's source – James Dean – they need to draft a fraudulent consulting agreement.  Spivak further admits he will draft the consulting agreement for Dean.<br>• Further, Spivak discusses hiding a commission for sale of stock from an investor.  Specifically, Spivak did not want the investor to discover that Dean became a significant shareholder at the time of his investment. |

---

[1] The United States will email Chambers and defense counsel with copies of the transcripts for each of these recordings.

| Ex. # | Date | Time / Time stamp | Reasons for Seeking Admission |
|---|---|---|---|
| | | | The defense cross examined witnesses about the existence of phone records, but Spivak specifically instructs Dean to use FaceTime to prevent anyone from listening in to their conversation.<br><br>Spivak in particular cross-examined witnesses about whether he knew what was being represented to investors.<br><br>Spivak also cross-examined Loesch about the top-line audit numbers being correct; Loesch entered the correct cost, and therefore the defense attempted to establish there was nothing wrong with the audit. This recording shows exactly why they created a fictional consulting agreement—that is, to pass the audit. |
| 453-C | 6/2/2021 | 7:42-9:17 | • This recording makes clear Spivak directed the practice of modifying amounts to be paid as commissions to avoid an exact "mathematical formula" between investor dollars and commissions paid.<br><br>Spivak has suggested in questioning witnesses, particularly Loesch, that the amounts paid out on invoices are correct, and suggested the invoices correspond to services provided. This recording makes clear that Spivak knew and intended that the compensation numbers should be adjusted to avoid specific round number percentages. |
| 503; 506 | 6/10/2021 | 14:00; 15:57 | • In these calls, Spivak instructs Olga Smirnova and A.C. to ensure that only certain of his computers would be found and to stage the house in anticipation of the FBI's search.<br>• During these calls, Spivak developed a code of describing electronic devices as "guns" because he knew the FBI was coming to pick up firearms.<br>• Spivak also states he is worried about the "Richard Mallion stuff."<br>• Spivak specifically tells Smirnova that the item he is discussing is from the "Richard Mallion days."<br><br>Both Defendants questioned why there are not more electronic communication records. This recording is one |

3

| Ex. # | Date | Time / Time stamp | Reasons for Seeking Admission |
|---|---|---|---|
| | | | example of Spivak seeking to hide or dispose of electronic communication records.  This is classic consciousness-of-guilt evidence admissible as to the underlying crime under the Circuit's pattern instructions. |

                      Respectfully submitted,

                      REBECCA C. LUTZKO
                      United States Attorney

By:   */s/ Elliot Morrison*
       Elliot Morrison (OH: 0091740)
       Megan R. Miller (OH: 0085522)
       Stephanie A. Wojtasik (OH: 0097858)
       Assistant United States Attorneys
       801 West Superior Avenue, Suite 400
       Cleveland, OH 44113
       (216) 622-3919/3855/3856
       Elliot.Morrison@usdoj.gov
       Megan.R.Miller@usdoj.gov
       Stephanie.Wojtasik@usdoj.gov