IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR491 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL SPIVAK, ET AL., | ) | DEFENDANT SPIVAK PROPOSED |
| | ) | JURY INSTRUCTIONS |
| Defendants. | ) | |

Defendant Paul Spivak respectfully requests that, in addition to the proposed jury instructions filed on August 9, 2024, ECF 390, the Court charge the jury with the following instructions regarding securities and wire fraud. Spivak's counsel shared these proposed instructions with the Government on August 9, 2024, prior to the joint filing, and was told that the Government was incorporating the instructions in the joint filing along with Defendant Spivak's other proposals (noted as "Defense Proposed"). In preparation for the charging conference, Defendant Spivak discovered that the Government did not include these instructions in the joint filing and when asked, the Government represented that they were inadvertently left out. The Government does not object to the inclusion of these instructions as "Defense Proposed," which should have been included in the original filing.

By: /s/ David L. Axelrod
David L. Axelrod (Admitted Pro Hac Vice)
Lauren W. Engelmyer (Admitted Pro Hac Vice)
BALLARD SPAHR LLP
1735 Market Street
Philadelphia, PA 19103
Telephone: 215.864.8639
Facsimile: 215.864.8999
axelrodd@ballardspahr.com
engelmyerl@ballardspahr.com
*Counsel for Defendant Paul Spivak*

## **SECURITIES FRAUD: OMISSION THEORY**

To convict the defendant of securities fraud based on the theory that the defendant "omitted to state a material fact," it is not enough for there simply to be an omission. The securities fraud statutes do not make pure omissions criminal. Rather, the government must prove beyond a reasonable doubt that the defendant omitted a material fact that made other statements made misleading. Actionable omissions cannot exist in a vacuum, and must therefore be pegged to already-made "affirmative assertions." These are often referred to as "half-truths."

In the absence of a half-truth, to convict the defendant of securities fraud based on the theory the defendant "omitted to state a material fact," you must conclude there was a duty to disclose such as that arising from a fiduciary or quasi-fiduciary relationship between the defendant and his or her victim. Where there is no fiduciary duty there can be no liability for an omission because there is no duty to disclose.

Whether a fiduciary relationship exists is a matter of fact for you, the jury, to determine. At the heart of the fiduciary relationship lies reliance and de facto control and dominance. One acts in a fiduciary capacity when the business with which he or she transacts, or the money or property which he or she handles, is not his or her own or for his or her benefit, but for the benefit of another person, as to whom he or she stands in a relation implying and necessitating great confidence and trust on the one part and a high degree of good faith on the other part.

9th Cir. Model Instructions § 9.9, Comments (avail. at https://www.ce9.uscourts.gov/jury-instructions/node/415); *Macquarie Infrastructure Corp. v. Moab Partners, L.P.*, No. 22-1165 (2024); *United States v. Laurienti*, 611 F3d 530, 539 (9th Cir. 2010)

## **UNANIMITY**

       To convict the defendant of securities fraud, all of the jurors must agree that the defendant (a) engaged in a scheme to commit securities fraud; and (b) on the specific scheme to defraud the defendant used.

*United States v. Weiner*, 578 F.2d 757, 788 (9th Cir. 1978) (explaining the distinction between the scheme to defraud, which is the theory of liability under Rule 10b-5, and the means adopted to effectuate the scheme; unanimity is required for the former, but not the latter).

## **WIRE FRAUD – OMISSION THEORY**

      To find the defendant guilty of wire fraud based on the theory that the defendant concealed or omitted to disclose a material fact, you must find that the Government has proved that the defendant had a duty to speak.

      To convict the defendant of wire fraud based on the theory the defendant "omitted to state a material fact," you must conclude there was a duty to disclose such as that arising from a fiduciary or quasi-fiduciary relationship between the defendant and his or her victim. Where there is no fiduciary duty there can be no liability for an omission because there is no duty to disclose.

      Whether a fiduciary relationship exists is a matter of fact for you, the jury, to determine. At the heart of the fiduciary relationship lies reliance and de facto control and dominance. One acts in a fiduciary capacity when the business with which he or she transacts, or the money or property which he or she handles, is not his or her own or for his or her benefit, but for the benefit of another person, as to whom he or she stands in a relation implying and necessitating great confidence and trust on the one part and a high degree of good faith on the other part.

6th Cir. Model § 10.01, Commentary; *United States v. Maddux*, 917 F.3d 437, 443-44 (6th Cir. 2019); *Pasquantino v. United States*, 544 U.S. 349, 357 (2005)

## "MATERIAL" MISREPRESENTATION

      To convict the defendant of wire fraud you must find beyond a reasonable doubt that the defendant made a material misrepresentation. Not every misrepresentation is material. In general, a false statement is material if it has a natural tendency to influence, or is capable of influencing, the decision of the decision making body to which it was addressed.

*Neder v. United States*, 527 U.S. 1, 16 (1999)