1
                       UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF OHIO

2
                          EASTERN DIVISION

3

UNITED STATES OF AMERICA,    ) Case No. 1:21-cr-491-1

4
                         )

             Plaintiff,     )

5
                         )

        vs.             ) Wednesday, September 11, 2024

6
                         ) Cleveland, Ohio

PAUL SPIVAK,              )

7
                         )

            Defendant.     )

8

9
             TRANSCRIPT OF CHANGE OF PLEA PROCEEDINGS
            BEFORE THE HONORABLE J. PHILIP CALABRESE

10
                UNITED STATES DISTRICT JUDGE

11

APPEARANCES:

12

For the Government:     **Elliot D. Morrison, AUSA**

13
                       **Megan R. Miller, AUSA**
                       **Stephanie Wojtasik, AUSA**

14
                       U.S. ATTORNEY'S OFFICE - CLEVELAND
                       801 West Superior Avenue

15
                       Suite 400
                       Cleveland, OH 44113

16
                       216.622.3600

17
For the Defendant:      **David L. Axelrod, Esq.**

                       **Lauren W. Engelmyer, Esq.**

18
                       BALLARD SPAHR LLP
                       1735 Market Street

19
                       51st Floor
                       Philadelphia, PA 19103

20
                       215.665.8500

21
Official Court Reporter:  Gregory S. Mizanin, RDR, CRR
                       United States District Court

22
                       801 West Superior Avenue
                       Court Reporters 7-189

23
                       Cleveland, Ohio 44113
                       216.357.7036

24
                       Gregory_Mizanin@ohnd.uscourts.gov

25
     Proceedings recorded by mechanical stenography; transcript
            produced with computer-aided transcription.

```
 1                    WEDNESDAY, SEPTEMBER 11, 2024

 2                           -  -  -

 3           (Proceedings commenced at 9:54 a.m.)

 4                           -  -  -

 5           THE COURT:  Good morning.

 6      We're on the record, Case Number 1:21-cr-491-1, the

 7  United States of America versus Paul Spivak.

 8      Counsel, will you please state your appearance for the

 9  record.

10           MR. MORRISON:  Good morning, Your Honor.

11      AUSA Elliot Morrison on behalf of the United States.

12      And, for the record, here with me is AUSA Megan Miller

13  and AUSA Steph Wojtasik.

14      Also with the government, of course, there's Special

15  Agents Anthony Fry and Catherine Broomfield.

16           THE COURT:  Counsel.

17           MR. AXELROD:  Yes, Your Honor.

18      David Axelrod and Lauren Engelmyer on behalf of Paul

19  Spivak.

20           THE COURT:  I'll note that Mr. Spivak is

21  present in the courtroom with us as well.

22      And we were scheduled to begin the second phase of

23  trial this morning, but I understand instead there might be

24  an opportunity for a change of plea, is that correct?

25           MR. AXELROD:  That's correct, Your Honor.
```

1        Given the outcome of Phase 1 with Mr. Spivak, we've

2    reached an agreement with the government that has certain

3    agreements limited in nature, but the upshot is is that

4    Mr. Spivak's going to plead guilty to the counts associated

5    with Phase 2, and the government is going to dismiss the

6    counts associated with Phase 3.

7                THE COURT:  Before we proceed further today,

8    Mr. Spivak, the Court will place you under oath and ask you

9    a number of questions to ensure that your plea is valid.  Do

10    you understand that?

11                THE DEFENDANT:  Yes.

12                THE COURT:  Do you understand that you -- you

13    can remain seated.

14        Do you understand that you must answer my questions

15    fully and truthfully?

16                THE DEFENDANT:  Yes, Your Honor.

17                THE COURT:  Will you please stand.

18        Raise your right hand.

19        Do you solemnly swear that the answers to the

20    questions about to be put to you will be the truth, the

21    whole truth, and nothing but the truth, and this you do as

22    you shall answer onto God?

23                THE DEFENDANT:  Yes, sir.

24                THE COURT:  Thank you.

25        Please be seated.

1          Do you understand that you are now under oath, and if

2    you give a false answer to any of my questions, you may be

3    charged with perjury or making a false statement?

4                    THE DEFENDANT:  Yes, sir.

5                    THE COURT:  And I'll just confirm for the

6    record that you're Paul Spivak, the defendant who is charged

7    in this case?

8                    THE DEFENDANT:  Yes, sir.

9                    THE COURT:  If for any reason you do not

10   understand a question that I ask, perhaps the sound system

11   cuts out or you don't hear the question or you just don't

12   understand it for some reason, will you let me know?

13                    THE DEFENDANT:  Yes, sir.

14                    THE COURT:  If you have any questions at any

15   time throughout these proceedings, I'm happy to give you the

16   opportunity to speak to your counsel.  If you need to speak

17   with your lawyers, will you let me know?

18                    THE DEFENDANT:  Yes, sir.

19                    THE COURT:  As I indicated, my understanding

20   is that you intend to plead guilty this morning, is that

21   correct?

22                    THE DEFENDANT:  Yes, sir.

23                    THE COURT:  Are you entering into this plea

24   voluntarily?

25                    THE DEFENDANT:  Yes, sir.

1               THE COURT:  So I have reviewed the plea

2      agreement before taking the bench; and my understanding

3      based on that review, consistent with what Mr. Axelrod said,

4      is that Mr. Spivak has entered into an agreement with the

5      United States to plead guilty to Count 2, the Conspiracy to

6      Commit Securities Fraud, in violation of 18 U.S.C.,

7      Section 371; to Counts 20 and 21, Securities Fraud, in

8      violation of 15 U.S.C., Section 78j(b); and Counts 44

9      through 47, Wire Fraud, in violation of Section 1343.

10          And at the time of sentencing, the United States

11     intends to move to dismiss Counts 48, 49, and 50.  One of

12     them is not presently pending, but I suppose could be

13     brought again in the future.

14          So that's my understanding of the agreement.  Do I

15     have all that correct?

16               MR. MORRISON:  That's correct, Your Honor.

17               MR. AXELROD:  Yes, Your Honor.

18          And I guess it's worth putting on the record, too,

19     that there's nothing in here that binds either party from

20     arguing other facts associated with either of the counts

21     that are being pled to or the counts that were tried to the

22     jury.

23               THE COURT:  Yes.  I did see that in the

24     agreement as well.

25          Mr. Spivak, will you please state your full name for

1    the record.

2                    THE DEFENDANT:  Paul Spivak.

3                    THE COURT:  And how old are you, sir?

4                    THE DEFENDANT:  65.

5                    THE COURT:  How far did you go in school?

6                    THE DEFENDANT:  I have an associate's degree

7    in electronics technology, and I studied some other courses

8    after that.

9                    THE COURT:  The record from the trial I think

10   makes clear, but I'll just confirm, you have the ability to

11   read and write?

12                   THE DEFENDANT:  Yes.

13                   THE COURT:  Are you a veteran?  Have you

14   served in the military?

15                   THE DEFENDANT:  Yes.

16                   THE COURT:  Within the last 24 hours have you

17   consumed any drugs, alcohol, or medication?

18                   THE DEFENDANT:  No.

19                   THE COURT:  During the last 24 hours have you

20   failed to take medication that you're supposed to take?

21                   THE DEFENDANT:  No.

22                   THE COURT:  Are you suffering from any mental

23   or physical disability?

24                   THE DEFENDANT:  No.

25                   THE COURT:  Are you thinking clearly here

1   today?

2            THE DEFENDANT:  Obviously I did some things

3   that accidentally got me in trouble, so -- I mean, everybody

4   thinks I'm nuts.  But I guess the legal answer is no.  I'm

5   not under any drugs or anything like that.

6            THE COURT:  And are you thinking clearly

7   today?

8       Perhaps a little nervous, but other than that?

9            THE DEFENDANT:  Other than that, yes.

10           THE COURT:  Counsel, do you have any concerns

11  about your client's competency?

12           MR. AXELROD:  I do not.

13           THE COURT:  Mr. Spivak, you have certain

14  rights which the Constitution and laws of the United States

15  secure.  I'm about to advise you of those rights.  Again, if

16  you have any questions, will you let me know?

17           THE DEFENDANT:  Yes, sir.

18           THE COURT:  Do you understand that you are

19  presumed innocent, and that by entering a plea of guilty to

20  these charges, that you admit to the truth of the facts and

21  to your full guilt?

22           THE DEFENDANT:  Yes, sir.

23           THE COURT:  Do you understand that you have

24  the right to maintain your plea of not guilty and to proceed

25  to trial on these charges?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  Do you understand that you have

3    the right to a trial at which the United States must prove

4    your guilt either to a jury or, with the government's

5    consent, to the Court without a jury?  You understand that?

6          THE DEFENDANT:  Yes, sir.

7          THE COURT:  Do you understand that you're

8    giving up that right?

9          THE DEFENDANT:  Can you say that again,

10   please?

11         THE COURT:  You understand that you're giving

12   up that right to a trial?

13         THE DEFENDANT:  Yes, sir.

14         THE COURT:  Do you understand that you have

15   the right to a trial by jury consisting of 12 persons?

16         THE DEFENDANT:  Yes.

17         THE COURT:  And that the verdict of the jury

18   must be unanimous?

19         THE DEFENDANT:  Yes, sir.

20         THE COURT:  Do you understand that at trial,

21   the United States has the obligation to prove your guilt

22   beyond a reasonable doubt as to each element of each offense

23   with which you are charged?

24         THE DEFENDANT:  Yes, sir.

25         THE COURT:  At trial, the United States must

1    prove your guilt with proper evidence, and your lawyer may

2    object and offer evidence on your behalf.  Do you understand

3    that?

4                    THE DEFENDANT:  Yes, sir.

5                    THE COURT:  Do you understand that you do not

6    have to prove your innocence?

7                    THE DEFENDANT:  Yes, sir.

8                    THE COURT:  Do you understand that your

9    attorney has the right to cross-examine or question any

10   witness who testifies against you at trial?

11                   THE DEFENDANT:  Yes, sir.

12                   THE COURT:  Do you understand that you have

13   the right to compel the attendance of witnesses at trial?

14                   THE DEFENDANT:  Yes, sir.

15                   THE COURT:  Do you understand that you have a

16   right not to incriminate yourself?

17                   THE DEFENDANT:  Yes, sir.

18                   THE COURT:  And that by pleading guilty,

19   you're giving up that right, meaning that you will have to

20   acknowledge your guilt?

21                   THE DEFENDANT:  Yes, sir.

22                   THE COURT:  Do you understand that you cannot

23   be forced to testify against yourself at trial?

24                   THE DEFENDANT:  Yes, sir.

25                   THE COURT:  If you choose not to testify at

1    trial, your silence cannot be used against you in an effort

2    to prove your guilt, do you understand that?

3                    THE DEFENDANT:  Yes, sir.

4                    THE COURT:  Do you understand that you could

5    choose to testify at trial if you wanted to do so?

6                    THE DEFENDANT:  Yes, sir.

7                    THE COURT:  Do you understand that you have

8    the right to counsel at trial and at every other stage of

9    the proceedings; and if you cannot afford a lawyer, one will

10   be provided for you at no cost to you?

11                   THE DEFENDANT:  Yes, sir.

12                   THE COURT:  Do you understand that if you went

13   to trial and you were convicted, you would have the right to

14   appeal, and a lawyer would be appointed to represent you on

15   appeal?

16                   THE DEFENDANT:  Yes, sir.

17                   THE COURT:  Do you understand that if you

18   plead guilty, you're waiving and giving up all of these

19   important constitutional rights?

20                   THE DEFENDANT:  Yes, sir.

21                   THE COURT:  Do you understand these rights?

22                   THE DEFENDANT:  Yes, sir.

23                   THE COURT:  Do you have any questions about

24   them?

25                   THE DEFENDANT:  No, sir.

1          THE COURT:  If you plead guilty to these

2    charges, there will be no trial, you will waive your right

3    to a trial on them, and I will sentence you on the basis of

4    your guilty plea.  Do you understand that?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  Do you still wish to waive these

7    rights and plead guilty?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  Have you had enough time to speak

10   with your lawyer and consider his advice?

11         THE DEFENDANT:  Yes, sir.

12         THE COURT:  Have you told your lawyer

13   everything you know about your case?

14         THE DEFENDANT:  It would take a lifetime.

15      So I guess the proper answer would be yes, sir.

16         THE COURT:  Are you satisfied with the

17   representation you've received from your lawyer, Mr. Axelrod

18   and Ms. Engelmyer?

19         THE DEFENDANT:  Yes, sir.

20         THE COURT:  Have you discussed the sentencing

21   guidelines with your lawyers?

22         THE DEFENDANT:  Yes, sir.

23         THE COURT:  Under the sentencing guidelines,

24   the Court will establish an offense level based on the

25   seriousness of the offense and a criminal history category

1   based on your prior criminal record.

2        The offense level and criminal history category will

3   then be used to determine an advisory guideline range.  That

4   guideline range will then be considered in determining a

5   reasonable sentence.  Do you understand that?

6                    THE DEFENDANT:  Yes, sir.

7                    THE COURT:  In determining the offense level,

8   I will take into account all facts related to your criminal

9   conduct; this may include matters that the United States did

10  not charge in the crimes to which you're pleading guilty.

11  Do you understand that?

12                   THE DEFENDANT:  Yes, sir.

13                   THE COURT:  Do you understand that the Court

14  is not bound by any stipulation of facts between you and the

15  government; and the Court may, with the aid of the

16  presentence report, determine the facts relevant to

17  sentencing?

18                   THE DEFENDANT:  Yes, sir.

19                   THE COURT:  Once the guideline range has been

20  established, the guidelines provide that if the case is

21  extraordinary in particular ways, the judge may adjust the

22  original guideline range and impose a sentence within that

23  adjusted range.  This is sometimes referred to as a

24  departure from the guidelines.  Do you understand that?

25                   THE DEFENDANT:  Yes, sir.

1          THE COURT:  In addition, the sentencing

2     guidelines are advisory.  The Court is only required to

3     consider them along with a number of other factors set out

4     in federal law to arrive at a reasonable sentence.  If the

5     Court decides that a reasonable sentence lies outside the

6     advisory guideline system, this is called a variance from

7     the guidelines.  Do you understand that?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  Do you understand that the Court

10    will not be able to determine the advisory guideline range

11    for your case until after a presentence investigation and

12    report has been completed?

13         THE DEFENDANT:  Yes, sir.

14         THE COURT:  Do you understand that you and

15    your lawyer will have the opportunity to challenge the

16    reported facts and the application of the guidelines

17    recommended in the presentence investigation report?

18         THE DEFENDANT:  Yes, sir.

19         THE COURT:  The United States will be able to

20    do that, too.  Do you understand that?

21         THE DEFENDANT:  Yes, sir.

22         THE COURT:  Do you understand that while your

23    attorney may have used his experience to predict what

24    sentence you might receive, any such advice is nothing more

25    than your attorney's best estimate as to what your sentence

1    might be?

2                    THE DEFENDANT:  Yes, sir.

3                    THE COURT:  Do you understand that your

4    attorney's estimate is not binding on the Court?

5                    THE DEFENDANT:  Yes, sir.

6                    THE COURT:  Do you understand that the

7    sentence ultimately imposed might differ from any estimate

8    your attorney may have given you?

9                    THE DEFENDANT:  Yes, sir.

10                   THE COURT:  And that the sentence imposed lies

11   within the discretion of the Court?

12                   THE DEFENDANT:  Yes, sir.

13                   THE COURT:  Although the Court is not bound by

14   the guidelines, we know statistically that most sentences

15   still fall within or near the advisory guideline range;

16   therefore, it's a very important determination in the

17   sentencing process.  Do you understand that?

18                   THE DEFENDANT:  Yes, sir.

19                   THE COURT:  In the federal courts there is no

20   parole.  If imprisonment is ordered in your case, you will

21   serve the entire sentence ordered by the Court reduced only

22   by good time credit you may earn while incarcerated, which

23   may not exceed one-sixth of your total sentence imposed.  Do

24   you understand that?

25                   THE DEFENDANT:  Yes, sir.

1          THE COURT:  After you complete your prison

2     sentence, you'll be placed on supervised release for a

3     number of years.  During that period of time you'll be

4     required to comply with conditions imposed by the Court and

5     the probation office.  If you fail to do so, you will be

6     sentenced to a further term of incarceration.  Do you

7     understand that?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  If probation is an option at

10    sentencing, you could receive up to five years of probation

11    but not less than one year.  Do you understand that?

12         THE DEFENDANT:  Yes, sir.

13         THE COURT:  If placed on probation, you will

14    have to comply with the rules and regulations of the

15    probation office, and failure to do so will result in

16    additional penalties including potentially time in jail or

17    prison.  Do you understand that?

18         THE DEFENDANT:  Yes, sir.

19         THE COURT:  Do you understand that even if the

20    Court can place you on probation, it may or may not do so?

21         THE DEFENDANT:  Yes, sir.

22         THE COURT:  Have you received a copy of the

23    second superseding indictment?

24         THE DEFENDANT:  Yes, sir.

25         THE COURT:  And you've read it?

1              THE DEFENDANT:  Yes, sir.

2              THE COURT:  And you've gone over the charges

3    with your attorneys?

4              THE DEFENDANT:  Yes, sir.

5              THE COURT:  Counsel, do you wish to waive

6    reading of the relevant portions of the second superseding

7    indictment?

8              MR. AXELROD:  Yes, Your Honor.

9              THE COURT:  Mr. Spivak, do you wish to waive

10   reading?

11             THE DEFENDANT:  Yes, sir.

12             THE COURT:  Mr. Morrison, would you just

13   please briefly summarize those charges and state the maximum

14   penalties available for them.

15             MR. MORRISON:  Yes, Your Honor.

16        The defendant is charged in this -- in the counts to

17   which he's pleading guilty here in Count 2 with Conspiracy

18   to Commit Securities Fraud in violation of 18 U.S.C.,

19   Section 371, which is subject to a term of imprisonment of

20   up to five years and up to three years in supervised release

21   and a maximum fine of $250,000.

22        Each of the counts to which he's pleading carries a

23   maximum alternative fine of twice the gross pecuniary gain

24   or gross pecuniary loss.  Each of the counts to which he's

25   pleading also carries a mandatory special assessment of

1     $100.

2          And if it's okay with the Court, I'll omit that for

3     the next two types of crimes.

4          In addition, as to Counts 20 and 22, he's charged with

5     Securities Fraud, in violation of 15 U.S.C., Section 78j(b),

6     which carries a maximum term of imprisonment of 20 years and

7     a maximum fine of up to $5 million as well as a potential

8     for three years of supervised release.

9          Finally, in Counts 44 through 47, the defendant is

10    charged with committing Wire Fraud, in violation of 18

11    U.S.C., Section 1343, which is subject to up to 20 years of

12    imprisonment, up to a $250,000 fine, and the same maximum

13    three-year period of supervised release.

14                   THE COURT:  Mr. Spivak, do you understand

15    those charges?

16                   THE DEFENDANT:  Yes, sir.

17                   THE COURT:  Do you understand the maximum

18    penalties for each charge?

19                   THE DEFENDANT:  Yes, sir.

20                   THE COURT:  Do you understand that if the

21    Court accepts your pleas of guilty, it can impose those

22    maximum penalties?

23                   THE DEFENDANT:  Yes, sir.

24                   THE COURT:  Do you understand that violations

25    of the terms of supervised release may result in

1    imprisonment beyond the statutory maximums just stated for

2    the offenses to which you are expected to plead guilty?

3                    THE DEFENDANT:  Yes, sir.

4                    THE COURT:  Do you understand that your

5    sentences for each count could run consecutive to one

6    another?

7                    THE DEFENDANT:  Yes, sir.

8                    THE COURT:  Do you understand that the Court

9    may order you to pay restitution to any victim in this case?

10                   THE DEFENDANT:  Yes, sir.

11                   THE COURT:  Do you understand that the Court

12   may order you to provide notice of your conviction to

13   victims of the offense?

14                   THE DEFENDANT:  Yes, sir.

15                   THE COURT:  Do you have any other state or

16   federal charges pending against you?

17                   THE DEFENDANT:  No, sir.

18                   THE COURT:  Other than this case, in any

19   jurisdiction are you currently on probation, supervised

20   release, community control sanctions, parole, or

21   post-release control?

22                   THE DEFENDANT:  Not at all, sir.

23                   THE COURT:  Do you understand that you're

24   pleading guilty to offenses which are felonies; therefore,

25   you'll be deprived of certain rights including the right to

1    vote for a time, the right to hold public office, the right

2    to serve on a jury, and the right to possess any kind of

3    firearm?  Do you understand all of that?

4                    THE DEFENDANT:  Yes, sir.

5                    THE COURT:  Do you have any occupational or

6    professional license?

7                    THE DEFENDANT:  No, sir.

8                    THE COURT:  Do you understand that the Court

9    may order you to pay the cost of prosecution and sentence

10   including but not limited to imprisonment, community

11   confinement, home detention, probation, or supervised

12   release?

13                   THE DEFENDANT:  Yes, sir.

14                   THE COURT:  Mr. Morrison, will you just please

15   briefly state the elements of the offenses.

16        I think we're all familiar with them from the jury

17   instructions, but still worth stating them briefly and

18   stating -- I know there's a factual basis for these

19   particular counts appended to the plea agreement, but if you

20   would just briefly summarize the factual basis for these

21   charges.

22                   MR. MORRISON:  Yes, Your Honor.

23        And so, as you indicated, obviously the defendant has

24   listened to the Court read a much longer version of this, so

25   this is just by way of summary.

1       The elements of Conspiracy to Commit Securities Fraud

2 are:

3       1:  Two or more persons conspired or agreed to commit

4 securities fraud.

5       2:  Defendant knowingly and voluntarily joined that

6 conspiracy.

7       And 3:  A member of the conspiracy did one of the

8 overt acts described in the indictment which occurred within

9 the five-year statute of limitations for conspiracy for the

10 purpose of advancing or helping the conspiracy.

11       Next, Securities Fraud.

12       First element:  Defendant knowingly either employed

13 any device, scheme, or artifice to defraud; or made any

14 untrue statement of material fact; or omitted to state a

15 material fact necessary in order to make the statements made

16 in light of the circumstances under which they were made not

17 misleading; or engaged in a transaction, practice, or course

18 of business which operated or would operate as a fraud and

19 deceit on any person.

20       Second:  Defendant did so in connection with the

21 purchase or sale of the securities.

22       3:  In connection with this purchase or sale,

23 Defendant made use of or caused the use of any means or

24 instrumentality of interstate commerce; or of the mails; or

25 of any facility of any national securities exchange.

1        And 4:  Defendant acted with intent to defraud.

2        Finally, Wire Fraud.

3        First element:  Defendant knowingly participated in or

4   devised or intended to devise a scheme to defraud in order

5   to obtain money or property as charged.

6        2:  The scheme to defraud included a material

7   misrepresentation or concealment of a material fact.

8        3:  Defendant had the intent to defraud.

9        And 4:  In advancing or furthering or carrying out the

10  scheme to defraud, in order to obtain money or property,

11  Defendant transmitted or caused the transmission of any

12  writing, signal, or sound by means of a wire, radio, or

13  television communication in interstate commerce.

14       Turning to the factual basis, which as the Court

15  recognized, you know, the defendant here has initialed each

16  page, which as stated on the signature page indicates his

17  agreement to each paragraph after discussing it with his

18  attorney, so I do not intend to read all of this.

19       In sum and substance, the defendant between February

20  and June of 2021 conspired and agreed with Charles Scott,

21  Forrest Church, and others to commit the offense of

22  Securities Fraud specifically using means and

23  instrumentalities of interstate commerce, including

24  telephones and the mail, to employ manipulative and

25  deceptive devices and contrivances in connection with the

1    purchase and sale of securities -- specifically here, USLG

2    stock -- and specifically by seeking to obtain investor

3    monies while paying undisclosed commissions in order to

4    enrich the conspirators.

5         Some of the details of the conspiracy are spelled out

6    in paragraph 3.

7         And as well as an overt act, I'll note that the

8    defendant also admitted as to the substantive counts of

9    Securities Fraud that in furtherance of that conspiracy and

10   acting knowingly and willfully in the manner that I just

11   described, and acting with intent to defraud, that is

12   seeking investor monies through the fraud, and in order to

13   enrich the co-conspirators did the following.

14        First, for Count 20, he caused the confidential human

15   source to purchase 25,000 shares of USLG stock from Charles

16   Scott on or about April 1, 2021.

17        Second, for Count 22, he caused the confidential human

18   source to purchase 25,000 shares of USLG stock from Forrest

19   Church on or about April 16, 2021.

20        Next, for Wire Fraud, the defendant also knowingly

21   participated in the scheme to defraud that's described here

22   in order to obtain money by means of material

23   misrepresentations and omissions and, while acting with

24   intent to defraud, caused the following interstate wire

25   transmissions.

1        First, for Count 44, on or about March 26, 2021, he

2    caused the confidential human source to purchase 25,000

3    shares of USLG stock from Forrest Church.

4        Second, for Count 45, on or about April 1st, 2021, he

5    caused the confidential human source to purchase 25,000

6    shares of USLG stock from Charles Scott.

7        Third, for Count 46, with respect to -- on or about

8    April 2nd, 2021, he caused Forrest Church to send $15,000 to

9    USLG's bank account.

10        Finally, in Count 47, he caused Charles Scott to

11    forward $15,000 to USLG's bank account on or about April 5th

12    of 2021.

13        And -- I apologize -- there's a misstatement here.

14    Where it says, "25,000 shares," it should say, "Purchased

15    100,000 shares for $25,000." As the Court's aware, this was

16    a little bit of a rush job this morning.

17                MR. AXELROD: No objection to fixing the...

18                THE COURT: All right. Thank you.

19    Mr. Spivak, do you agree with the prosecutor's summary

20    of what you did?

21                THE DEFENDANT: Yes, sir.

22                THE COURT: Are you pleading guilty because

23    you are in fact guilty?

24                THE DEFENDANT: Can you repeat that, please?

25                THE COURT: Are you pleading guilty because

```
1     you are in fact guilty?

2                   THE DEFENDANT:  Yes, sir.

3                   THE COURT:  Are you pleading guilty of your

4     own free will?

5                   THE DEFENDANT:  Yes, sir.

6                   THE COURT:  Has anyone threatened you or

7     anyone else to enter a plea of guilty?

8                   THE DEFENDANT:  No, sir.  Not at all.

9                   THE COURT:  As indicated earlier, I have

10    reviewed the plea agreement; we've had some discussion about

11    it.

12         Mr. Spivak, when I review the agreement, I see a

13    signature on page 10 -- I'm sorry -- page 9.  That's your

14    signature in your handwriting there above your name?

15                  THE DEFENDANT:  Yes, sir.

16                  THE COURT:  Before signing the plea agreement,

17    you had the opportunity to read it?

18                  THE DEFENDANT:  Yes, sir.

19                  THE COURT:  You made sure you understood it?

20                  THE DEFENDANT:  Yes, sir.

21                  THE COURT:  You had the opportunity to ask

22    your attorneys any questions you might have?

23                  THE DEFENDANT:  Yes, sir.

24                  THE COURT:  And on the lower right-hand corner

25    of each page, including the attachment, there's a line for
```

1      "Defendant's initials."  Those are your initials in your

2      handwriting on each page?

3                      THE DEFENDANT:  Yes, sir.

4                      THE COURT:  And before initialling each page,

5      you made sure you read and understood each provision on each

6      page?

7                      THE DEFENDANT:  Yes, sir.

8                      THE COURT:  And had the opportunity to ask

9      your attorneys any questions you might have?

10                     THE DEFENDANT:  Yes, sir.

11                     THE COURT:  Counsel, did you wish to waive

12     reading of the plea agreement?

13                     MR. AXELROD:  Yes, Your Honor.

14                     THE COURT:  Mr. Spivak, did you wish to waive

15     reading of the plea agreement?

16                     THE DEFENDANT:  Yes, sir.

17                     THE COURT:  Mr. Morrison, is there any

18     provision of the agreement we've not already covered that

19     you wanted to make a record about?

20                     MR. MORRISON:  No, Your Honor.

21          Just briefly, Your Honor, there's no specific

22     agreement about how much restitution will be ordered; only

23     that the defendant understands that restitution will be

24     ordered and is mandatory pursuant to 18 U.S.C.,

25     Section 3663(a).  I don't think we covered that.

1          And obviously the amounts subject to dispute.

2                    THE COURT:  Fair enough.

3          Mr. Spivak, if you plead guilty today, the Court will

4    examine the presentence report and decide whether or not to

5    accept the plea agreement.  If the Court rejects your plea

6    agreement and its provision that certain counts be

7    dismissed, the Court will so notify you at the time of

8    sentencing and give you the opportunity to withdraw your

9    pleas of guilty.  Do you understand that?

10                   THE DEFENDANT:  Yes, sir.

11                   MR. MORRISON:  I'm sorry.

12         Just so I understand, he will have the opportunity to

13   withdraw his pleas of guilty?

14                   THE COURT:  This is a (c)(1)(A) agreement,

15   right?

16                   MR. MORRISON:  Not a (c)(1)(C) agreement, in

17   other words.

18                   THE COURT:  No.  It's a (c)(1)(A).

19                   MR. MORRISON:  Yes.

20                   THE COURT:  So under (c)(1)(A) I'm required to

21   review the plea agreement -- I'm sorry -- I'm required to

22   presentence report before accepting the plea agreement.

23                   MR. MORRISON:  Okay.

24                   THE COURT:  That's all I'm saying is I need to

25   review the plea agreement.

1         Let me start over.  I need one more cup of coffee.

2         I need to review the presentence report before I can

3    formally accept the plea agreement.  I have a pretty good

4    idea based on the offense conduct, but that's not -- there

5    will be other information in there certainly.

6         I mean, I don't mind saying, having sat through the

7    first phase of the trial -- I appreciate that these are

8    different charges with different evidence and so forth, I

9    have a very difficult time in this case seeing a world in

10   which I would not accept the plea agreement based on what I

11   anticipate will be in the presentence report.  But I do,

12   Mr. Spivak, have to advise you that that is a theoretical

13   possibility; and in that world I would so advise you at

14   sentencing, and you would have the opportunity to withdraw

15   your pleas there.  You understand that?

16                THE DEFENDANT:  Yes, sir.  I do.

17                THE COURT:  Has anyone made any promise or

18   assurance other than those made in the plea agreement that

19   induced you to plead guilty?

20                THE DEFENDANT:  No, sir.

21                THE COURT:  Has anyone offered you any side

22   deal if you plead guilty or promised you anything special

23   for your plea?

24                THE DEFENDANT:  No, sir.

25                THE COURT:  Counsel, has the Court complied

1    with Criminal Rule 11?

2                    MR. MORRISON:  Yes, Your Honor.

3                    MR. AXELROD:  Yes, Your Honor.

4                    THE COURT:  And, Mr. Axelrod, are you

5    satisfied that your client will enter a plea knowingly,

6    voluntarily, and intelligently?

7                    MR. AXELROD:  Yes, I am.

8                    THE COURT:  Let the record reflect that the

9    Court is satisfied that Mr. Spivak has been informed of his

10   constitutional rights, that he understands the nature of the

11   charges, the effect of a plea, and the maximum penalties

12   which may be imposed.

13        Further, the Court finds that Mr. Spivak's pleas will

14   be made knowingly, intelligently, and voluntarily, and that

15   he's competent to enter a plea today.

16        Mr. Spivak, understanding all that I've laid out, how

17   do you plead to Count 2 of the second superseding

18   indictment?

19                    THE DEFENDANT:  Guilty.

20                    THE COURT:  How do you plead to Count 20?

21                    THE DEFENDANT:  Guilty.

22                    THE COURT:  How do you plead to Count 22?

23                    THE DEFENDANT:  Guilty.

24                    THE COURT:  How do you plead to Count 44?

25                    THE DEFENDANT:  Guilty.

1          THE COURT:  How do you plead to Count 45?

2          THE DEFENDANT:  Guilty.

3          THE COURT:  How do you plead to Count 46?

4          THE DEFENDANT:  Guilty.

5          THE COURT:  How do you plead to Count 47?

6          THE DEFENDANT:  Guilty.

7          THE COURT:  As part of your plea, you

8    understand that you agree to pay restitution according to

9    law in an amount to be determined at future proceedings?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  The Court accepts your pleas and

12   makes findings of guilt as to Counts 2, 20, 22, 44, 45, 46,

13   and 47 of the second superseding indictment.

14          Further, the Court finds that the pleas are supported

15   by an independent basis in fact containing all of the

16   essential elements of the offenses.

17          This matter is referred to the probation office for a

18   presentence investigation and report in accordance with the

19   local rules.

20          Mr. Spivak, you will have the opportunity to examine

21   the report and to file any objections you may have to it.

22   Under Criminal Rule 32, any objections must be made in

23   writing within 14 days after that report is first made

24   available.  Failure to file objections is a waiver of the

25   right to object.

1          The Court will schedule a sentencing hearing.  If

2     counsel intend to submit sentencing memoranda or any

3     documents, evidence, or other information that you wish to

4     have considered at sentencing, I ask that you submit all of

5     those materials at least 14 days in advance of sentencing.

6          If there is a more complicated issue to deal with at

7     sentencing, a particular enhancement, a more involved

8     objection, perhaps one that requires factual resolution or

9     certainly if we end up in career offender territory -- I

10    don't think we will, but it tends to crop up -- if we end up

11    in the categorical approach for any reason, as soon as you

12    become aware of that, let me know, and we will make

13    arrangements to handle that appropriately.

14         The other thing I would say is that my very strong

15    preference -- if you all agree -- otherwise, I'd prefer to

16    handle the restitution as part of the sentencing and just

17    deal with it all at one time.  I think that's probably more

18    easier and more efficient for everyone.  But if you disagree

19    with that, you know, we can take that up later as well.

20         Any other issues we should address while we're

21    together this morning?

22              MR. MORRISON:  No, Your Honor.

23              MR. AXELROD:  No, Your Honor.  Thank you.

24              THE COURT:  Mr. Spivak, I'll continue your

25    pretrial release on the terms previously set based on your

1   conduct for the bulk of the time while you were on

2   supervision.

3        Since there's nothing further, we will stand

4   adjourned.  Thank you.

5             (Proceedings concluded at 10:26 a.m.)

6

7

8                    **C E R T I F I C A T E**

9        I certify that the foregoing is a correct transcript

10  of the record of proceedings in the above-entitled matter

11  prepared from my stenotype notes.

12            */s/ Gregory S. Mizanin*        *October 31, 2024*
             GREGORY S. MIZANIN, RDR, CRR              DATE
13

14

15

16

17

18

19

20

21

22

23

24

25