IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 1:21-cr-491 |
| v. ) | |
| ) | |
| PAUL SPIVAK, ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE IN OPPOSITION TO SPIVAK'S MOTION TO WITHDRAW HIS GUILTY PLEA AND REQUEST FOR A HEARING ON THE MOTION**

Undersigned counsel respectfully offers this brief reply to the Government's Response in Opposition to Paul Spivak's motion to withdraw his guilty plea. For the reasons argued in the initial motion and now in this reply, counsel asks this Court to allow Paul Spivak to withdraw his guilty plea and proceed to trial on his Phase 2 and Phase 3 counts. Respectfully, Paul Spivak has provided fair and just reasons for allowing him to do so. Fed. R. Crim. P. 32(d).[1]

---

[1] To clarify the Government's assertion that "Counsel also indicated the intent to file an affidavit to provide the Court some evidence," Doc. 527, p. 6, PageID# 10252, respectfully, that does not accurately represent the content of counsel's communications with the government. On December 2, 2024, the AUSA indicated to counsel that "normally in this district, motions that are based in whole or in part on a defendant claiming to have maintained his innocence are accompanied by an affidavit to that effect…". Undersigned counsel then requested, on December 3, 2024, the AUSA point counsel to any local rule that required that, since counsel could not find any requirement for an affidavit in a motion to withdraw a guilty plea after conducting legal research on the issue. The AUSA later that day said he was not aware of a rule "but it's just always what I've seen in situations like this." Candidly, counsel did consider obtaining an affidavit from her client on this issue but decided against it for two reasons: 1) First, it does not appear legally necessary given counsel's research on the issue of withdrawing guilty pleas since the factors for granting a motion to withdraw a guilty plea are sufficiently laid out in several cases, none of which require an affidavit, and 2) if the Court believes it necessary to hear directly from Paul Spivak on this issue, it can order a hearing on the motion at which point Paul Spivak can testify, and this Court can better assess his credibility. To be clear, counsel did not commit to submitting an affidavit and then just did not do it, which is how counsel understood the Government's remark on this issue.

**The *Bashara*[2] Factors**

The Government argues that the 82 days it took to file the motion is a reason to reject it. Doc. 527, p. 7, PageID#10253. In a case of this complexity, the time frame in which it took for a motion of this nature to be filed should be assessed in context. In prior counsel's motion to withdraw from this case, counsel represented to the Court that "[o]n September 16, 2024, following the conclusion of the trial in this case, Defendant Spivak notified David Axelrod and Lauren Engelmyer that he had retained new counsel to represent him in the above-captioned matter. Mr. Spivak's new attorney, Elizabeth Franklin-Best entered her appearance on October 16, 2024." Doc. 486, PageID#9205. Spivak reached out to counsel immediately after his guilty plea on September 11, 2024, seeking new counsel. Counsel agreed to represent Mr. Spivak and consulted the local rules about being admitted in the Northern District of Ohio. The rules indicate there is a preference for counsel to be admitted in the district and counsel promptly prepared and filed the appropriate paperwork to be admitted. Counsel's admission date into the Northern District of Ohio bar is October 10, 2024. Shortly thereafter counsel entered her appearance. Meanwhile, counsel also expended considerable time getting up to speed on a complex case—a three-week trial with co-defendants. Counsel needed, consistent with her legal and ethical obligations, to assure herself there was a good-faith basis upon which to file this motion. This was not a simple drug case where a motion to withdraw a guilty plea understandably could be filed within a shorter time frame. To the extent this factor weighs against Paul Spivak, it should appropriately be weighed against counsel as Spivak wanted to withdraw his guilty plea immediately, but counsel required additional

---

[2] *United States v. Bashara*, 27 F.3d 1174 (6th Cir. 1994).

2

time to familiarize herself with the record. Respectfully, the delay between entering the guilty plea and the motion to withdraw it is appropriate given the complexity of this case.

As for Spivak's claims of innocence. Again, this factor should be assessed within the unique context of this case. After a three-week trial, Paul Spivak was *acquitted* of nearly all counts against him. For the entire pendency of the litigation, up until the day he was convicted of three counts, he had consistently maintained his innocence of these charges. The *only time* Paul Spivak has asserted something other than his innocence, was during a plea hearing, immediately after his three-week trial. The Government acknowledges the "years of pretrial litigation" in this case, Doc. 527, p. 2, PageID#10248. This Court should consider that during these "years," Paul Spivak steadfastly maintained his innocence and balance that against his momentary decision to enter a guilty plea.

The Government suggests that Paul Spivak's prior "experience with the criminal justice system," Doc. 527, p. 11, Page ID#10257, in part, "eliminate[s] any doubt" that he hastily entered his guilty plea. To be clear, this "criminal record" the Government refers to consists of a 1985 disorderly conduct for which he paid a fine, a 1997, simple assault for which records do not even exist, and a 1992 criminal mischief which was dismissed. The most recent of these charges is nearly 30 years old. To suggest that Paul Spivak has some intimate understanding of the federal criminal justice system lacks any basis in fact. Paul Spivak is an incredibly talented and intelligent entrepreneur, but that does not mean he has a deep understanding of the complexities of federal criminal law. But, more importantly, as *Alexander*[3] makes clear, a motion to withdraw is a remedy

---

[3] *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991), *cert denied*, 502 U.S. 1117 (1992).

for those who entered a "hastily entered plea made with unsure heart and confused mind to be undone…" and that does not require that a defendant have no intelligence, or understanding of the federal criminal system, at all.

As for the Government's claim that it would be prejudiced by allowing Paul Spivak to withdraw his guilty plea. There is no question but that it would be inconvenient for the Government to have to try Paul Spivak for the Phase 2 and Phase 3 counts. But it is always inconvenient for the Government to have to try cases that do not resolve by way of guilty pleas. But this is what they do. The Government has awesome power and authority to deprive citizens of their liberty and saddle them with collateral consequences that may extend for the rest of their lives. But the right to a jury trial is the cornerstone of our criminal justice system and is a fundamental safeguard enshrined in the Sixth Amendment of the Federal Constitution. A jury trial is an extraordinary piece of our Constitutional fabric, and doubts should always be resolved in favor of protecting that right.

> The right to jury trial guaranteed by the Sixth and Fourteenth Amendments "is a fundamental right, essential for preventing miscarriages of justice and for assuring that fair trials are provided for all defendants." *Duncan v. Louisiana*, 391 U.S. 145, 158, 88 S.Ct. 1444, 1452, 20 L.Ed.2d 491 (1968). Trial by jury in serious criminal cases has long been regarded as an indispensable protection against the possibility of governmental oppression; the history of the jury's development demonstrates "a long tradition attaching great importance to the concept of relying on a body of one's peers to determine guilt or innocence as a safeguard against arbitrary law enforcement." *Williams v. Florida*, 399 U.S. 78, 87, 90 S.Ct. 1893, 1899, 26 L.Ed.2d 446 (1970). "Given this purpose, the essential feature of a jury obviously lies in the interposition between the accused and his accuser of the commonsense judgment of a group of laymen, and in the community participation and shared responsibility that results from that group's determination of guilt or innocence." *Id.*, at 100, 90 S.Ct., at 1906.

*Brown v. Louisiana*, 447 U.S. 323 (1980).

4

The Government will not be unduly burdened by having to do what it is obliged to do, attempting to prove, to a jury of his peers and beyond a reasonable doubt, that Paul Spivak is guilty of the crimes for which the Government indicted him.

### REQUEST FOR AN EVIDENTIARY HEARING

To the extent the Court believes additional information is required other than an assessment of the *Bashara* factors, as the Government appears to assert in its response, Paul Spivak is prepared to testify as to his claims of ineffective assistance of counsel on the part of prior counsel and perceived prosecutorial misconduct and how those factors contributed to his decision to enter a guilty plea.  Counsel therefore asks the Court to schedule an evidentiary hearing so the Court may take his testimony and assess his credibility on the issue.

### CONCLUSION

Paul Spivak has moved with all due speed to have this guilty plea undone.  After a three-week trial and his acquittal of 29 counts, and with Phase 2 slated to begin the next day, he momentarily surrendered to expediency and entered a guilty plea.  His plea was hastily entered with an unsure heart and confused mind, and he wishes to proceed to trial.  Respectfully, he has provided fair and just reasons to allow the withdrawal of the guilty plea, and he asks this Court to allow him to do so.  To the extent the Court believes additional evidence is needed to adequately assess his claim, counsel respectfully asks the Court to order an evidentiary hearing on the motion so Paul Spivak can testify under oath regarding his decision to enter his guilty plea.

                                        Respectfully submitted,

                                        /s/ Elizabeth Franklin-Best
Elizabeth Franklin-Best, P.C.
3710 Landmark Drive, Suite 113
Columbia, South Carolina 29204
(803) 445-1333
elizabeth@franklinbestlaw.com

Counsel for Paul Spivak

January 22, 2025