IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 1:21-cr-491 |
| v. | ) |
| | ) |
| PAUL SPIVAK, | ) |
|     Defendant. | ) |
| | ) |

**REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO SPIVAK'S MOTION TO HOLD PROCEEDINGS IN ABEYANCE**

The Government makes much ado about there not being an appellate court opinion addressing whether a court should stay or hold in abeyance a case while the United States Supreme Court considers an issue of material significance to a case under the Court's consideration. That is not at all surprising because that is not the sort of thing that is appealed so one would not expect to see any decisions on the matter. But this is the sort of request that is granted all the time, no doubt due to concerns of judicial efficiency and courts wanting to make proper decisions based on the best information available.[1] In just the past two years, counsel has had appeals

---

[1] For example, counsel and the Government agreed to hold a federal appeal in abeyance to request certification on particular question from the South Carolina Supreme Court, which was granted. The decision ultimately benefited the defendant, and the Government requested the defendant's resentencing. *United States v. Patrick Clemons*, Case No. 22-4152 (8:21-cr-00167-1).

stayed at least three times to allow courts of precedent to issue rulings that may impact a particular case percolating in the lower courts. At some point, there will be additional briefing on the matter. It makes sense to allow this Court an opportunity to consider the parties' arguments in the first instance before requesting the Sixth Circuit entertain the arguments on direct appeal, especially since these issues may potentially impact all the defendants who have yet to be sentenced in this case. To be clear, counsel is not arguing that this court *must* grant the motion; it is certainly well within this Court's discretion to either stay or not stay the case. But given the complexity of this case, counsel respectfully suggests that if there is more guidance to be had before final decisions are rendered, it is worth a brief delay in sentencing to receive that additional guidance. There has already been oral argument in the *Kousisis* case; this is not a case that is languishing on a docket somewhere. And importantly, no party is prejudiced by the brief delay this request involves, especially after nearly 4 years of litigation.

---

Undersigned counsel also agreed to a stay at the request of the Government for the D.C. Circuit Court of Appeals to issue its opinion in *United States v. Sargent*, No. 23-3005 (D.C. Cir.). Once that opinion was issued, the parties filed additional briefing addressing its significance to the defendant's case. *United States v. Phipps*, No. 23-3142 (D.C. Cir.). Counsel and the Government also agreed to hold another case in abeyance pending a decision from the United States Supreme Court in *Fischer v. United States*, No. 23-5572 that impacted defendant's case. *United States v. Elmer Stewart Rhodes*, No. 23-3089 (D.C. Cir.).

Also, there appear to be two other petitions currently filed in the United States Supreme Court that may very well have significance for this Court's resolution of the restitution issues in this case. First, *Shah v. United States*, Docket No. 24-25, which has now been distributed for conference twice, presents the following issue: Whether the Sixth Amendment reserves to juries the determination of any fact underlying a criminal restitution order. And secondly, *Rimlawi v. United States*, Docket No. 24-23, which presents the following pertinent question: Whether, under *Apprendi v. New Jersey*,[2] the facts underlying a restitution award must be proved to, and found by, a jury beyond a reasonable doubt (and, in federal cases, charged in a grand jury indictment). This case has now also been distributed for conference on two occasions. Counsel only brings these cases to the Court's attention because counsel may request to be allowed to raise an additional objection at a sentencing proceeding after additional research into the issue.

## CONCLUSION

Counsel respectfully asks this Court to stay these proceedings pending the United States Supreme Court's decision in *Kousisis* and then allow counsel an opportunity to make any additional arguments that may be necessary. There is at least a reasonable probability that the case will have some significance, or offer

---

[2] *Apprendi v. New Jersey,* 530 U.S. 466 (2000).

additional clarification, regarding the Government's theory of culpability in this case which is an issue that counsel intends to raise on appeal. There is no reason to believe granting this motion will cause any party to suffer any prejudice, and the interests of judicial economy are advanced by granting the motion.

        Respectfully submitted,

        /s/ Elizabeth Franklin-Best
        Elizabeth Franklin-Best, P.C.
        3710 Landmark Drive, Suite 113
        Columbia, South Carolina 29204
        (803) 445-1333
        elizabeth@franklinbestlaw.com