# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 1:21-cr-00491 |
| ) | |
| Plaintiff, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | Magistrate Judge |
| ) | Jonathan D. Greenberg |
| PAUL SPIVAK, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## OPINION AND ORDER

In an Opinion and Order dated February 12, 2025, the Court denied Defendant Paul Spivak's post-trial motion for a judgment of acquittal or, in the alternative, a new trial. (ECF No. 540.) In that same ruling, the Court denied Mr. Spivak's motion to withdraw his guilty plea and to hold sentencing in abeyance. Defendant seeks reconsideration of that ruling. (ECF No. 555.)

## ANALYSIS

Neither the Federal Rules of Criminal Procedure nor the Federal Rules of Civil Procedure formally provide for reconsideration. "The Sixth Circuit applies the standard put forth in Federal Rule of Civil Procedure 59(e) to motions for reconsideration in criminal cases." *United States v. Pippins*, No. 2:21-cr-66, 2023 WL 1991147, at *1 (S.D. Ohio Feb. 6, 2023) (citing *United States v. Correa-Gomez*, 328 F.3d 297, 298 (6th Cir. 2003)). And the reasons for altering or amending a judgment under Rule 59 or obtaining relief from a judgment under Rule 60 generally delineate the circumstances under which a court will grant reconsideration.

Justifying reconsideration requires a moving party to: (1) demonstrate an intervening change in the controlling law; (2) establish that new evidence is available; or (3) prove that a clear error occurred or reconsideration is necessary to prevent manifest injustice. *See Louisville/Jefferson Cnty. Metro. Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009). A district court retains the discretion to entertain such a motion. *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 n.7 (6th Cir. 2004). "Clear error arises most commonly from either misapplication of law or an intervening change in controlling precedent." *Desai v. Geico Cas. Co.*, 541 F. Supp. 3d 817, 824 (N.D. Ohio 2021).

Defendant bases his motion for reconsideration on (1) a lawsuit that Olga Smirnova, the wife of Paul Spivak and a co-defendant in this criminal case whom the Court has already sentenced, recently brought against counsel for Forrest Church, a co-defendant in this case who testified against Mr. Spivak; (2) arguments about certain authorities discussed in the ruling on Defendant's post-trial motion; and (3) a single sentence taken out of context from the Court's ruling. Additionally, Defendant argues that the Court failed to appreciate the hastiness of his guilty plea to the Count 2 conspiracy and its related substantive charges. Each of these issues presents a matter previously available to Defendant or that he actually argued. Disagreement with the Court's ruling is not a proper basis for a motion for reconsideration. None involves an intervening change in the law or new evidence. Nonetheless, the Court addresses the grounds for reconsideration Defendant advances, briefly, under two headings.

## I. Clear Error or Manifest Injustice

No issue Defendant identifies in his motion for reconsideration shows a clear error or a manifest injustice.

*First*, Ms. Smirnova's lawsuit against counsel for Mr. Church is based on events dating to the investigation and early days of this criminal case, before the grand jury returned the superseding indictment, which first named Ms. Smirnova and Mr. Church as Defendants. Whatever the nature of the discussions at that time between Mr. Spivak and lawyers at the firm that ended up representing Mr. Church, whether routine client interviews of potential counsel or more substantive communications that might have established an attorney-client relationship or created a conflict, Mr. Spivak knew these facts throughout the life of this case and, certainly, when he filed his post-trial motion. To the extent Mr. Spivak had any genuine concern about the representation of Mr. Church, he had ample opportunity to raise that issue for years *before* this case proceeded to trial. And he was not shy about raising issues. That is not a criticism of him or his counsel. It is to say, however, that Mr. Spivak chose not to raise that issue until the eve of sentencing. He bears the consequences of that strategic decision. This issue does not present a clear error of law or work a manifest injustice. It does not support reconsideration.

*Second*, Defendant disagrees with the Court's analysis of *Ciminelli v. United States*, 598 U.S. 306 (2023), and *United States v. Medeiros*, No. 23-2019, 2023 U.S. App. LEXIS 33535 (10th Cir. Dec. 19, 2023). These disagreements do not provide a basis for reconsideration. Nor does Defendant show clear error or a manifest injustice based on them. To the contrary, Defendant concedes that the Court did not instruct

3

the jury on the right-to-control theory at issue in *Ciminelli*. In any event, on reconsideration of these authorities, the Court stands by its original ruling.

*Third*, Defendant argues that the Court fails to appreciate the pressure he was under when he decided to plead guilty before the start of the second phase of the trial. On the totality of the circumstances, the record does not show that Mr. Spivak made a hasty or involuntary decision to enter guilty pleas. Further, he knew that he could proceed to the next phase of the trial before a jury that returned numerous not guilty verdicts in phase one. Even with the argument Defendant makes in his motion for reconsideration, the Court finds that no fair and just reason supports withdrawal of Mr. Spivak's guilty pleas and that the record shows, instead, a tactical decision to try to put off the day of reckoning at sentencing.

## II. "Inconsistent" Verdicts

Finally, Defendant relies on a single sentence taken out of context from the Court's ruling on his post-trial motion. In that ruling, the Court wrote: "In any event, the jury convicted on two counts of wire fraud—each of which involved Mr. Spivak sending money to Richard Mallion, who ran the call centers to solicit money from investors to maintain the price of USLG's stock." (ECF No. 540, PageID #10372.) In context, this sentence stated the unremarkable fact that the jury found Mr. Spivak guilty of two counts involving financial transactions with Mr. Mallion. Each count involved free-trading shares of USLG stock. If the jury believed the evidence about those two charges (Count 27 and Count 28), and the unanimous verdict shows that it did, that evidence sufficed to support Mr. Spivak's conviction on the conspiracy charge as well. Admittedly, the Court could have unpacked this statement or provided a

4

more fulsome explanation. Because of the parties' familiarity with the voluminous record, the Court did not do so. To avoid any further misunderstanding, the Court undertakes that effort now.

At trial, the evidence supporting the two wire fraud counts on which the jury convicted Mr. Spivak showed that Mr. Mallion, through his company, HSF Investment Services, wired money to US Lighting Group. Although the Court misspoke regarding the direction of the transfer, that detail does not change the material facts or legal conclusions on which the Court denied Defendant's post-trial motion. Like the evidence at trial, the point was not the direction of these transfers but that, pursuant to an agreement, Mr. Spivak and Mr. Mallion exchanged money relating to free-trading shares, which the law precludes. Doing so, the jury found, constituted wire fraud. The verdicts on Count 27 and Count 28 resulted from, among other things, evidence of each wire transfer, Mr. Spivak's text messages and those of others, and the testimony of Mr. Mallion and Mr. Church. That evidence provided sufficient evidence to convict on these charges *and* on the conspiracy charged in Count 1.

In this respect, Defendant's continued fixation on the acquittal on charges involving dealings in *restricted* stock overlooks the fact that the jury unanimously found Mr. Spivak guilty beyond a reasonable doubt of committing wire fraud in connection with *free-trading* shares. Contrary to Defendant's argument (ECF No. 555, PageID #10575), the question is not the price of the free-trading shares at issue in Count 27 and Count 28 but whether the jury found that these transactions

5

constituted part of a conspiracy. It did. Although the Count 1 conspiracy involved both free-trading and restricted stock, the prosecution did *not* rely on the restricted stock to prove its case with respect to the free-trading side. Nor did the free-trading scheme depend on dealings in restricted shares. Therefore, the verdict is not inconsistent, and the acquittals do not require vacating the judgment of conviction on Count 1, Count 27, or Count 28, or granting a new trial. As the Court previously noted, "the conspiracy went beyond restricted stock and commissions." (ECF No. 540, PageID #10371.) Moreover, for the reasons the Court already stated (*id.*, PageID #10382–84), the verdict on Count 1 (and on Count 27 and Count 28 for that matter) is not against the manifest weight of the evidence either.

## CONCLUSION

For all these reasons, the Court **DENIES** Defendant's motion for reconsideration.

**SO ORDERED.**

Dated: March 21, 2025

J. Philip Calabrese
United States District Judge
Northern District of Ohio

6